IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOBIND SINGH, M.D., Ph.D. | ) | |
| | ) | |
| v. | ) | NO. 3:17-0400 |
| | ) | Chief Judge Crenshaw |
| VANDERBILT UNIVERSITY | ) | Magistrate Judge Holmes |
| MEDICAL CENTER and | ) | |
| VANDERBILT UNIVERSITY | ) | |

**To: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

**REPORT AND RECOMMENDATION**

Based on the following report, the undersigned Magistrate Judge respectfully recommends that Defendants' motion to dismiss (Docket No. 27) be GRANTED, and this case be dismissed with prejudice.

This case has been pending since March 1, 2017. Docket No. 1. From the inception of the case, Plaintiff has been represented by Bryan Pieper and Tracey Kinslow as co-counsel. *Id*. The discovery schedule provided for in the Initial Case Management Order set a discovery completion deadline of February 28, 2018. Docket No. 10 at ¶ G. This is the deadline agreed to and proposed by the parties. *See* Proposed Initial Case Management Order, Docket No. 8 at ¶ G. Following a telephonic status and case management conference on December 7, 2017, the deadline for completing depositions was extended to March 30, 2018, in order to accommodate Plaintiff's overdue discovery responses prior to the taking of his deposition. *See* Order at Docket No. 16. Various other case management deadlines were extended as well. *Id*.

On March 23, 2018, Plaintiff filed a motion to further extend the deposition deadline and the deadlines for Plaintiff's disclosure of experts, as well as the dispositive motion deadline. Docket No. 18. The stated reason for the needed extension was that Plaintiff's counsel, Bryan Pieper, who had been primarily responsible for discovery had undergone a series of medical issues and treatments, which interfered with his handling of the case. *Id*. at 2. In the motion, Plaintiff's counsel stated that it was his understanding that Mr. Pieper had attempted to send Plaintiff's discovery responses to Defendants' counsel. *Id*. By order entered on March 30, 2018, the Court granted Plaintiff's request to extend the time for depositions and dispositive motions, with an admonition to Plaintiff's counsel, Mr. Kinslow, of the Court's expectation that he would assume primary responsibility for the case as lead counsel and not rely on Mr. Pieper as co-counsel for any case management or trial preparation. Docket No. 19. In that same order, because of the proximity of the trial date, the Court also put counsel on notice that no further extensions of the case management deadlines would be "granted absent a showing of extraordinary and unanticipated circumstances." *Id*. at 2.

On May 31, 2018, Defendants filed a motion to further extend the dispositive motion deadline, reciting that, not only had Plaintiff still failed to respond to written discovery propounded on January 22, 2018, he had also failed to agree to any of the multiple possible deposition dates offered by Defendants. Docket No. 21. Given Plaintiff's failure to make any responses to written discovery for more than three months after the response time required by discovery rules, despite his counsel having indicated in March of 2018 that discovery responses had been prepared, the Court allowed Plaintiff one last opportunity to remedy his tardy and uncooperative participation in discovery by setting a June 18, 2018 deadline for full and complete written discovery responses.

*See* Order entered June 12, 2018, Docket No. 22 at 1.[1] Plaintiff was expressly notified in the June 12 order that his failure to fully and completely respond to outstanding written discovery by this deadline would result in a recommendation to the District Judge for dismissal of this case. *Id*. at 1-2. Plaintiff was also directed to appear for a deposition as noticed by Defendants for any time between June 22, 2018, and July 3, 2018. *Id*. at 2. The dispositive motion deadline was reset for July 3, 2018 (*id*.), which is the last date to which the deadline could be extended and still comply with the requirement of local rules for at least 90 days between the last dispositive motion briefing deadline and the October 23, 2018 trial date. Plaintiff was again put on notice that failure to appear for his deposition as noticed would result in a recommendation for dismissal of this case. *Id*. By report filed on June 20, 2018, Defendants notified the Court that Plaintiff failed to provide any discovery responses by the June 18 deadline. Docket No. 23. The notice further stated that Plaintiff's deposition was noticed for June 29, 2018. *Id*.

