IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOBIND SINGH, M.D., Ph.D. | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-0400 |
| | ) | Crenshaw/Holmes |
| VANDERBILT UNIVERSITY | ) | |
| MEDICAL CENTER and | ) | |
| VANDERBILT UNIVERSITY | ) | |

**TO:**   The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

**REVISED REPORT AND RECOMMENDATION**

Based on the following report, the undersigned Magistrate Judge respectfully recommends that Defendants' motion to dismiss or in the alternative for summary judgment (Docket No. 27) be DENIED without prejudice to refiling, if appropriate, based on further developments in this case.

The Court presumes familiarity with this case, and therefore dispenses with a recitation of the facts except as needed to provide context to this report and recommendation.  Plaintiff's perceived inattentiveness to discovery and other case management is well documented in prior orders (*see e.g.* Docket Nos. 19, 22, 24, and 42) and the Court's prior report and recommendation (Docket No. 35). Ultimately, this lack of attention resulted in Defendants' pending motion.  Based on the circumstances known to the Court at the time, by prior report and recommendation (Docket No. 35), the undersigned recommended dismissal of Plaintiff's claims under any of or any combination of Rule 16(f)(1), Rule 37(b), or Rule 41(b).  Plaintiff subsequently sought review of the report and recommendation, including by submission of a sworn declaration (Docket No. 39) and other filings (Docket Nos. 38 and 40), which offered explanations of Plaintiff's actions, or lack thereof, in this case.  By memorandum and order (Docket No. 42), Chief Judge Crenshaw returned the report and recommendation to the

undersigned for further consideration in light of Plaintiff's filings. During this same time, Plaintiff's co-counsel were both terminated from representation, one by motion to withdraw (Docket Nos. 30 and 31) and one due to his suspension from the practice of law by the Tennessee Supreme Court (Docket No. 41). The termination of Plaintiff's counsel is significant, because Plaintiff submits that dismissal of this case is not warranted due to the failings of his attorneys to properly attend to this case, including failing to keep Plaintiff updated. Plaintiff subsequently retained new counsel (Docket Nos. 43 and 44), who filed a response on Plaintiff's behalf in opposition to Defendants' motion (Docket No. 47). Defendants subsequently filed a reply (Docket No. 49), urging that recommendation again be made for dismissal of Plaintiff's claims, or, alternatively, requesting attorney's fees.

Plaintiff has submitted a number of filings in which he offers explanations of the circumstances leading up to and following the Court's prior recommendation (Docket Nos. 25, 38, 39, and 40).[1] Based on the objections made by Plaintiff to the report and recommendation and the supporting filings, Plaintiff urges that dismissal is not warranted because his attorneys failed to adequately attend to this case and failed to communicate with him. The Court finds compelling the reasoning of the cases cited in Plaintiff's response (Docket No. 47), but stops short of finding that the neglect of this case is solely the fault of Plaintiff's prior attorneys. Nevertheless, while the Court does not entirely excuse Plaintiff from not having taken more timely action to terminate attorneys whom he became aware were not properly representing him, Plaintiff's expansive statements, including those made under penalty of perjury (Docket No. 39), convince the Court that there is at least enough lack of culpability on Plaintiff's part to avoid the drastic penalty of dismissal of his claims.

Although Rules 16(f), 37(b), and 41(b) each grant to the Court the discretionary power to dismiss a case, the Court declines to exercise that authority here, given the additional circumstances

---

[1] As noted in the prior report and recommendation, the Court was unpersuaded by the letter sent by Plaintiff on June 29, 2018 (Docket No. 25), ostensibly explaining the reasons for his nonappearance at his scheduled deposition.

relayed by Plaintiff. In determining the scope of sanctions under the rules, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault," (2) whether the adversary has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). "Willfulness, bad faith, or fault" can be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted).

Given Plaintiff's described attempts to communicate with his attorneys about this case, the Court can no longer find that he acted willfully, in bad faith, or with fault. While there is some appeal to Defendants' argument that Plaintiff could have, and maybe should have, fired his attorneys earlier, the Court recognizes that litigants place a great deal of trust in their chosen counsel and are often at a loss as to the appropriate remedy when it appears that choice might not have been the best one. That said, neither Plaintiff nor his current counsel should expect any further indulgences, as all are now on notice of the problems with this case and of the Court's expectation that this case will get back on track promptly.

The Court previously found that Plaintiff's failure to timely cooperate in discovery substantially prejudiced Defendants' ability to prepare a defense. However, given the change in circumstances, including Plaintiff's retention of new counsel and continuance of the trial date, that particular prejudice to Defendant is significantly reduced, and Defendant will have the opportunity to properly prepare this case for trial. Still, there can be no dispute that Defendants expended additional time and therefore resources in addressing the failures of Plaintiff's prior counsel (and

3

to some extent Plaintiff himself) in attending to this case. The Court does not find, however, that the resulting additional time and expense is unduly prejudicial. Nor does the Court find that granting attorney's fees to Defendants is appropriate at this time. However, the Court does find that if Defendants incurred any out-of-pocket costs related to Plaintiff's scheduled deposition (such as court reporter fees, etc.), Plaintiff should be required to reimburse Defendants for those costs. Further, Plaintiff is put on notice that if he or his attorneys cause any further delays in this case, the Court will reconsider Defendants' request for attorney's fees.

The Court previously found that Plaintiff was sufficiently warned of the possibility of dismissal as a sanction, and that Plaintiff was given multiple opportunities, in lieu of sanctions, to remedy the deficiencies in this case. The Court makes no retraction of those findings. Nevertheless, given the entirety of the circumstances, those considerations are not enough to warrant dismissal of this case.

Defendants alternatively requested summary judgment, based primarily on Plaintiff's failure to cooperate in discovery. Defendants ask the Court to deem all of the facts about which no discovery was taken as undisputed. Given the Court's recommendation that Plaintiff be permitted to proceed with this case, albeit on an expedited scheduled, the Court declines to consider Defendants' alternative summary judgment request as presented, and therefore recommends that such request be denied without prejudice.

## RECOMMENDATION

Based on all of the information now before the Court, the undersigned Magistrate Judge respectfully recommends that:

(i) Defendants' motion to dismiss or for summary judgment (Docket No. 27) be DENIED without prejudice to refiling as appropriate;

(ii) Plaintiff be ordered to reimburse Defendants for any out-of-pocket costs (other than attorney's fees) associated with the deposition for which Plaintiff failed to appear;

(iii) Defendants' request for attorney's fees be DENIED without prejudice to again request such fees as further developments in this case may warrant.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge