IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOBIND SINGH, M.D., Ph.D., )
)
    Plaintiff, )
) NO. 3:17-cv-00400
v. )
) JUDGE RICHARDSON
VANDERBILT UNIVERSITY )
MEDICAL CENTER, et al., )
)
    Defendants.

# MEMORANDUM OPINION

On October 4, 2018, Magistrate Judge Holmes issued a revised Report and Recommendation ("R&R") (Doc. No. 52), recommending, among other things, denial of Defendants' Motion to Dismiss (Doc. No. 27). Defendants filed timely Objections (Doc. No. 54). For the following reasons, Defendants' Objections will be overruled. Accordingly, the Court will adopt the Magistrate Judge's revised R&R, and Defendants' pending Motion to Dismiss will be denied.

# BACKGROUND

On March 1, 2017, Plaintiff filed this lawsuit. (Doc. No. 1). Plaintiff was represented by Bryan Pieper and Tracey Kinslow as co-counsel. (*Id.*). Thereafter, the case progressed slowly due to Plaintiff's multiple failures to comply with various deadlines set by the Court,[1] leading to the Magistrate Judge eventually issuing a R&R recommending that Defendants' Motion to Dismiss be granted under Federal Rules of Procedure 37 (failure to respond to discovery requests); 41(b) (failure to prosecute); and 16(f) (failure to obey scheduling or other pre-trial orders), as well as the

---

[1] A more detailed discussion of Plaintiff's failure to comply with these various deadlines is laid out in the Court's July 31, 2018 Order. (Doc. No. 42).

Court's inherent power to manage its docket, prevent undue delay and avoid congested calendars. (Doc. No. 35 at 6 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962)).

On July 24, 2018, Plaintiff, proceeding *pro se*, filed a timely Objection to the Magistrate Judge's R&R. (Doc. No. 38). In his Objection, he provided evidence of his communications or, more appropriately, lack thereof, with his counsel, Mr. Kinslow and Mr. Peiper. He also indicated he had recently discovered that the Tennessee Supreme Court suspended Mr. Peiper, his only remaining counsel of record,[2] from the practice of law on August 17, 2017. (*Id*. at 1). On July 26, 2018, Chief Judge Crenshaw issued an Order, pursuant to Local Rule 83.01(e), suspending Mr. Peiper from practice before this Court, and afforded Plaintiff thirty days to retain new counsel or proceed *pro se*. (Doc. No. 41). Further, Chief Judge Crenshaw returned the Magistrate Judge's R&R for reconsideration in light of Plaintiff's Objection. (Doc. No. 38; Doc. No. 40).

On October 4, 2018, the Magistrate Judge issued a revised R&R recommending:

(1) Defendants' Motion to Dismiss (Doc. No. 27) be denied without prejudice for refiling as appropriate;

(2) Plaintiff be ordered to reimburse Defendants for any out-of-pocket costs (other than attorney's fees) associated with the deposition for which Plaintiff failed to appear; and

(3) Defendants' request for attorney's fees be denied without prejudice to again request such fees as further developments in this case may warrant.

(Doc No. 52 at 5). On October 19, 2018, Defendants filed timely Objections to the Magistrate Judge's revised R&R. On October 22, 2018, Chief Judge Crenshaw transferred this case to the undersigned. (Doc. No. 55).

---

[2] Chief Judge Chenshaw granted Mr. Kinslow's request to withdraw as counsel on July 9, 2018. (Doc. No. 30).

**LEGAL STANDARD**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**ANALYSIS**

Defendants raise two objections to the revised R&R: (1) the Magistrate Judge failed to consider Defendants' argument regarding Plaintiff's waiver of attorney-client privilege; and (2) the Magistrate Judge improperly held Defendants to an "unduly prejudicial" standard. (Doc. No. 54). The Court will explore each of Defendants' objections in turn.

**I.     Objection 1: Failure of the Magistrate Judge to Consider Defendants' Attorney-Client Privilege Argument**

First, Defendants object to the Magistrate Judge's revised R&R on the ground that the Magistrate Judge failed to consider Plaintiff's waiver of the attorney-client privilege as to his communications with his prior counsel, Mr. Kinslow and Mr. Peiper. In their Reply to Plaintiff's Response, Defendants argued in (and only in) the below-quoted two sentences that Plaintiff's Response "effectively waived" his attorney-client privilege by submitting documented communications between he and his prior counsel; thus, Defendants should be allowed to depose Plaintiff's prior counsel, and request discovery as to these communications, because Plaintiff's

3

representations are "wholly inconsistent with what has been represented to this Court . . . by Tracey Kinslow." (Doc. No. 49 at 3). Thus, in their Objections, Defendants contend that the Magistrate Judge's failure to consider the impact of these "self serving" privileged materials is in error and the Magistrate Judge should have "at least conducted an in-camera review" of the entirety of communications between Plaintiff and his prior counsel before issuance of the revised R&R. (Doc. No. 54 at 5).

It is true that the Magistrate Judge did not address whether Plaintiff waived the attorney-client privilege, but the Court finds this both understandable and not fatal to the Magistrate Judge's analysis. The Court finds it significant that Defendants' only argument involving attorney-client privilege in front of the Magistrate Judge is a mere two sentences located in their Reply in support of their Motion to Dismiss. (Doc. No. 49 at 3 ("To that end, Defendants contend that Plaintiff's Response has effectively waived the attorney-client privilege with his former counsel, and Defendants should, at a minimum, be allowed to request all communications sent from Plaintiff's attorneys and depose Plaintiff's former attorneys as Plaintiff's representations are wholly inconsistent with what has been represented to this Court by Plaintiff's attorneys, specifically Tracey Kinslow. Since Plaintiff's former counsel have been relieved of their representation in this matter, allowing discovery is the only way Defendants and the Court can truly ascertain whether Plaintiff's statements in his Declaration and Response are truthful or self-serving."). The more involved argument Defendants now make is new and thus arguably not cognizable at this stage. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Federal Magistrate Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate[.]").

Despite the fact that the argument presented to the Magistrate Judge was only skeletal, the Court will examine Defendants' arguments involving waiver of the attorney-client privilege presented in their Objections. The attorney-client privilege protects confidential communications between a lawyer and a client on matters relating to legal representation. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). "The great weight of authority holds that the attorney-client privilege is waived when a litigant 'places information protected by it in issue through some affirmative act or for his own benefit' and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) (collecting cases) (internal alteration omitted). Plaintiff's attached communications between him and his prior counsel, which reveal his efforts to communicate with his prior counsel, were clearly turned over to the Court for his own benefit. Accordingly, the Court finds that Plaintiff has waived the attorney-client privilege,[3] and that the scope of the waiver extends to all communications with his counsel regarding the subject matter of Plaintiff's prior disclosure, *i.e.*, discovery deadlines in this matter.[4]

---

[3] In their Objections, Defendants argue that the Magistrate Judge's revised R&R "effectively allows" Plaintiff to use the attorney-client privilege "as a shield and a sword to the detriment of Defendants and in contravention of clearly settled law." (Doc. No. 54 at 4). The Court finds Defendants' "sword and shield argument" inapt because Plaintiff has not asserted the attorney-client privilege as to any communications with his prior counsel. Instead, in support of his opposition to Defendants' Motion to Dismiss, he voluntarily submitted to the Court numerous communications (e-mails and text messages) between him and his former counsel. (Doc. No. 39 at 18-79). Plaintiff has not yet responded (and has not been required to respond) to Defendant's subsequent suggestion that he turn over all remaining attorney-client communications within the scope of the waiver; thus, for all the Court knows, Plaintiff may be perfectly willing to turn over all such communications believing they actually would further strengthen his position and were not previously submitted to the Court merely because such submission might appear to overload the Court with paper. In short, the Plaintiff has not asserted the attorney-client privilege at all (and thus not as a shield) and may not even be interested in doing so as to any undisclosed communications that are within the scope of the waiver. Thus, the Court's finding of waiver of attorney-client privilege is based not on Defendants' claim that Plaintiff used the privilege as both a sword and a shield, but rather on his voluntary disclosure to the Court and opposing party of privileged attorney-client communications.

[4] "A client can waive the privilege by voluntarily disclosing his attorney's advice to a third party. The scope of the waiver turns on the scope of the client's disclosure, and the inquiry is whether the client's disclosure involves the same 'subject matter' as the desired testimony." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997) (citation omitted).

Nevertheless, upon *de novo* review, the find no error in the Magistrate Judge deciding the motion to dismiss based solely on the record before her, to the exclusion of any undisclosed attorney-client communications that were within the scope of the waiver. Defendants object to the unfairness of Plaintiff merely "describing" his alleged communications with his prior counsel without review of the communications by Defendants or the Court; however, in reality, Plaintiff attached twenty-three exhibits to his declaration, corroborating his description of the communications presented in his declaration and Response to Defendants' Motion to Dismiss. (Doc. No. 39 at 18-79). The Court finds Plaintiff's declaration, made under penalty of perjury, and the attached exhibits sufficient evidence to enable the Magistrate Judge to fairly consider Defendants' Motion to Dismiss and, thus, avoid delaying this matter even further. *See U.S. v. Zolin*, 491 U.S. 554, 571 (1989) ("There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions[.]"); s*ee also Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (noting that under the federal rules of civil procedure, district court judges are given wide discretion to supervise the discovery process, and their decisions are subject to review only for abuse of discretion); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (Rule 26's "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.").

Furthermore, it is in this Court's discretion either to determine the merits of Defendants' objections based on the record before the magistrate judge, or to receive further evidence. *See Castro v. Archison*, No. 13-cv-0030, 2015 WL 7177013, at *1 (S.D. Ill. Nov. 16, 2015) (In reviewing the R&R, it is in this Court's discretion "to consider the record before the magistrate judge anew or receive any further evidence deemed necessary." (citing Fed. R. Civ. P. 72(b)(3))). Exercising this discretion, the Court declines Defendants' suggestion that it wait to receive into

the record additional attorney-client communications that Defendants speculate may exist and could be presented to support their position.

Additionally, dismissals for failure of the plaintiff to prosecute the action are largely a matter for the district court's discretion. *See Joseph Muller Corp. Zurich v. Societe Anonyme De Gerance Et D'Armement*, 508 F.2d 814, 825 (1973) (citing *Link*, 370 U.S. at 633). In consideration of this Court's wide discretion in how to resolve Defendants' Motion to Dismiss, the Court finds the Magistrate Judge's decision to make a recommendation based on the record before her was not erroneous. Consequently, Defendants' first objection is not well-taken.

**II.     Objection 2: The Magistrate Judge Improperly Held Defendants to an "Unduly Prejudiced" Standard**

Next, Defendants argue that the Magistrate Judge improperly held Defendants to an "unduly prejudiced" standard when assessing whether the case should be dismissed for Plaintiff's failure to prosecute the case. (Doc. No. 54 at 5-6). As the Magistrate Judge aptly noted, in determining the scope of sanctions under the Federal Rules of Civil Procedure, the Sixth Circuit has directed district courts to consider: (1) "whether a party's failure to cooperate in discovery is due to willfulness, bad faith or fault[;]" (2) whether the adversary has been prejudiced; (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction[;]" and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Sys. Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)).

The Magistrate Judge considered the above factors and concluded that "given the change in circumstance, including Plaintiff's retention of new counsel and continuance of the trial date," the prejudice experienced by Defendants is "significantly reduced." (Doc. No. 52 at 3). Further, the Magistrate Judge found that although "the resulting additional time and expense" to Defendants

caused by Plaintiff's delay in prosecuting the case certainly prejudiced Defendants, the delay was not "unduly prejudicial." (Doc. No. 52 at 3-4). Defendants object to the R&R on the grounds that holding Defendants to an "undue prejudice" standard is not consistent with Sixth Circuit precedent. (Doc. No. 54 at 5).

On *de novo* review, the Court finds that Defendants did experience some prejudice due to Plaintiff's delay, for which he must accept some responsibility. As the Magistrate Judge noted, Plaintiff is not without fault as he probably should have terminated his lawyers sooner and he failed to appear for his deposition.[5] However, prejudice is merely one of the four factors the Sixth Circuit has instructed district courts to consider when imposing sanctions and the undersigned, like the Magistrate Judge, does not find this factor dispositive. The Magistrate Judge's statement that Defendants were not "unduly prejudiced" by Plaintiff's actions appears to be essentially an explanation that the Magistrate Judge, as she had the discretion to do, gave less weight to the prejudice than she might have had she found the prejudice to be "undue"; it does not reflect the application of an erroneous standard as Defendants contend. Furthermore, although Defendants argue that the "unduly prejudiced standard" is against Sixth Circuit precedent, Defendants do not cite any authority suggesting that it is inappropriate for a magistrate judge conducting such an analysis to focus on whether actions were "unduly prejudicial" as opposed to merely "prejudicial". Therefore, the Court finds no error in the Magistrate Judge's reliance on her finding that Defendants were not unduly prejudiced.

---

[5] The Court does not give much weight to Plaintiff's failure to appear for his deposition. The evidence attached to his declaration demonstrates that his attorney did not inform him of the date of his deposition until five days prior to the scheduled deposition. (Doc. No. 39 ¶ 29). Also, the deposition was held in Tennessee and Plaintiff lives in New York City. (*Id*.). Further, Plaintiff attempted to schedule a flight to Nashville, Tennessee to attend the deposition, but the flight was cancelled due to circumstances beyond his control. (Doc. No. 39 ¶¶ 34-35).

Upon review of the remaining factors, the Court finds that Plaintiff did not act willfully, in bad faith, or with fault in his failure to timely comply this the Court's orders. *See Freeland*, 103 F.3d at 1277 ("In regard to the first factor, the Sixth Circuit has held that absent a clear record of delay or contumacious conduct, an abuse of discretion occurs if the district court dismisses an action with prejudice." (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). In fact, Plaintiff attempted to contact the Court directly on multiple occasions to inform the Court of his counsels' lack of responsiveness, prior to Defendants filing their Motion to Dismiss. (Doc. No. 39 ¶ 5). Further, although Plaintiff was warned that his failure to comply with the Court's orders could result in the sanction as a dismissal, the Court must also consider that a less drastic sanctions was not first imposed. *Id.*; s*ee also Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) ("Dismissal is the sanction of last resort."). The Sixth Circuit has stated that an "innocent plaintiff should not be penalized for the conduct of an inept attorney." *Id*. (citing *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985). Dismissal of Plaintiff's case is an "extremely harsh" action that "deprives [Plaintiff] of his day in court due to the inept actions of his counsel." *Id*.

Therefore, even considering the prejudice Defendants suffered due to Plaintiff's delay, the Court finds that dismissal of Plaintiff's case is not warranted. Although Defendants were prejudiced by the time and resources spent due to Plaintiff's delay, the Court finds it significant that Plaintiff did not act willfully, in bad faith, or with fault in his failure to timely comply with the Court's orders. Additionally, much of the prejudice to Defendants is alleviated with the continuance of the trial date. Accordingly, Defendants' second objection to the Magistrate Judge's R&R will be overruled.

**CONCLUSION**

For the aforementioned reasons, the Court finds that the objected to portions of the revised R&R are not contrary to law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir.1994). Therefore, the revised Report and Recommendation (Doc. No. 52) will be **ADOPTED** and **APPROVED**. The pending Motion to Dismiss (Doc. No. 27) will be **DENIED**.

An appropriate order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE