IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOBIND SINGH, M.D., PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:17-cv-00400 |
| v. | ) | |
| | ) | District Judge Richardson |
| VANDERBILT UNIVERSITY | ) | Magistrate Judge Holmes |
| MEDICAL CENTER and | ) | |
| VANDERBILT UNIVERSITY, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL

Plaintiff Gobind Singh, by and through counsel, files the Motion to Compel written discovery responses from Defendants Vanderbilt University Medical Center and Vanderbilt University, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). In support of this motion, Plaintiff states as follows:

### BRIEF HISTORY

1. Plaintiff's current counsel entered appearances on August 15, 2018.

2. Magistrate Judge Holmes ordered an abbreviated discovery schedule for new counsel to aid Plaintiff in responding to Defendants' previously served discovery and to serve limited discovery on Defendants (Doc. No. 56).

3. Plaintiff complied, providing written responses to Defendants' discovery requests on November 15, 2018, as required by the Revised Scheduling Order (Doc. No. 56).

1

## PLAINTIFFS' DECEMBER 7, 2018 DISCOVERY REQUESTS

4. Plaintiff served written discovery requests by e-mail and mail to Defense counsel on December 7, 2018. (Exhibit A.)

5. Due to the confidential nature of the subject matter of this case (which potentially involves HIPAA-protected health information) the parties agreed to enter into a Protective Order before exchanging documents. That Protective Order was entered on January 24, 2019 (Doc. No. 62).

6. Following the entry of the Protective Order, Plaintiff's counsel expected answers to the interrogatories and requests for production and the documents. Phone, email, and letter requests include (at least) these attempts to obtain the discovery:

   a. February 7, 2019 – Letter from Plaintiff's counsel to Defense counsel transmitting Plaintiff's document production and stating, "Now that the Protective Order has been entered, please let me know at your earliest convenience when you anticipate serving responses to Plaintiff's discovery requests to Defendants, which were served to you on December 7, 2018." Plaintiff's counsel received no response.

   b. February 20, 2019 – Letter from Plaintiff's counsel to Defense counsel stating, "Plaintiff has not received Defendants' responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, which was served via e-mail on December 7, 2018. While we initially excused delayed responses due to the need for a Protective Order, that Order was entered by the Court on January 24, 2019. If Plaintiff does not receive Defendants' discovery responses by February 27, 2019, we will be forced to file a motion to compel."

   c. February 21, 2019 – Email from Defense counsel to Plaintiff's counsel responding to the February 20 letter by stating, "I plan to have the discovery responses to you on or before the date specified [February 27, 2019]."

   d. February 27, 2019 – Email from Defense counsel to Plaintiff's counsel stating, "I also need a few more days to get the remaining discovery to you." Phone call(s) between Plaintiff's counsel and Defense counsel also took place on February 22 and/or February 27.

   e. March 18, 2019 – Email from Plaintiff's counsel to Defense counsel stating, "Luther, I understand we still have not gotten your answers to our written discovery. We need to iron out the depositions but we really must get that discovery. Please advise.

Thanks." Defense counsel responded on March 18, stating, "Should have it to you by Friday. Will send you documents starting tomorrow."

 f. March 22, 2019 – Email from Plaintiff's counsel confirming deposition dates and stating, "Do you still anticipate sending discovery responses today?" Defense counsel responded, "Our discovery responses rely almost exclusively on the documents that I have already provided, particularly the suspension, dismissal and confidential memorandum that provide the lion's share of detail sought in the Interrogatories. I will be sending you some additional documents today, and will follow up with the formal responses and other documents early next week." Five PDFs bates stamped VUMC 0136-70 were also emailed to Plaintiff's counsel by Defense counsel on March 22.

 g. March 25, 2019 – Email from Plaintiff's counsel to Defense counsel regarding the documents transmitted on March 22, stating, "Please send us the interrogatory and RFP answers so we can put all this together instead of us figuring out what goes with what."

(Collective Exhibit B.)

7. To this date, Plaintiff has still not received written discovery responses from Defendants for the discovery requests served on December 7, 2018. The documents transmitted by Defendant on March 22 were largely documents already in Plaintiff's possession. Other documents requested by Plaintiff have also not been produced. For example, Plaintiff's Request No. 5 requested Plaintiff's EAP records, and Plaintiff sent an executed release for these records to Defendants on January 9, 2019. However, the records have not been produced. Moreover, answers to the questions themselves, or designation of what documents are responsive to what questions, remain lacking.

8. The delay has now prejudiced Plaintiff, counsel, and the Court's schedule. Plaintiffs have noticed the depositions of three witnesses, all physicians (which were difficult to schedule), on April 1 and 3, 2019. Obviously, that is only days away, insufficient time for the Court to hear this motion, order production, and have the depositions heard. Additionally, Plaintiffs' deposition is currently scheduled *after* the physicians, on April 9, with commitments thereafter.

9. Without full discovery responses, Plaintiff's counsel cannot adequately prepare for these depositions or, worse, would have to take them twice. Nor can Plaintiff adequately prepare with counsel for his deposition.

10. Plaintiff's counsel would like to state, on this record, that he feels sure this is a problem of the *client, Vanderbilt,* not the defense counsel. All counsel have difficult clients from time to time, and Plaintiff's counsel has tried to resolve matters informally. But as can be seen by the trail of requests, it is now at the point where Plaintiff's counsel has no choice but to protect his own client and involve the Court.

THEREFORE, premises considered, Plaintiff asks that the Court compel Defendants to respond to Plaintiff's discovery requests no later than March 29, 2019 and, if that is too impracticable, to enter a just order allowing Plaintiffs' to take depositions *after the receipt of the complete responses*, that Plaintiff not be deposed (or be deposed after the defense depositions), and an appropriately reasonable attorneys' fees and expense order.

Respectfully submitted,

**GILBERT McWHERTER SCOTT BOBBITT PLC**

s/ Justin S. Gilbert
Justin S. Gilbert, #17079
100 W. Martin Luther King Blvd., Suite 501
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Caraline E. Rickard (TN Bar No. 34414)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 644-1540 Facsimile
crickard@gilbertfirm.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the attorneys listed below by electronic means via the Court's electronic filing system on March 27, 2019, including the following:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Luther Wright, Jr.
Casey M. Parker
SunTrust Plaza 401 Commerce Street,
Suite 1200
Nashville, TN 37219-2446

*Attorneys for Defendants*

                                                               s/ Justin S. Gilbert

5

Case 3:17-cv-00400    Document 68    Filed 03/27/19    Page 5 of 5 PageID #: 432