IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:17-cv-00400 |
| v. ) | |
| ) | Chief Judge Waverly D. Crenshaw |
| VANDERBILT UNIVERSITY ) | Magistrate Judge Barbara D. Holmes |
| MEDICAL CENTER and ) | |
| VANDERBILT UNIVERSITY, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES &
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFEDANTS**

Plaintiff Dr. Gobind Singh ("Plaintiff" or "Dr. Singh") serves these Interrogatories & Requests for Production of Documents to Defendants Vanderbilt University Medical Center ("VUMC") and Vanderbilt University (collectively, "Defendants").

## I.   DEFINITIONS AND INSTRUCTIONS

1.  "Defendants," "you," and "your" means the Defendants in the above captioned Lawsuit.

2.  "Lawsuit" means the above-styled case.

3.  "Complaint" means Plaintiff's most recently filed active Complaint in the Lawsuit.

4.  The term "document" or "documentation," in the singular and plural, means the original and each non-identical copy (whether different from the original because of marginal notes or other material inserted therein, attached thereto, or otherwise) of any written, graphic, or recorded matter within your possession, custody, or control or known by you to exist.

5.  The term "person," in the singular and plural means individuals, associations, partnerships, corporations, and any other type of entity or institution, whether formed for business purposes or any other purposes.

1

6. The term "communication," in singular and plural means any document, oral statement, conversation, meeting, or conference, either formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

7. Unless otherwise specified, "identify," "identity," and "identifying" mean: (1) in the case of a natural person, to state that person's name, last known address, telephone number, and employer or business affiliation; (2) in the case of a public or private corporation, partnership, association or other entity, to state the name of such entity, its business address, its telephone number, and the identity of the person affiliated with such entity with knowledge of the matters about which are inquired; and (3) in the case of a document, to state: (a) the title, heading, or caption, if any, of such documents; (b) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery; and (c) any other information necessary so that the party seeking discovery can readily locate the document.

8. The term "relating to" means constituting in whole or in part, concerning, discussing, communicating about, pertaining to, connected with, containing or contained within, referring to, mentioning, supporting, or reflecting.

9. The term "evidencing" means proving, indicating, or probative of the existence or nature of any fact or allegation.

10. "Termination" refers to the cessation of Plaintiff's residency with Defendant, however classified by Defendant.

11. "Employee" refers to any person who performs services for or at the direction of Defendants, however classified by Defendants. In the specific context of this case, it includes but is not limited to all physicians, residents, interns, fellows, nurses, administrators, officers, and other personnel currently working, practicing, or training at VUMC.

12. "Discipline" includes any level of discipline issued by Defendants, such as formal and informal verbal counseling, written reprimand, suspension, termination, referral for services, or other.

13. If you contend that any of the information sought herein is privileged, either in whole or in part, or otherwise subject to an immunity or protection from disclosure, then state the specific grounds for each such objection.

## II. INTERROGATORIES

1. Please state all circumstances surrounding Plaintiff's promotion to PGY-3 on April 6, 2015, including, for example, the official reason(s), all reasons considered, the date the

2

Case 3:17-cv-00400    Document 68-1    Filed 03/27/19    Page 2 of 11 PageID #: 434

decision(s) were made, all persons who made the decisions(s), and all persons consulted about the decision(s). In the alternative, if you deny that Plaintiff was promoted to PGY-3, please explain the April 6, 2015, letter purporting to promote Plaintiff to PGY-3 (Doc. No. 47-3).

**ANSWER:**


2. Please state all circumstances surrounding each of Plaintiff's two suspensions, including, for example, the official reason(s) given, all reasons considered, all incidents contributing to the decision(s), the date the decision(s) were made, all persons who made the decisions(s), and all persons consulted about the decision(s).

**ANSWER:**


3. Please state all reasons for Plaintiff's termination, including the official reason(s), all incidents contributing to the decision(s), all reasons considered, the date the decision(s) were made, all persons who made the decisions(s), and all persons consulted about the decision(s).

**ANSWER:**


4. Please identify the facts supporting Defendant's assertion that Plaintiff exhibited "a continued pattern of concerns including poor clinical judgment, inadequate medical knowledge, poor clinical skills, and unprofessional behavior." (Def.'s SUMF, ¶ 2.) This includes, for example, the date and a description of all instances in which Plaintiff allegedly showed these concerns, the names of those who observed these concerns, whether Plaintiff was ever disciplined regarding these concerns, and if so, when and by whom.

**ANSWER:**

5. Please identify and describe each communication to/from Plaintiff, to/from a third party, or between or among employees or agents of Defendants regarding "concerns including [Plaintiff's] poor clinical judgment, inadequate medical knowledge, poor clinical skills, and unprofessional behavior" during this employment with Defendants sent at any time from January 1, 2014 to the present. This includes, for example, the date, persons involved, and content of any communication to Defendants regarding Plaintiff's medical conditions.

**ANSWER:**


6. Please identify and describe each communication to/from Plaintiff, to/from a third party, or between or among employees or agents of Defendants regarding Plaintiff's medical conditions (*e.g.*, nasal disorders, hypothyroidism, fatigue, breathing problems, trouble concentrating, cold, shivering, surgery, other medical procedures) during his employment with Defendants sent at any time from January 1, 2014 to the present. This includes, for example, the date, persons involved, and content of any communication to Defendants regarding Plaintiff's medical conditions.

**ANSWER:**


7. Plaintiff has alleged he was treated differently than similarly situated employees based on his membership in protected classes. Please identify all similarly situated employees (that is, residents (in any program) who were disciplined, suspended, denied promotion, or dismissed from their programs for any reason) during the past 5 years. This includes, for example, these similarly situated employees' race, national origin, religion, and whether they

were known to have any medical conditions; the reason for the adverse action; and whether they went to another residency program.

**ANSWER:**


8.      Identify each and every doctor, resident, intern, fellow, attending, or physician of similar description who worked for Defendants for any period of time from January 1, 2014 to the present, whom you have knowledge or reason to believe is of Indian ethnicity or national origin. This includes, for example, the name, position, dates of employment, and reason for departure (for any who are no longer employed by Vanderbilt).[1]

**ANSWER:**


9.      Identify each and every doctor, resident, intern, fellow, attending, or physician of similar description who worked for Defendants for any period of time from January 1, 2014 to the present, whom you have knowledge or reason to believe is a member or practitioner of the religion Sikhism. This includes, for example, the name, position, dates of employment, and reason for departure (for any who are no longer employed by Vanderbilt).[2]

**ANSWER:**


10.      Identify each and every doctor, resident, intern, fellow, attending, or physician of similar description who worked for Defendants for any period of time from January 1, 2014 to the present, who requested a reasonable accommodation (whether or not the term "reasonable

---

[1]      If Defendants object that this Interrogatory is an invasion of privacy, Plaintiffs agree that the names of these individuals may be redacted subject to the Proposed Agreed Protective Order.

[2]      *See* footnote 1.

5

accommodation" was used) for a medical condition (whether or not that medical condition would qualify as a "disability" under the Americans with Disabilities Act). This includes, for example, the name, position, dates of employment, the accommodation requested, whether the request was granted or denied, and reason for departure (for any who are no longer employed by Vanderbilt).[3]

**ANSWER:**

---

[3] *See* footnote 1.

# **VERIFICATION**

State of _____

County of _____

      I, _____, after being duly sworn do hereby state that I have read the foregoing answers to Interrogatories and have knowledge of the matter contained herein, and state that the information contained herein is true and correct.

_____     _____
SIGNATURE                                           TITLE

State of _____

County of _____

      Personally appeared before me this _____ day of _____, 20_____, _____, who was first duly sworn to the law, and made oath that the answers contained in the foregoing answers to Interrogatories are true and correct.

                                            _____
                                                      NOTARY PUBLIC

My Commission Expires: _____

### III. REQUESTS FOR PRODUCTION

1. Please produce all documents identified, described, consulted, relied upon, referenced, supporting, refuting, or otherwise related to Defendants' Responses to any of the above Interrogatories. This includes by is not limited to any communications listed or referenced in Defendants' Answers to Interrogatories No. 5 & 6.

**ANSWER:**


2. To the extent not produced as part of the preceding Request, please produce all documents relating to Plaintiff's suspensions, termination, or other discipline, including but not limited to all communications, evaluations, incident reports, or other documentation supporting, refuting, or otherwise documenting those decisions.

**ANSWER:**


3. To the extent not produced as part of the preceding Requests, please produce all documents relating to Plaintiff's medical conditions (*e.g.*, nasal disorders, hypothyroidism, fatigue, breathing problems, trouble concentrating, cold, shivering, surgery, other medical procedures), including but not limited to all communications, documentation, medical information, doctor's statements, medical records, requests for medical leave, requests for accommodation, accommodation decisions, or other documentation.

**ANSWER:**


4. Please produce Plaintiff's entire personnel file (or similar file known by a different description), including but not limited to applications, evaluations before hiring, time

records, pay records, benefit records, mid-year and end-year performance evaluations, discipline, requests for accommodation, interactive process forms, FMLA requests, and documentation of health conditions. This includes all versions and drafts of these documents, whether or not final.

**ANSWER:**

5. Please produce all documents contained in Plaintiff's EAP file, including any communications, notes, reports, or other documentation produced by or communicated to the EAP program regarding Plaintiff. (An EAP release executed by Plaintiff is attached to these requests.)

**ANSWER:**

6. Please produce the entire investigative file regarding the investigation Defendant conducted into Plaintiff's allegations of discrimination, including but not limited to any notes, reports, interviews, records of meetings, or other documentation.

**ANSWER:**

7. Please produce any and all communications between any current or former employee, officer, or agent of Defendants and any current or former employee, officer, or agent of New York Medical Center regarding Plaintiff from January 1, 2016, to the present, including but not limited to all letters, emails, phone calls, forms, certificates, recommendations, evaluations, or other documentation.

**ANSWER:**

8. Please produce all documentation of Plaintiff's performance throughout his time at Vanderbilt, including but not limited to all communications, evaluations, notes, reviews, patient feedback, supervisor feedback, or other documentation. This includes all versions and drafts of these documents, whether or not final.

**ANSWER:**


9. Please produce any written disciplinary policy for residents maintained by Defendants. In the alternative, if Defendant does not have a written discipline policy, please produce any documentation showing how Defendants generally handle discipline of residents. This includes but is not limited to any handbooks, training, instructions, guidance, or other documentation regarding discipline of residents.

**ANSWER:**


10. Please produce documentation of each and every complaint of discrimination based on race, ethnicity, national origin, religion, or disability filed against Defendants, whether internally or to an external agency, in the last 5 years.[4]

**ANSWER:**

---

[4] *See* footnote 1.

Respectfully submitted,

**GILBERT McWHERTER SCOTT BOBBITT PLC**

s/ Caraline E. Rickard
Justin S. Gilbert (TN Bar No. 17079)
200 W. Martin Luther King Blvd., Suite 1067
Chattanooga, TN 37402
(423) 499-3044
(731) 664-1540 Facsimile
jgilbert@gilbertfirm.com

Caraline E. Rickard (TN Bar No. 34414)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 644-1540 Facsimile
crickard@gilbertfirm.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the above has been served via e-mail to the following on December 7, 2018:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Luther Wright, Jr., TN #17626
Casey M. Parker, TN #033081
SunTrust Plaza 401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

*Attorneys for Defendants*

s/ Caraline E. Rickard

11