IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:17-cv-00400 |
| v. ) | |
| ) | District Judge Richardson |
| VANDERBILT UNIVERSITY ) | Magistrate Judge Holmes |
| MEDICAL CENTER and ) | |
| VANDERBILT UNIVERSITY, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## MOTION TO STRIKE
## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Godbind Singh, M.D., Ph.D. ("Plaintiff" or "Dr. Singh"), by and through counsel, files this Motion to Strike the Statement of Undisputed Material Facts (Doc. No. 71) (hereinafter "Statement"), filed by Defendants Vanderbilt University Medical Center and Vanderbilt University (collectively, "Defendants") in support of their Motion to Dismiss/Motion for Summary Judgment (Doc. No. 72).[1] Defendants' Statement flouts Local Rule 56.01(b), which clearly states that the statement of undisputed material facts in support of a motion for summary judgment should be a "concise statement of the material facts as to which the moving party contends there is no genuine issue for trial" and that "[e]ach fact must be set forth in a separate, numbered paragraph."

---

[1] While the general method for striking pleadings found in Federal Rule of Civil Procedure 12(f) may not apply to Statements of Undisputed Material Facts, this Court has previously held it has the power to strike such Statements because "[t]he court has the inherent power to strike filings that do not comply with court rules." *Sales v. Inventiv Health, Inc.*, No. 3:13-cv-0064, 2014 U.S. Dist. LEXIS 64917, *3 (M.D. Tenn. May 12, 2014) (citing cases).

1

Instead, Defendants' Statement is composed of 21 paragraphs, the shortest of which are 2 sentences (and at least 4 lines) long and the longest of which are up to 7 sentences long and stretch over a half a page in length. Each and every one of these lengthy Statements contains multiple, often urelated facts. For example, Statement 1 reads:

> [1] Plaintiff, Gobind Singh, M.D., PH.D. ("Plaintiff") began in the Ophthalmology Residency Training Program at VUMC on July 1, 2014. [2] Plaintiff began his residency as a postgraduate year two (PGY-2) resident who had completed a PGY-1 year in Internal Medicine at Highland Hospital in California prior to joining VUMC. [3] At all times relevant hereto, the Chair of the Ophthalmology Program was Dr. Paul Sternberg and Dr. Laura Wayman served as an Associate Professor and Vice Chair for Education and Director of Resident Education. [4] Additionally, Dr. Donald Brady served as the Senior Associate Dean for Graduate Medical Education and the ACGME/NRMP Designated Institutional Official for VUMC. [5] Plaintiff was originally slated to advance to PGY-3, but did not advance to a PGY-3 year in 2015 as scheduled due to performance issues that resulted in him being placed on probation on March 26, 2015. [6] Instead, he remained as a PGY-2 throughout the remainder of his residency, which ended on February 25, 2016 when he was dismissed from the Program. *Compl. ¶¶ 8-9; Motion for Summary Judgment ("Motion"), Exhibit ("Ex.") A, Redacted February 25, 2016 Dismissal Letter ("Dismissal Letter").*

(Doc. No. 71, pp. 1-2 (bracketed numbering added).) This one Statement includes at least 11 separate facts:

1. "Plaintiff, Gobind Singh, M.D., PH.D. ("Plaintiff") began in the Ophthalmology Residency Training Program at VUMC on July 1, 2014."

2. "Plaintiff began his residency as a postgraduate year two (PGY-2) resident . . . ."

3. "[Plaintiff] had completed a PGY-1 year in Internal Medicine at Highland Hospital in California prior to joining VUMC."

4. "At all times relevant hereto, the Chair of the Ophthalmology Program was Dr. Paul Sternberg . . ."

5. ". . . Dr. Laura Wayman served as an Associate Professor and Vice Chair for Education and Director of Resident Education."

6. "Additionally, Dr. Donald Brady served as the Senior Associate Dean for Graduate Medical Education and the ACGME/NRMP Designated Institutional Official for VUMC."

2

7. "Plaintiff was originally slated to advance to PGY-3 . . ."

8. ". . . but [Plaintiff] did not advance to a PGY-3 year in 2015 as scheduled due to performance issues . . ."

9. " . . . that resulted in him being placed on probation on March 26, 2015."

10. "Instead, he remained as a PGY-2 throughout the remainder of his residency . . ."

11. ". . . which ended on February 25, 2016 when he was dismissed from the Program."

Each of Defendants' Statements can be broken down into multiple facts this way—some material and some immaterial, some disputed and some undisputed, some facts and some argumentation.[2]

Plaintiff is required by the Federal Rules of Civil Procedure and Local Rules to "respond to *each fact* set forth by the movant by either (1) agreeing the fact is undisputed; (2) agreeing the fact is undisputed for the purpose of ruling on the motion for summary judgment; or (3) demonstrating that the fact is disputed. *Each disputed fact* must be supported by a specific citation to the record." LR 56.01(c) (emphasis added); Fed. R. Civ. P. 56(e). Plaintiff has attempted to answer Defendants' Statements as required by the Rules, but the length and breadth of the Statements makes it impossible to give the straightforward answers and citations required.[3]

---

[2] Other statements, in addition to containing multiple facts, preface those facts with multiple uses of the words "Plaintiff asserts," "Plaintiff contends," or "Plaintiff admits," argumentative words that leave Plaintiff in doubt of whether Defendants even believe these statements are undisputed. (*See*, *e.g.*, Statement 7.)

[3] For example, consider Plaintiff's approach to answering Statement 1's eleven parts: The first six of these facts are noncontroversial statements of background information. However, facts 7-9 are highly material facts that are very much in dispute, as Defendant well knows. For No. 7, Plaintiff was not "slated" to be promoted to PGY-3; he *was promoted* on April 6, 2015, a promotion that was later revoked (*see* Doc. No. 47-3). For No. 8, Plaintiff disputes that he was not advanced "for performance issues"; rather the entire basis of this lawsuit is his allegation that he was advanced and faced other discipline due to Defendants' several violations of the

3

As Plaintiff's breakdown of Statement 1 illustrates, the Statements multiple sentences do not even cover the same topics (*e.g.*, Statement 1 covering background information along with the ultimate questions of adverse employment action and causation), making answering the Statement as a whole impossible. *See Williams v. AT&T Mobility Servs., LLC*, 186 F. Supp. 3d 816, 819 (W.D. Tenn. 2016) (allowing multiple-sentence statements under a similar Local Rule where "each sentence is related to the subject of the paragraph"). Nor do the Statements methodically set out the facts, which would be a legitimate reason to use lengthy Statements. *See Thompson v. Davidson Transit Org.*, 740 F. Supp. 2d 938, 939 (M.D. Tenn. 2010) (holding 166 statements of fact did not violate Rule 56.01(b)'s conciseness requirement because Defendant's statements "large attempted to provide a thorough summary of the facts related to [the] fundamental and detailed issue" of its disciplinary actions against Plaintiff).

Instead, Plaintiff is forced to do Defendants' work, mining each separate fact from the motherlode of information, or else face being charged with not addressing Defendants' assertions of fact and those assertions being taken as true. This should not be Plaintiff's burden. Plaintiff agrees that it is difficult to articulate undisputed facts in this case—that is why Plaintiff did not file a motion for summary judgment. But Defendants did, and thus it is their burden to set forth the allegedly undisputed facts that they think support their case.[4]

With all due respect to Defendants, Plaintiff is left with no other conclusion than that

---

Americans with Disabilities Act. Similarly, for No. 9, Plaintiff again alleges that he was placed on probation due to his disability and Defendants' failure to accommodate it, not due to performance. No. 11, while undisputed, is a highly significant material fact because in it Defendant agrees that Plaintiff was dismissed, an adverse employment action. All these responses cannot be marshalled into a simple "undisputed" or "disputed."

[4] Since either way Plaintiff was faced with having to compile a statement of facts himself, Plaintiff has drafted his own Statement of Undisputed & Disputed Material Facts pursuant to Local Rule 56.01(c), rather than attempt to mine facts out of Defendants' defense-friendly narratives. Plaintiff's Statement is filed contemporaneously herewith.

Defendants intended to create exactly the confusion they have, hoping that some of its argumentative and clearly disputed facts will slip by as "undisputed" if coupled with truly undisputed information in a narrative form. This result is confusion not only for Plaintiff as he attempts to answer the Statements but also for the Court, which will have to follow the sound of Plaintiff's pickaxe to the truly undisputed facts. This is precisely the confusion that Local Rule 56, with its requirement of separate, concise statements, is designed to prevent.

"The court has the inherent power to strike filings that do not comply with court rules." *Sales v. Inventiv Health, Inc.*, No. 3:13-cv-0064, 2014 U.S. Dist. LEXIS 64917, *3 (M.D. Tenn. May 12, 2014) (citing cases). Given Defendants' blatant violation of Local Rule 56.01(b) and the confusion caused by it, Plaintiff now asks the Court to strike Defendants' Statement. This Court has stricken Statements that fail to comply with Rule 56.01(b) before. *Id.* (striking Plaintiff's Statement of Undisputed Material Facts because it "does not comply with [Local Rule 56.01(b)] in any respect," "fails to meet the Local Rule's requirement of brevity," "includes at least two redundant facts," and "includes a handful of speculative legal conclusions that are improperly included as facts").

If Plaintiff had similarly failed to meet its burden to properly state that a fact was disputed, those facts would have been deemed undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2); LR 56.01(f). Reciprocally, Defendants' failure to properly state undisputed facts should result in those facts being deemed disputed for purposes of summary judgment.

Alternatively, Plaintiff requests that the Court strike the Statement entirely. Even if the Court does not strike the Statement, Plaintiff requests that the Court relieve him of the burden of having to reply to Defendants' Statement. In either case, Plaintiff requests the Court accept

5

Plaintiff's Statement of Undisputed and Disputed Facts (filed contemporaneously herewith) in lieu of requiring him to Response to Defendants' Statement. Plaintiff also requests that Court require Defendants to respond to Plaintiff's Statement.

In short, Defendants have utterly failed to comply with LR 56.01(b) and the Federal Rules regarding its duty to set out undisputed material facts in support of its Motion. Plaintiff simply seeks to ensure that the consequences of this failure do not fall on him. Therefore, Plaintiff appeals to the Court for relief from the possibility that any confusion caused by Defendants' failure will result in harm to Plaintiff by the Statements being deemed undisputed. Plaintiff asks that the Court grant it this relief by striking Defendants' Statement, deeming all facts in Defendants' Statement disputed, and/or accepting Plaintiff's Statement and relieving Plaintiff of the duty to fully respond to the Statement, or such other relief as the Court finds appropriate.

Respectfully submitted,

**GILBERT McWHERTER SCOTT & BOBBITT, PLC**

*s/ Justin S. Gilbert*
JUSTIN S. GILBERT #017079
200 W. Martin Luther King Blvd
 Suite 1067
Chattanooga, TN 37402
(423) 499-3044
(731) 664-1540 *Facsimile*
jgilbert@gilbertfirm.com

CARALINE E. RICKARD # 34414
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 *Facsimile*
jbobbitt@gilbertfirm.com
crickard@gilbertfirm.com

6

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing has been served on the attorneys listed below by electronic means via the Court's electronic filing system on May 15, 2019, including the following:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Luther Wright, Jr. (TN Bar No. 17626)
Casey M. Parker (TN Bar No. 033081)
SunTrust Plaza 401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
luther.wright@ogletree.com
casey.parker@ogletree.com

*Attorneys for Defendants*

ATTORNEYS FOR DEFENDANT

                                                             *s/ Justin S. Gilbert*