IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOBIND SINGH, M.D., Ph.D., )
)
    Plaintiff, )
) NO. 3:17-cv-00400
v. )
) JUDGE RICHARDSON
VANDERBILT UNIVERSITY )
MEDICAL CENTER, et al., )
)
    Defendants.

**ORDER**

Pending before the Court is Plaintiff's "Motion to Strike Defendants' Statement of Undisputed Material Facts" (Doc. No. 82, "Motion to Strike"), which was filed in response to Defendants' Statement of Undisputed Facts (Doc. No. 71) filed in support of Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. No. 70). Rather than respond substantively to any portion of Defendants' Statement of Undisputed Facts, Plaintiff filed the Motion to Strike and thereafter separately filed (as a single document, Doc. No. 80), his own Statement of Undisputed and Disputed Facts.

Although Doc. No. 82 is the only formal motion to strike, it is, alas, not the only request to strike lodged in this dust-up between the parties over their respective filings. In their brief (Doc. No. 84) in response to the Motion to Strike, Defendants have requested that the Court strike the portion of Doc. No. 80 containing Plaintiff's Statement of Undisputed Facts. And in that same brief, Defendants request that due to Plaintiff not responding substantively to Defendants' Statement of Undisputed Facts, Plaintiff either be deemed to have admitted those facts or be ordered to respond to Defendants' Statement of Undisputed Facts. (Doc. No. 84 at 1).

The Court will address these disputes in turn.

1

### A. Plaintiff's Motion to Strike

According to Plaintiff, Defendants' Statement of Undisputed Facts should be stricken because it "flouts Local Rule 56.01(b)" which provides "any motions for summary judgment must be accompanied by a separate, concise statement of the material facts as to which the moving part contends there is no genuine issue for trial." (Doc. No. 82 at 1 (citing Local Rule 56.01(b)). Plaintiff asserts that Defendants' Statement of Undisputed Facts is not a concise statement of material facts. Specifically, Plaintiff objects that the numbered paragraphs contain multiple sentences that make it "impossible" for Plaintiff "to give straightforward answers" and therefore force Plaintiff "to do Defendants' work." (Doc. No. 82 at 3-4).[1]

In support of his position, Plaintiff cites to *Sales v. inVentiv Health, Inc.*, No. 3:13-CV-0064, 2014 WL 1883936, at *1 (M.D. Tenn. May 12, 2014), where this Court granted the defendant's motion to strike the plaintiff's statement of undisputed facts, which contained 117 paragraphs, filed in response to the defendant's statement of undisputed facts. The Court did so because the plaintiff's statement of undisputed facts "fail[ed] to meet the Local Rule's requirement of brevity. . . . include[d] at least two redundant facts . . . [and] include[ed] a handful of speculative legal conclusions[.]" 2014 WL 1883936, at *1. Additionally, although not pointed out by Plaintiff here, the Court explained that the Local Rule "does not permit a non-moving party [(*i.e.*, the plaintiff)] to file a statement of additional *undisputed* facts" and permits a party opposing a motion for summary judgment to file only "additional material facts that are *in dispute*." *Id*.

---

[1] The Court agrees that the multi-sentence paragraphs presented by Defendants are not an ideal way to articulate purportedly undisputed discrete facts. But the Court finds that responding to them is not "impossible" and, perhaps regrettably, use of them appears to be common practice within this district. Ironically, Plaintiff himself offered an outline of an appropriate and adequate response to such a paragraph, in a counterproductive effort to show that it was "impossible to give straightforward answers" to Defendants' statements of fact. (Doc. No. 82 at 3 n.3).

Defendants respond and argue that their Statement of Undisputed Facts complies with Local Rule 56.01(b); therefore, Plaintiff's Motion to Strike should be denied. Defendants cite *Thompson v. Davidson Transit Organization*, 740 F. Supp. 2d 938 (M.D. Tenn. 2010) (Trauger, J.), wherein this Court denied a motion to strike the defendant's statement of material facts, which included 241 paragraphs; because the case was "factually rich," the court did not consider the numerous paragraphs excessive. 740 F. Supp. 2d at 939. Rather than striking the statement of facts, the Court merely offered this reminder: "[i]f the plaintiff and his counsel feel burdened by addressing the defendant's [motion for summary judgment], the plaintiff may file a motion for extension of time." *Id.*

Defendants rely also on *Day v. Finishing Brands Holdings, Inc.*, No. 13-1089, 2015 WL 2345279 (W.D. Tenn. May 14, 2015), which denied a similar motion to strike and explained:

> The local rules, and opinions from this district, do not define "concise statement." However, in denying a plaintiff's motion to strike a portion of the defendant's statement of undisputed material facts on conciseness grounds, the United States District Court for the Middle District of Tennessee held that the defendant did not violate that district's similarly-worded local rule because the employment dispute at issue involved several incidents occurring over a period of time. See [*Thompson*, 740 F. Supp. 2d at 938–39]. Similarly, this case involves allegations of employment discrimination covering an extended period of time. Defendant's [Statement of Undisputed Fact] is not unnecessarily lengthy—it is seventeen pages long, and consists of seventy-nine numbered paragraphs that address the relevant facts underlying this lawsuit.

2015 WL 2345279, at *1.

Upon review of Defendants' Statement of Undisputed Facts (Doc. No. 71), the Court finds that the document is more like the statements of facts in *Thompson* and *Day*, where courts denied motions to strike. Plaintiff's Complaint contains multiple claims, one of which was brought under the Americans with Disabilities Act and alleges discrimination over an extended period that involved multiple disciplinary actions. (*See* Doc. No. 1). Therefore, this case is "factually rich," and Defendants' 21 paragraphs do not run afoul of Local Rule 56.01. Furthermore, Plaintiff's

3

reliance on *Sales* is inapt because in that case, what was stricken was a *non-moving* party's statement of *undisputed* facts, since the local rules allowed non-moving parties to file *only* additional statements of *disputed* facts. *Sales*, 2014 WL 1883936, at *1.

Moreover, even assuming that Plaintiff is burdened by the lack of conciseness on which the Motion to Strike is based, that prejudice to Plaintiff is offset by the fact that any lack of conciseness also harms *Defendants*. That is, to the extent that Defendants' statement of purported undisputed facts is not concise, it is less likely to serve for the Court as a useful map to Defendants' intended destination, i.e., summary judgment for Defendants.

Accordingly, the Court denies Plaintiff's Motion to Strike. (Doc. No. 84).

**B. Defendants' Request to Strike**

In Defendants' response to Plaintiff's Motion to Strike, they request that the Court strike Plaintiff's Statement of Undisputed Facts because this Court's Local Rules do not allow for such a filing.[2] With respect to additional facts that a non-moving party may file, this Court's current Local Rule 56.01 provides:

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends *there exists a genuine issue to be tried*. Each such *disputed* fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. A copy of the statement of additional *undisputed* facts must also be provided to opposing counsel in an editable electronic format.

Local Rule 56.01(c) (emphasis added). As can be seen, regrettably an apparent typographical error exists in the current Local Rule.[3] Although the Court agrees with Defendants that historically Local Rule 56.01 did not permit a non-moving party to file a statement of additional undisputed facts,

---

[2] Defendants would have been better advised to make this request in a separate motion to strike.

[3] This error is certainly on this Court's radar to be corrected as soon as feasible.

4

*see Sales*, 2014 WL 1883936, at *1, the permissibility of such a filing is ambiguous in the Court's current local rule due to this typographical error. Thus the Court is hesitant to strike Plaintiff's Statement of Undisputed Facts (Doc. No. 80) and will consider it. Furthermore, despite the historical local rule, this Court in its discretion has allowed non-moving parties to file statements of additional undisputed facts when such statements are helpful to the Court. *See Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) ("The Motions to Strike additional statements of undisputed facts will be denied. Those statements amplify the issues and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts."). Therefore, the Court denies Defendants' request to strike Plaintiff's Statement of Undisputed Facts (Doc. No. 80).

**C. Effect of Non-Response to Statement of Undisputed Facts**

Having placed all of its eggs in the motion-to-strike basket, Plaintiff has failed to respond substantively to Defendants' Statement of Undisputed Facts.[4] Likewise, Defendants did not respond substantively to Plaintiff's Statement of Undisputed Facts.[5] It is true that in this Court, generally, "[i]f a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by [the Local Rules], the asserted facts shall be deemed undisputed for purposes of summary judgment." Local Rule 56.01(f). Here, however, each side's non-response to the substance of the other side's

---

[4] Plaintiff maintains that his responses to Defendants' Statement of Undisputed Facts can be ascertained through a reading of his own Statement of Undisputed and Disputed Facts. (Doc. No. 86 at 2-3). Essentially, Plaintiff tasks the Court with mining through Plaintiff's Statement of Undisputed Facts and Defendants' Statement of Undisputed Facts to ascertain what facts are disputed. The Court, however, believes that a response by Plaintiff will significantly alleviate the Court's work in doing such a task. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting truffles buried in briefs.").

[5] In their response, Defendants assert "that they are not required under the Local Rules to respond to plaintiff's Statement of Additional Undisputed Facts," but "should the Court deem a response necessary, Defendants are willing to provide a response." (Doc. No. 84 at 2).

statement of undisputed facts is excusable under the circumstances. This, plus the fact that the two sides' respective allegedly undisputed facts conflict with each other on various points, counsels in favor of the Court at this time allowing each side an opportunity to respond, rather than deeming undisputed every fact proffered by either side in a statement of undisputed facts.

Therefore, the Court hereby **ORDERS** Defendants to respond to Plaintiff's Statement of Undisputed Facts (Doc. No. 80) and Plaintiff to respond to Defendants' Statement of Undisputed Facts (Doc. No. 71) on or before **November 1, 2019.** The Court is cognizant of the fact that due to its heavy criminal and civil docket, Defendants' Motion for Summary Judgment has been pending before the Court for some time. The Court will expeditiously resolve this motion upon receipt of the parties' responses to the respective statements of undisputed facts.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE