# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GOBIND SINGH** | ) | |
| | ) | **Case No. 3:17-cv-00400** |
| **v.** | ) | **Judge Richardson** |
| | ) | **Magistrate Judge Holmes** |
| **VANDERBILT MEDICAL CENTER** *et al.* | ) | |

## O R D E R

By previous order, the Court permitted Justin Gilbert to withdraw as Plaintiff's counsel in this case and overruled Defendants' objection to the motion for *pro hac vice* admission of Edward Moor. (Docket No. 122.) This order addresses related motions. Specifically, for the reasons discussed below: (i) Plaintiff's motion to allow counsel to withdraw and for other relief (Docket No. 110) is GRANTED IN PART AND DENIED IN PART; (ii) Plaintiff's motion to supplement (Docket No. 111) is DENIED and the Clerk is directed to STRIKE Docket No. 111 (and the accompanying Docket No. 111-1) from the record; and (iii) Defendants' motion to strike (Docket No. 116) is DENIED as moot[1] given that Mr. Gilbert has been permitted to withdraw and the Court's ruling that Plaintiff's original motion will be unsealed.

As stated, Plaintiff's motion to allow counsel to withdraw and for other relief (Docket No. 110) is granted in part and denied in part. As to the request to allow Mr. Gilbert to withdraw, as previously ordered, that relief is granted. Regarding Plaintiff's request to obtain case files, the Court declines to take any action, as the Tennessee Rules of Professional Conduct direct the appropriate outcome. That relief is therefore denied as to action by the Court, but without any impact on the requirements of the Tennessee Rules of Professional Conduct. Finally, as to the

---

[1] As separately provided, the Court has ordered that Plaintiff's motion to supplement filing (Docket No. 111) be stricken.

request that the motion be filed under seal, the Court does not find grounds to seal the motion under applicable Sixth Circuit law, except as to Exhibit A (Docket No. 110-1) because it contains settlement discussions in a footnote.  The Clerk is therefore directed to UNSEAL Docket No. 110 **except for** Exhibit A (Docket No. 110-1).  **Plaintiff's current counsel shall separately file a redacted Exhibit A.**

Plaintiff's motion to supplement previous filing (Docket No. 111) is denied.  Given that the reason the Court permitted Mr. Gilbert to withdraw was the irreparably damaged attorney-client relationship between Plaintiff and Mr. Gilbert, the Court finds no need to consider the disciplinary petition that Plaintiff seeks to file as a supplement to his motion.  Additionally, without more context, including the outcome of the petition, the Court finds it not only unnecessary but inappropriate to consider the petition.  Because the motion to supplement is denied, and because Plaintiff recites from the petition in his motion, the Clerk is directed to STRIKE Plaintiff's motion to supplement (Docket No. 111) and the accompanying Exhibit D3 (Docket No. 111-1) from the record in this case.

In ruling on Plaintiff's requested relief in the two referenced *pro se* motions, Plaintiff is reminded of Local Rule 83.01(e)(3), which provides that "[w]henever an attorney has entered an appearance for a party or individual, that party or individual may not thereafter appear or act in their own behalf in the action or proceeding."  Local Rule 83.01(e)(3).  Any further motions filed by Plaintiff when he is represented by counsel will be summarily denied pursuant to Local Rule 83.01(e)(3).

Plaintiff is further cautioned that this is the last time this case will be delayed to accommodate his intention to change attorneys, regardless of the reason.  While the Court appreciates that some of the circumstances for changes in prior counsel may not have originated

with Plaintiff, the delay – and resulting prejudice to Defendants – caused by Plaintiff's repeated attorney changes has now reached the point of undue delay. To be clear, if Plaintiff wishes to again change attorneys for any reason, including even if there is another repeat of Plaintiff losing confidence in his counsel, Plaintiff will be expected to secure new counsel or proceed *pro se* without any resulting delay in the trial schedule in this case.

Finally, also pending is Defendants' motion to strike (Docket No. 116), which is denied as moot[2], given that the Court has already permitted Mr. Gilbert to withdraw. The Court recognizes that Defendants were hampered in filing a response by Plaintiff's failure to provide counsel with copies of the filed documents. Nevertheless, given the nature of the requested relief, Mr. Gilbert's response, and Judge Richardson's postponement of the trial, a response by Defendants would not have changed the outcome. Further, as provided herein, this case will not be delayed any further to permit Plaintiff to again change attorneys, regardless of the reason.[3]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] See n.1.

[3] The Court notes the concern expressed in Defendants' opposition to Mr. Moor's *pro hac vice* admission that Plaintiff is using this change in counsel to reopen discovery or other expired case management deadlines. (Docket No. 119 at 2-3.) That specific matter will be discussed during the August 20 status/case management conference (*see* Docket No. 126), and counsel are put on notice that the Court will not be inclined to reopen discovery or any other expired case management deadlines and any such request must be supported by demonstrable extraordinary circumstances. The Court also notes the statement in Mr. Gilbert's reply regarding Mr. Moor's *pro hac vice* admission motion that Plaintiff still owes an amount for mediation in this case. (Docket No. 121 at 1-2.) Plaintiff's counsel should be prepared to also discuss this matter during the August 20 status/case management conference and to update the Court on Plaintiff's intentions to satisfy this obligation.