# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., | ) |
|     Plaintiff, | ) Civil Action No. 3:17-cv-00400 |
| v. | ) The Honorable Eli Richardson |
| VANDERBILT UNIVERSITY MEDICAL CENTER, and VANDERBILT UNIVERSITY, | ) Magistrate Judge Barbara D. Holmes |
|     Defendants. | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR REVIEW OF NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

Plaintiff, GOBIND SINGH, by counsel, Edward R. Moor of Moor Law Office, P.C., respectfully states as follows in support of his Motion for Review of Non-dispositive Order of Magistrate, brought pursuant to F.R.Civ.P. 72(a) and Local Rule 72.01(a):

## I.  INTRODUCTION

The August 25, 2020 Order (Doc. No. 132) entered by Magistrate Judge Barbara D. Holmes (the "Order") denied Plaintiff's Motion to Extend Deadlines (Contested) (Doc. 130).[1] Acknowledging that this case does have a long and tortured history, as Magistrate Judge Holmes noted in her Order of August 25, 2020 (Doc. No. 131), and as is well known to this Court Doc. 59), Plaintiff respectfully suggests that errors in the Order merit sustaining this objection and reaching another result. Plaintiff respectfully suggests that his motion should have been granted.

---

[1] The Motion to Extend, as filed but without its exhibits, is attached hereto as Exhibit 1, and the exhibits to the Motion to Extend are attached, as filed, hereto separately as exhibits 1-A through 1-I. The only other exhibit used in reference to this Objection is an affidavit attached as Exhibit A to the Motion for Review.

## II. ARGUMENT

### A. SINGH SHOWED GOOD CAUSE AND EXTRAORDINARY CIRCUMSTANCES

#### 1. The Facts

As stated in the Motion, the facts are that Plaintiff reasonably relied on his then new counsel after he appeared in August 2018, particularly as the counsel appeared competent as to matter like the motion for summary judgment, and that Plaintiff, individually, was diligent in asking for and eventually unilaterally securing an expert economist.

At its heart, the August 25, 2020 Order judges the Plaintiff's credibility and finds adverse to Plaintiff. But the Order does not even mention the one fact that is evident from the Motion: that attorney Gilbert was counsel of record when the relevant scheduling order was entered (Doc. 56), and that he misrepresented the schedule to plaintiff who *did* and kept asking ask about experts. The relevant scheduling order (Doc. 56) was a joint submission of *counsel*. Attorney Gilbert therefore knew its contents and it cannot be disputed that he misrepresented its contents, even emailing Plaintiff in June 2020 that "Looks like you are right per Order 56. We COULD have retained an expert. I thought it had already expired with the other lawyers." (Doc. 130 at Ex. B, ¶ 7 and Doc. 130 at Ex. D, also attached, respectively, as Exhibits 1-B and 1-D).

Apparently, the deciding factor on credibility for the Magistrate Judge was the fact that Plaintiff has undisclosed assistance in filing Docket numbers 38 and 39. The Magistrate Judge cites TENN. BD. OF PROF'L RESPONSIBILITY, Op. 2007-F-153 (2007) which prohibits counsel from assisting a *pro se* litigant in a way that creates the impression that the *pro se* litigant is without substantial legal assistance. The rule that the Magistrate Judge cites applies to counsel, not Plaintiff. More importantly, the attorney, Jennifer Morton, declined the case and had the approval of the Tennessee Board of Professional Responsibility to proceed in the manner that she did

2

relative to the filings. (Ex. A to Motion for Review). This set of facts is no basis on which to draw an adverse conclusion as to Plaintiff's credibility.

The Magistrate Judge's improper conclusion as to credibility is used to support a statements such as "Plaintiff is again before the Court requesting absolution" and to support a finding that "the Court simply does not find credible Plaintiff's assertions that he reasonably relied on his attorneys that he could still disclose experts as a later date." Why then did Plaintiff individually hire an expert out of his own pocket?

The facts are that as soon as the Plaintiff individually discovered the problem with expert he acted very diligently: he hired an expert himself and secured, by June 25, 2020, a final report; he secured new counsel, and fully supplemented and disclosed by July 31, 2020 leaving only the need for Defendants to depose and disclose. On these facts, Plaintiff has shown both why it was impossible for him, individually, to meet the expert disclosure deadline and he has shown his diligence.

### 2. The Law

Plaintiff meets the Rule 16(b)(4) standard. The standard requires a showing of good cause, the primary determinate of which is the movant's diligence in attempting to mee the deadline. *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). If good cause can be shown, then prejudice to the nonmovant is relevant consideration. *Id.*

But the Magistrate's order of August 19, 2020 had stated that no extensions of expired case deadlines would be entertained absent "demonstrable extraordinary circumstances." (Doc. 127 at fn. 3). Plaintiff cited cases construing what "extraordinary circumstances" are not to invoke the doctrine of equitable estoppel but only to show how the phrase is construed. In the cases Plaintiff cited, extraordinary circumstances have been found to exist, or at least possible, when counsel

3

misleads their client.  *Holland v. Florida*, 560 U.S. 631, 651, 130 S. Ct. 2549, 2564 (2010), and *Nassiri v. Mackie*, --- F.3d ---, 19-1025, 2020 WL 4282159 (6th Cir. July 27, 2020).  The same is true in the cases construing Rule 60(b).  In *Travelers Cas. and Sur. Co. of America v. J.O.A. Construction Co. Inc.*, 479 Fed. Appx. 684, 696 (6th Cir. 2012), the court noted that when an attorney is malfeasant and misleads the client that courts have found that extraordinary circumstances merit relief.

The cases cited by the Magistrate Judge do not compel the denial of Plaintiff's Motion tor Extend.  In *Smith v. Holston Medical Group, P.C.*, 595 Fed. Appx. 474 (6th Cir. 2014), the court affirmed the denial of a motion to amend disclosure deadlines where an attorney was careless in vetting the qualifications of an expert.  In *Birchwood Conservancy v. Webb*, , 5:12-CV-335-KKC, 2014 WL 4443467 (E.D. Ky. Sept. 9, 2014), the court disallowed the disclosure of a new expert eighteen months after the deadline ran because the Plaintiff had recently discovered that his disclosed expert undervalued its damages.  In *Wiseman v. Lipinski*, 3:10-0250, 2011 WL 3236103 (M.D. Tenn. July 28, 2011), plaintiff was not allowed to  disclose an expert late upon explaining that party depositions had been delayed.  None of these cases involved a client relying on the misrepresentation of counsel.

The Magistrate Judge then cites several cases for the proposition that clients have been held to errors that their counsel made in our representational system of practice.  Thus, in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993), the Court affirmed a bankruptcy court's ruling that the president of a corporation who was "sophisticated" and who had actual knowledge of the bar date could be penalized for his counsel's neglect.  In *United States v. Boyle*, 469 U.S. 421, 105 S.Ct. 687 (1985), an executor whose estate missed a tax filing deadline, which was not mentioned by counsel, could not be

4

excused for the lapse on the basis that he had counsel because the deadline was a matter of unambiguous statute. In *Link v. Wabash Railroad Cp.*, 370 U.S. 626, 82 S.Ct. 1386 (1962), the Court affirmed the dismissal of case by counsel who failed to appear at a hearing, an event that his client had no control over. In *Stooksbury v. Ross*, 528 Fed. Appx. 547 (6th Cir. 2013), clients unaware of their attorney's error were not entitled to relief under Rule 60(b) where they could not show reasonable diligence in discovering the status of their case. *Id.* at 554.

None of these cases involve a Plaintiff who was diligent about an issue, such as experts, with his counsel where counsel misrepresented the deadline to Plaintiff. In those cases, Courts have given relief. *Holland v. Florida*, 560 U.S. 631, 651, 130 S. Ct. 2549, 2564 (2010), and *Nassiri v. Mackie*, --- F.3d ---, 19-1025, 2020 WL 4282159 (6th Cir. July 27, 2020), support the proposition that "extraordinary circumstances" exist a plaintiff has been pursuing his rights diligently and his counsel misrepresents relevant facts to him. *Travelers Cas. and Sur. Co. of America v. J.O.A. Construction Co. Inc.*, 479 Fed. Appx. 684, 696 (6th Cir. 2012) listed cased in which attorney misconduct towards the client was sufficient to distinguish the rule announced in *Pioneer v. Bruswick*, *supra.*, and *Link v. Wabash*, *supra*.

Similarly, *Gregson v. Metro. Life Ins. Co., 3:13-0678, 2018 WL 4701854, at *4* (M.D. Tenn. June 20, 2018), report and recommendation adopted, 3:13-CV-00678, 2018 WL 3655388 (M.D. Tenn. Aug. 2, 2018)) acknowledged that "the Sixth Circuit has recognized that even with the general principle of holding clients to the acts of their attorneys, courts still 'occasionally deem attorneys' misconduct sufficiently egregious to warrant post-judgment relief for their abused clients.'"

Rule 16(b) requires both good cause and consent of the Court. Plaintiff respectfully suggests that it would be just to give consent because he has shown good cause.

5

Lastly, putting Charles Baum aside, the disclosure of Dr. Natalie Cusano on July 31, 2020, is in another category altogether. Plaintiff only started seeing her in April of 2020. The Magistrate Judge held that the July 31, 2020 disclosure was untimely. But in the context of events, first a mediation followed by withdrawal of counsel, and then a disclosure that fully complies with Rule 26 because she has opinions that go beyond her mere care and treatment of Plaintiff, is not untimely. It was done five months before trial. Even with a January 5, 2021 trial date, the supplementation was done 158 days before trial. There is more than sufficient time for her deposition, if desired, but barring Dr. Cusano is a far too drastic remedy.

### B.  THERE IS NO SUBSTANTIAL PREJUDICE

As argued in the motion, while prejudice is, and should be a consideration, given the speed at which Plaintiff labored to make the July 31, 2020 disclosures once he learned of the problems with expert discovery that were not of his doing, and given the time remaining for Defendants to take depositions and disclose, the prejudice that exists is more a disappointment in expectations than anything else. There is time for the Defendants to depose and disclose, and there was time when the disclosures were made. Plaintiff is not to blame that his prior lawyer was uncommunicative and became disbarred, and he is not responsible for the affirmative misrepresentations that his most recent counsel made to him. While inconvenient in the sense that work would be required, Plaintiff respectfully suggests that any actual prejudice is not substantial and that the equities weigh in favor of allowing his late disclosures precisely because of the diligence that he has exhibited in this case.

WHEREFORE, Plaintiff, by counsel, respectfully requests, pursuant to the reasons stated above and the reasons stated in his Motion, that this Court enter an order overruling the Order of

August 25, 2020, and enter an order allowing the Defendants time to depose experts and disclose their own, if they wish. Plaintiff further prays for any other relief that this Court deems just.

>Respectfully submitted,
>
>/s/ Edward R. Moor
>Moor Law Office, P.C.
>One N. LaSalle Street, Suite 600
>Chicago, Illinois 60602
>312-726-6207
>erm@moorlaw.net
>Illinois Attorney #: 6205169

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users.

>/s/ Edward R. Moor