# EXHIBIT 1-B

# Ex. B to Plaintiff's Motion to Extend filed 8-19-20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., ) | |
| ) | Civil Action No. 3:17-cv-00400 |
| Plaintiff, ) | |
| ) | The Honorable Eli Richardson |
| v. ) | |
| ) | Magistrate Judge Barbara D. Holmes |
| VANDERBILT UNIVERSITY MEDICAL ) | |
| CENTER, and VANDERBILT ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF DR. GOBIND SINGH

I, Gobind Singh, under penalty of perjury, hereby declare and state as follows:

1. In the course of the mediation that occurred in late May and early June of 2020, I learned that I did not have an expert witness to discuss my lost earnings as a fellowship trained ophthalmologist. This issue arose when my counsel, Justin Gilbert, and I were speaking with the mediator about financial modelling of back pay, front pay, and lost earnings.

2. In an effort to give the mediator/Vanderbilt what they claimed was more reliable, I immediately hired an economist, Dr. Charles Baum, and asked him if he could develop an analysis that I intended to use at the mediation and trial, if need be.

3. I had specifically advised Mr. Gilbert and his associate, in writing, when we were preparing the answers to interrogatories in November 2018, that I wanted to seek damages that included "*future pay for an ophthalmologist and/or a sub-specialized ophthalmologist ex: ocular oncology and/or retina was/is the plan*" and was told in response that they agreed and the issue would be addressed later and I should trust my lawyers.

4. As the case proceeded after the interrogatory answers were served, I was told by Mr. Gilbert and his associate that the issue of experts would be addressed after the motion for summary judgment was decided. When I was deposed in April 2019 I believed that we would later be hiring an expert witness to discuss a claim for lost salary as a fellowship trained ophthalmologist.

5. After the motion for summary judgment was decided on January 16, 2020 and after mediation concluded, Mr. Gilbert told me that my prior lawyers had failed to disclose experts in accordance with the Federal Rules. Gilbert did not remember which Rule specifically when I asked him which rule he was talking about.

6. Before mediation, I was unaware that lack of expert witnesses was a problem because of missed deadlines. It was a surprise to me to observe the pushback I got from Mr. Gilbert and the mediator for lost salary of an ophthalmologist. After the mediation started, and after being told by the mediator (by way of Vanderbilt) that an expert economist would have been useful, I immediately and without the help of Gilbert retained Dr. Charles Baum to determine the lost earnings of a fellowship trained ophthalmologist (*i.e,* vitreoretinal surgeon). That was when I learned about Federal Rule 26 specifically.

7. After the mediation, Mr. Gilbert started telling me it was too late for experts and that prior counsel had let the deadline lapse. I searched the docket myself (easier now knowing Federal Rule 26) and learned that an order on this was entered on November 6, 2018, which was during the time Gilbert was my counsel, had required the disclosure of experts in January 2019. When I asked attorney Gilbert if he was incorrect about his assertion blaming prior counsel and specifically pointed him to Filing 56. Gilbert responded "*Looks like you are right per Order 56. We COULD have retained an expert.*

2

*I thought it had already expired with the other lawyers.*" (Ex. A, excerpt of June 8, 2020 email). Over the next six days after this email, Gilbert's behavior became more concerning leading up to him aggressively trying to have me sign a document that I supposedly agreed to Vanderbilt's settlement terms, which I refused to and informed Gilbert his behavior was alarming. On June 14, 2020, I asked Gilbert for a copy of my entire case file (Ex. E to Doc. No. 110), which resulted in Gilbert sending me a termination letter later that day. (Ex. A to Doc. No. 110).

8. I was also unaware of the rules that require the disclosure of treating physicians and other non-retained experts in a specific manner, and only learned after I found new counsel that the only disclosure Mr. Gilbert had made, which were in the answers to interrogatories served in November 2018, was apparently all insufficient.

9. I started seeing Dr. Cusano in April 2020 during COVID-19 quarantine.

10. I relied on my counsel to prosecute the claim and was not aware until early June 2020 that Gilbert had made decisions, against my wishes and contrary to what he agreed to do with me, that technically limited me to the front pay of a resident as I understand from my new counsel.

11. Since learning of the problem, I have attempted to be diligent, first by hiring an economic expert myself, and second by retaining new counsel also by myself, and working with him to cure the deficiencies with the written disclosures as quickly as possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Gobind Singh_ 8/17/20

Executed on August 17, 2020, in New York, New York.