IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., Ph.D., | ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:17-cv-00400 ) |
| VANDERBILT UNIVERSITY MEDICAL CENTER, et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Review of Non-Dispositive Order of Magistrate Judge (Doc. No. 135, "Motion"). Via the Motion, Plaintiff asks the Court to overrule or amend the Magistrate Judge's Order of August 25, 2020 (Doc. No. 132, "Order"), wherein the Magistrate Judge denied Plaintiff's motion for extension of time to complete discovery to allow expert disclosures (Doc. No. 130). Defendants have responded in opposition to the Motion (Doc. No. 137), and Plaintiff has replied (Doc. No. 140). For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

The Order adequately sets forth the relevant background in this matter and the Court adopts that section of the Order here. (Doc. No. 132 at 2-4).

## LEGAL STANDARD ON MOTION FOR REVIEW OF NON-DISPOTIVE ORDERS OF MAGISTRATE JUDGE

Federal Rule of Civil Procedure 72(a) provides that the Court "must consider timely objections" to a magistrate judge's order on a non-dispositive matter and must "modify or set aside

any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).[1] The United States Supreme Court and the Sixth Circuit have both held that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). "[T]his standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

The "contrary to law" standard requires the district court employ "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal citation and quotation marks omitted).

"A magistrate judge's order on non-dispositive matters 'should draw great deference, as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome.'" *EMW Women's Surgical Ctr. v. Bevin*, No. 3:17-CV-189-GNS, 2018 WL 10229473, at *2 (W.D. Ky. Sept. 28, 2018) (quoting *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-148-GNS-HBB, 2016 WL 1057322, at *1 (W.D. Ky. Mar. 31, 2017)). However, a "district court cannot simply 'concur' in the magistrate's findings." *Id*. (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)).

---

[1] Exclusion of experts is a non-dispositive matter. *See Jackson v. Steele*, No. CIV.A. 11-72-DLB-EBA, 2013 WL 4520938, at *2 (E.D. Ky. Aug. 26, 2013); *Wendorf v. JLG Industries, Inc.*, No. 08–cv–12229, 2010 WL 148255, at *1 (E.D. Mich. Jan. 11, 2010); *Nikkal Industries, Ltd. v. Salton, Inc*., 689 F. Supp. 187, 189 (S.D.N.Y.1988).

## LEGAL STANDARD ON MOTION TO MODIFY SCHEDULING ORDER

Rule 16 governs modifications to scheduling orders. *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

## ANALYSIS

Plaintiff raises seven objections to the Order. (Doc. No. 135). The Court will review each of Plaintiff's objections in turn.

*Objection #1*

Plaintiff's first objection is that the Magistrate Judge "improperly infer[red] that Plaintiff's obvious concern with experts meant that he was also aware of deadlines" and "ignore[ed] that the attorney who entered the last deadline clearly *mislead* [sic] Plaintiff about it." (Doc. No. 135 at 1). The Court overrules this Objection because, as Defendants aptly state, Plaintiff's articulation in his objection of the Magistrate Judge's findings "is simply inaccurate and a massive oversimplification." (Doc. No. 137 at 7).

The Order makes quite clear the Magistrate Judge did not infer or ignore what Plaintiff claims she inferred and ignored. The Magistrate Judge specifically stated:

> Plaintiff clearly understood the need for expert testimony from the beginning of this case. At least one attorney whom Plaintiff retained (albeit not officially as counsel of record in this case) consulted with an expert. The Court extended the expert disclosures deadline, notified Plaintiff that it would not be extended again due to an untimely request, and then, ultimately, provided Plaintiff relief from the consequences of his first attorneys' conduct by reinstituting a deadline for expert disclosures even after a first and second deadline expired without expert disclosures having been made. When given this restart, the Court warned Plaintiff that there

would be no further indulgences in this case. And, Plaintiff is very familiar with what to do when an attorney is not adequately attentive to the needs of his case. Given the posture of this case, including that trial was imminent when the parties agreed to participate in mediation, the Court simply does not find credible Plaintiff's assertions that he reasonably relied on his attorneys that he could still disclose an expert at a later date.

(Doc. No. 132 at 9). Thus, the Magistrate Judge specifically addressed Plaintiff's awareness (from the beginning of this case) of expert disclosure *deadlines*, as opposed to mere awareness of the need for experts.[2] In other words, the Magistrate Judge did not *infer* (from Plaintiff's concern with experts) that he was aware of expert witness deadlines, but rather found that he was aware of expert witness deadlines because she had specifically advised him of them. Moreover, the Magistrate Judge did not *ignore* Plaintiff's assertion that he was misled as to whether he could disclose experts; instead, she found the assertion *not credible*, as quoted above. (Doc. No. 137 at 7).

Moreover, Plaintiff does nothing to explain how these findings are clearly erroneous. Instead, as with most of Plaintiff's objections, he merely states his disagreement with the Magistrate Judge's findings. Such disagreement is not a proper objection to a magistrate judge's order. *See King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) (explaining that objections to a magistrate judge's ruling that merely state a disagreement with the magistrate's resolution are not sufficient to alert the district court to alleged errors by the magistrate judge). Accordingly, the Court cannot find clearly erroneous the Magistrate Judge's finding that Plaintiff was aware of expert discovery deadlines.

---

[2] The Court also notes that the existence of Plaintiff's awareness of the expert disclosure deadline (and the importance thereof) is supported by the fact that Defendants in this matter have previously filed a motion to dismiss, and a renewed motion to dismiss, arguing that this case should be dismissed for Plaintiff's prior failure to meet discovery deadlines. (*See* Doc. Nos. 27, 70).

*Objection #2*

Plaintiff next objects that "the fact conclusions on pages 6, 7, and 9 of the [Order] are unsupported." (Doc. No. 135 at 3). Specifically, Plaintiff objects to the Magistrate Judge's description of him as an "extremely sophisticated consumer of legal services." Plaintiff additionally takes issue with the Magistrate Judge deeming not credible Plaintiff's statement that he relied on his attorney's representation that he could still disclose experts.

The Court cannot say that the Magistrate Judge's finding that Plaintiff is an "extremely sophisticated consumer of legal services" is clearly erroneous. The record of this case reveals that Plaintiff has been a very active participant in this lawsuit, even filing his own pro se filings when he disagrees with the path that his retained counsel has chosen. (*See* Doc. No. 110). It was these well-written pro se filings throughout the record that led the Magistrate Judge to conclude that Plaintiff "is not an unsophisticated lay litigant who has been completely at the mercy of his attorneys in this case." (Doc. No. 132 at 8 n.7). In addition, the Court notes that whether a person qualifies as "extremely sophisticated" in a particular respect is to a large extent a matter of subjectivity rather than "fact." What is to one person an "extremely sophisticated" consumer may not be an "extremely sophisticated" consumer to another person, *even if* the two persons have no disagreement about any underlying facts regarding the consumer; they may just have a reasonable disagreement as to whether it makes sense semantically to apply the label "extremely sophisticated" to that consumer. Upon review of the record, and the Court's own knowledge of Plaintiff's involvement in this matter, the Court finds that the Magistrate Judge's conclusion that Plaintiff is an "extremely sophisticated consumer of legal services," to the extent that it is actually a factual finding rather than a verbal characterization based on underlying facts, is not a clearly erroneous factual finding.

Further, the Magistrate Judge found not credible Plaintiff's statement that his attorney represented that he could disclose experts at a later date, and this finding is also not clearly erroneous. Plaintiff specifically takes issue with the Magistrate Judge's credibility determination because "the deciding factor on credibility for the Magistrate Judge was the fact that Plaintiff ha[d] undisclosed assistance in filing [Doc. Nos.] 38 and 39." (Doc. No. 135-1 at 2). Plaintiff contends that such finding should not affect his credibility, because "[t]he ethical rules that the Magistrate Judge cites in . . . the order apply to counsel, not the Plaintiff, and should not be used to question Plaintiff's credibility." (Doc. No. 135 at 3).

A review of the Order reveals that the Magistrate Judge based her (lack of) credibility finding on much more than Plaintiff's non-disclosure of his reception of legal assistance while he was proceeding pro se. For example, the Magistrate Judge also pointed out that Plaintiff's stance was not credible because "he knew that the use of experts was a problem issue, because the Court had previously denied an extension." (Doc. No. 132 at 7). The Magistrate Judge further explained that

> [i]n denying Defendants' motion to dismiss for Plaintiff's lack of diligence and noncompliance with case management orders, the Court expressly admonished Plaintiff that he should not expect further indulgences. *See e.g.* Docket No. 52 at 3-5. With this admonition, the Court allowed Plaintiff another opportunity to revisit the use of experts. See Docket No. 53. All of this put Plaintiff on notice that compliance with case management deadlines, including specifically timely expert disclosures, were critical.

(*Id.*). Further, the Magistrate Judge's issue with Plaintiff not disclosing that he was receiving assistance from (not-of-record) counsel was not that it possibly violated an ethics rule, but rather that Plaintiff previously had "left [her] with the impression that Plaintiff was without substantial legal assistance at the time." (Doc. No. 132 at 7 n.7).

Accordingly, like her finding regarding Plaintiff's sophistication, the Magistrate Judge's rejection of his credibility fall far from falling into the category of "clearly erroneous." Thus, the Objection is overruled.

*Objection #3*

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff was not diligent in seeking to extend the deadline. (Doc. No. 135 at 4). Plaintiff argues that after he learned in June 2020 of the expert disclosure deadline, he acted promptly by retaining one expert and disclosing another by July 31, 2020; thus, Plaintiff asserts that it was "error" for the Magistrate Judge to find that he was not diligent in seeking an extension of time. (*Id.*).

Plaintiff's argument requires this Court to accept the premise that Plaintiff was not aware of the expert disclosure deadline until June of this year. But the Magistrate Judge determined that Plaintiff was on notice of such expert disclosure deadline (prescribed as January 3, 2019) from the beginning of this case. (*See* Doc. No. 132 at 9). And, as discussed above, that determination is not clearly erroneous. Under these circumstances, the Court cannot find that the Magistrate Judge's determination that Plaintiff was not diligent in his efforts to secure an expert *a year and a half* after the expert disclosure deadline was clearly erroneous. Accordingly, this Objection is overruled.

*Objection #4*

In Objection #4, Plaintiff asserts, "Having suggested that the standard to be used in reviewing any motion to extend would be 'extraordinary circumstances,' rather than Rule 16(b)(4)'s good cause standard, the Magistrate misapplied both standards." (Doc. No. 135 at 4).

In the Order, the Magistrate Judge noted that, according to Plaintiff's motion to extend deadline to disclose experts, the equitable tolling doctrine required granting of his motion. After noting such, the Magistrate Judge explained that the equitable tolling doctrine "does not apply to

a decision to extend a scheduling deadline." (Doc. No. 132 at 10 n.9). In his objection, Plaintiff notes that the Magistrate Judge stated in an order (entered after the discovery deadline had been extended several times) that "no extensions of expired case deadlines would be entertained absent 'demonstrable extraordinary circumstances.'" (Doc. No. 135-1 at 3 (citing Doc. No. 127 at 3 n.3)). It was this statement, Plaintiff implies, that prompted him to cite cases addressing what constitutes "extraordinary circumstances" in his motion to extend deadline to disclose experts; he claims he did so to demonstrate what constitutes "extraordinary circumstances, not to invoke equitable estoppel. (*Id.*).

The Court assumes that Plaintiff intends to imply that the Magistrate Judge applied the wrong standard by using the "extraordinary circumstances" language, when in fact an extension of a discovery deadline is appropriate when good cause is shown. Although the Magistrate Judge may have used the term "extraordinary circumstances" in her prior order (Doc. No. 127), it is clear from a review of the Order that the Magistrate Judge used the proper standard—Rule 16(b)(4) good cause—in determining whether to grant Plaintiff relief with respect to expert disclosure deadlines.

Plaintiff additionally asserts that the Magistrate Judge misapplied the Rule 16 standard. He contends that she did so because, according to Plaintiff, cases applying Rule 16 have found good cause to extend deadlines when an attorney misrepresents facts to a client. (Doc. No. 135 at 4). The problem with Plaintiff's argument is that the Magistrate Judge found not credible Plaintiff's assertion that his prior attorney misrepresented the expert disclosure deadline. And this Court above found that finding to not be clearly erroneous. Accordingly, Plaintiff's argument relies on inapplicable cases and thus misses the mark, and the Magistrate Judge's legal conclusions do not

"contradict or ignore applicable precepts of law[.]" *Gandee*, 785 F. Supp. at 686. Accordingly, this Objection is overruled.

*Objection #5 and #6*

In Objection #5, Plaintiff simply states that "[f]or the reasons stated above the Magistrate Judge erred in barring Charles Baum." (Doc. No. 135 at 5). In Objection #6, Plaintiff argues that the Magistrate Judge erred in barring Dr. Cusano. These objections demonstrate a mere disagreement with the Magistrate Judge's ruling; they do not point out how such ruling was clearly erroneous or contrary to law. As noted above, such mere disagreement is not a proper objection to a magistrate judge's order. *See King*, 542 F. Supp. 2d at 706. Accordingly, these objections are overruled.

*Objection #7*

In Plaintiff's final objection, he asserts that, "[t]he Magistrate Judge erred in finding substantial prejudice to Defendants." (Doc. No. 135 at 6). Plaintiff argues that Defendants would have time to depose his experts prior to the January trial date; thus, according to Plaintiff, Defendants would not be prejudiced by the late disclosure. (*Id.*). Plaintiff asserts that "the only real prejudice is the disappointed expectation that the case would be tried without an expert on the economic loss or without the Plaintiff's treating endocrinologist." (*Id.*). Plaintiff once again states his mere disagreement with the Magistrate Judge, rehashing arguments that were raised and decided by her, rather than arguing that her decision as to prejudice was clearly erroneous.

Nevertheless, Defendants respond defending the Magistrate Judge's finding as not clearly erroneous, and explaining that

> prejudice to Defendants would clearly occur if the expert deadline is extended. The Magistrate correctly noted the cost of additional, unanticipated expert discovery to Defendants would be prejudicial. The Report also noted the potential cost of additional discovery that would be necessary to probe the veracity of Plaintiff's

> assertions before this Court. Such additional discovery would, at a minimum, include depositions of several of Plaintiff's former attorneys and perhaps the mediator given Plaintiff's multiple references to specific mediation communications.
>
> Additionally, the record makes it clear—and Plaintiff admits—that he hired an expert during confidential settlement negotiations during mediation. His Declaration testimony (both impermissibly and incorrectly) describes fairly specific conversations that occurred with his attorney, opposing counsel and the mediator about expert proof. These communications occurred prior to Plaintiff retaining an expert and Plaintiff clearly had the benefit of these communications at the time he retained his expert. To allow Plaintiff to proceed with expert testimony solicited after and designed to specifically respond to Defendants contentions revealed during confidential conversations about proof deficiencies during mediation would be further prejudice Defendants.

(Doc. No. 137 at 13).

Apparently, Defendants' point here is that during settlement negotiations during mediation, Defendants conveyed candidly to Plaintiff (directly or indirectly) the proof gaps he would have because he had not timely hired an expert—and that Defendants never would have clued Plaintiff in to these gaps had Defendants known that he could still hire an expert who would now have the benefit of Defendants' insight into what an expert witness would need to do to prop up Plaintiff's case. The Court agrees with Defendants that based on the record as a whole, it cannot find clearly erroneous the Magistrate Judge's finding that Defendants would be prejudiced if the expert disclosure deadline was extended. Therefore, this Objection is overruled.

## CONCLUSION

"In civil litigation, deadlines are of crucial importance and time is usually not on the side of those who treat deadlines cavalierly." *Brumback v. Wurth Baer Supply Co.*, No. 5:19-CV-010-JMH-MAS, 2019 WL 2814649, at *1 (E.D. Ky. July 2, 2019). Although Plaintiff clearly disagrees with the Magistrate Judge's decision to deny his motion for extension of time to complete discovery to allow expert disclosures, he has not shown that her decision was clearly erroneous or

contrary to law. Therefore, his objections are overruled and his Motion (Doc. No. 135) is **DENIED**.

    IT IS SO ORDERED.

                                                *Eli Richardson*
                                          ELI RICHARDSON
                                          UNITED STATES DISTRICT JUDGE