Upon the request of the parties, a telephonic status and discovery conference was held on June 28, 2018, to address Plaintiff's request to reset his deposition from the June 29 noticed date due to a scheduling conflict. Because Plaintiff was undisputedly still noncompliant with the Court's order to provide discovery responses by June 18, and more importantly, because of the July 3 dispositive motion deadline, for which no further extension was possible, the Court denied Plaintiff's request. In the order denying Plaintiff's request, the Court stated that

> [w]hile the Court is not unsympathetic to Plaintiff's scheduling conflict, this is a dilemma of Plaintiff's own making. There was plenty of time in the discovery schedule (including extensions requested by Plaintiff) for Plaintiff's deposition. As the case currently stands, there is an October 23, 2018 trial date and no time prior to that for any further accommodation of Plaintiff's delay in discovery and other management of this case. Plaintiff and his counsel were put on notice in the Court's order of March 30, 2018 of the expectation that they would properly attend to

---

[1] By order entered on May 24, 2017, trial was set for October 23, 2018. Docket No. 11.

management of this case and would comply with deadlines. *See* Docket No. 19 at
1-2. That expectation appears to have gone unheeded.

Docket No. 24 at 2.

By letter dated June 28, 2018, Plaintiff submitted a *pro se* letter to the Court offering his explanation of the circumstances of the progression—or lack of progression—of this case. Docket No. 25. Based on that communication, Mr. Kinslow moved to withdraw as counsel for Plaintiff. Docket No. 30. By order entered separately, Mr. Kinslow's motion is granted, and Bryan Pieper remains as counsel of record for Plaintiff.

On July 3, 2018, Defendants filed a motion to dismiss or, in the alternative, for summary judgment, with accompanying exhibits, statement of undisputed facts, and memorandum of law. *See* Docket Nos. 27-29. In their motion, Defendants seek dismissal under Rules 37 and 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to participate in discovery and to follow the Court's orders.

For the reasons discussed below, the undersigned Magistrate Judge respectfully recommends that Defendants' motion to dismiss be granted, not only under Rules 37 and 41(b), but also under Rule 16(f), and that this case be dismissed with prejudice.

**STANDARD AND ANALYSIS**

Rule 41(b) grants a court the power to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See also Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Similarly, Rule 37 provides that a court may dismiss the action if the plaintiff, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(ii),

37(d)(3). Rule 16(f)(1) provides for corresponding relief, namely that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets, including dismissal of cases. The power to invoke this sanction and dismiss a plaintiff's action with prejudice for failure to prosecute is, "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, reh'g denied, 371 U.S. 873 (1962).

Dismissal is warranted in this case under any of or any combination of Rule 16(f)(1), Rule 37(b) and Rule 41(b), or the Court's inherent powers, because of Plaintiff's failure to comply with the specific directives regarding discovery. In determining the scope of the sanction, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault," (2) whether the adversary has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted).

Plaintiff was given multiple opportunities to attend to discovery obligations, including informal extensions by Defendants' counsel and extended deadlines set by the Court. The October trial date has been in place for more than a year, the original discovery deadline in February came and went without attention by Plaintiff, as did extended deadlines. Ultimately, there was no more

5

time within which Plaintiff's lack of diligence to completing discovery could be accommodated. At a minimum, Plaintiff recklessly disregarded that his failure to timely participate in discovery was thwarting progression of the case. For all of these reasons, the Court finds that Plaintiff willfully, in bad faith, or with fault failed to cooperate in discovery.

Undisputedly, Defendants have been prejudiced. Defendants have expended resources not only in informally accommodating Plaintiff's lack of timely cooperation in discovery, but in seeking the Court's intervention. As stated in Defendants' motion to dismiss, even with only slightly more than three months until the trial date, "Defendants do not know what facts, documents or witnesses Plaintiff alleges support his claims." Docket No. 29 at 7. Plaintiff's conduct has severely, and prejudicially, hampered Defendants' ability to prepare their defense.

Plaintiff was warned that dismissal would be recommended if he failed to comply with the Court's June 12 order to fully and completely respond to discovery and to appear for his deposition as noticed. Even prior to that, Plaintiff was allowed substantial leeway by Defendants in responding to discovery, and was granted several extensions by the Court, which he simply ignored. As already stated, while the Court is not unsympathetic to the exigencies of the final discovery deadlines, including of Plaintiff's deposition, those circumstances are ones that Plaintiff brought on himself. The discovery period proposed by the parties, and approved by the Court, including the several extensions given, was more than sufficient. The deadlines only became pressing became Plaintiff failed to attend to discovery in a timely manner. For these reasons, the Court finds that no lesser sanction is appropriate. Nevertheless, Defendants' motion to dismiss and this report and recommendation provide Plaintiff with yet another opportunity to demonstrate that his noncompliance is insufficiently egregious to warrant dismissal. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Defendant's motion to dismiss be granted, and this case be dismissed with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. The objections shall not exceed 25 pages. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections must file a response, which shall not exceed 25 pages, within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge