IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., Ph.D., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-00400 |
| | ) JUDGE RICHARDSON |
| VANDERBILT UNIVERSITY MEDICAL CENTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Currently pending before the Court is Plaintiff's "Motion to Substitute a Treating Physician (Contested)" (Doc. No. 151, "Motion"). Via the Motion, Plaintiff asks the Court to substitute Dr. Natalie Cusano, "only as a treating physician," in place of his previously disclosed treating physicians Dr. Gary Wand and Dr. Susan Henley. The upshot of such "substitution," should it be permitted, is that Dr. Cusano would be permitted to testify as trial, whereas otherwise she would not.

On August 25, 2020, Magistrate Judge Holmes denied Plaintiff's motion to disclose Dr. Cusano as an expert witness or as a (treating physician) fact witness. (Doc. No. 132). Plaintiff thereafter filed a motion for review of that decision and this Court denied it on October 26, 2021. (Doc. No. 141). Magistrate Judge Holmes's opinion stated:

> Although not entirely clear, Plaintiff also apparently seeks to use expert testimony of two additional witnesses. This requested relief further convolutes the question before the Court. Plaintiff does not clearly identify these additional witnesses in his motion. Instead, he cites to an exhibit that is embedded in the 143-page filing. *See* Docket No. 130 at 6 and 67-72. The two additional intended experts appear to be Natalie Cusano, who is Plaintiff's current treating endocrinologist, and Thaddeus Wandel, who was previously disclosed as a fact witness.

Apparently (although, again not entirely clear), Plaintiff made no effort to supplement his discovery responses to include Dr. Cusano as an additional treating physician, even though she reportedly began care of Plaintiff in April of 2020. Had Plaintiff timely supplemented his discovery responses, Dr. Cusano would be permitted to offer testimony as a treating physician. However, Plaintiff offers no specific explanation for not having previously disclosed Dr. Cusano as a treating physician. Presumably, Plaintiff relies on his other arguments about the failings of his last attorney. For the reasons already stated, Plaintiff has no refuge there. Nevertheless, the Court does not have the benefit of Plaintiff's entire deposition, although Plaintiff was likely only deposed once in April 2019, prior to beginning care with Dr. Cusano. Nevertheless, if Plaintiff previously disclosed Dr. Cusano as a treating physician in a later deposition or otherwise, then Dr. Cusano may testify in that capacity but not as an expert, including not as to her opinion about a purported misdiagnosis in 2015. Otherwise, if Dr. Cusano was not previously disclosed as a treating physician, she may not testify at all. Discovery responses must be supplemented "in a timely" manner, and if Plaintiff's July 31, 2020 supplemental discovery responses identify Dr. Cusano for the first time when she has been his treating physician since April 2020, that is not timely. Fed. R. Civ. P. 26(e)(1)(A).

. . .

For all these reasons, Plaintiff's motion to extend the time for expert disclosures and discovery is denied. Plaintiff shall not be permitted to use the expert reports of Charles Baum or Natalie Cusano. Nor may Defendants use those reports for any reason, including impeachment. If Dr. Cusano was previously identified as a treating physician, she may testify in that capacity, but not as to any expert opinions, including her opinion about any previously purported misdiagnoses by other physicians or healthcare providers.

(Doc. No. 132 at 11-13).

Plaintiff contends that circumstances beyond his control now warrant the substitution of Dr. Cusano for Drs. Henley and Wand as a treating physician witness to enable Dr. Cusano to testify at trial, which is scheduled to begin on September 14, 2021. (Doc. No. 151 at 4-5). Defendants responded in opposition to the Motion (Doc. No. 155, "Response"), and Plaintiff filed a reply (Doc. No. 156, "Reply"). The Motion is now ripe for review.

**LEGAL STANDARD**

Rule 16 governs modifications to scheduling orders. *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (explaining that the good cause analysis also includes consideration of potential prejudice to the non-movant).

Additionally, Federal Rule of Civil Procedure 37 provides (among other things) that where a party fails to "identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). One way to fail to identify a witness as required by Rule 26(a) or (e) is to identify the witness belatedly, *i.e.*, outside of the timeframes (whether exact or more malleable)[1] set forth in Rule 26(a) and (e).[2] And it is in this sense that Plaintiff has failed to identify a witness (Dr. Cusano) as required by Rule 26(a) or (e) and thus is prohibited by Rule 37 from using the witness's testimony unless the failure was substantially justified or harmless.[3]

---

[2] As an example of a precise timing standard, Rule 26(a) generally requires that initial disclosures be made within 14 days after the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C). Notably, this deadline is subject to a stipulation or court order (like the initial case management order entered in this case) prescribing a different deadline. *See id.* As an example of a malleable timing standard, Rule 26(e) requires that supplementation of initial disclosures and discovery responses be made "in a timely manner." *See* Fed. R. Civ. P. 26(e)(1).

[3] It is undisputed that Dr. Cusano was first disclosed on July 31, 2020, and this Court has already found this disclosure to be untimely. As noted above, the magistrate judge has previously held that Plaintiff did not timely disclose Dr. Cusano as a treating physician, explaining that "if Dr. Cusano was not previously disclosed as a treating physician, she may not testify at all. Discovery responses must be supplemented 'in a timely' manner, and if Plaintiff's July 31,

Five factors are used in determining whether an omitted or late disclosure is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Serve., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

One district court provided a cogent discussion—which the Court believes to be entirely applicable in the Sixth Circuit—of the law as it relates to requests to take depositions for trial purposes after expiration of the discovery deadline:

> It is well-established that "there is no right to a 'trial deposition' separate and apart from the 'deposition' rules expressly found in Rules 30 through 32. Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial." *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (rejecting request to take trial depositions beyond the discovery period). This principle is supported by important policy considerations:
>
>> The strongest reason why this principle must apply is that the modern Federal Rules of Civil Procedure expressly confer very broad and comprehensive discretion by district courts over the management of all pretrial activities, especially discovery and scheduling.... If trial depositions are not governed by standard discovery deadlines required by Rule 16 and the procedures for "depositions" set forth in Rule 30 and 32, parties could wait until after discovery closes to take depositions by merely designating the depositions "for trial use." Consequently, permitting parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket.
>
> *Id.* (citations omitted); *see, e.g.*, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (affirming a district court's denial of leave for a party to take an additional deposition shortly before trial, and after the discovery cutoff). For this

---

2020 supplemental discovery responses identify Dr. Cusano for the first time when she has been his treating physician since April 2020, that is not timely. Fed. R. Civ. P. 26(e)(1)(A)." (Doc. No. 132 at 12).

reason, requests to deviate from a scheduling order require a showing of "good cause," and if the request is made after the deadline in question, as here, an additional showing of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1); Fed. R. Civ. P. 16(b)(4) . . . .

*Francis v. US Airways, Inc.*, No. 15-CV-80557, 2015 WL 11711831, at *2 (S.D. Fla. Dec. 16, 2015).

## DISCUSSION

As described above, it is undisputed that Plaintiff's disclosure of Dr. Cusano as a (treating physician) fact witness was untimely under the Federal Rules of Civil Procedure. (*See* Doc. No. 132 at 11-13). The issue now before the Court is whether Dr. Cusano may be allowed to testify as a (treating physician) fact witness despite Plaintiff's late disclosure.

i. The Parties' Positions

Plaintiff asks the Court to substitute Dr. Cusano, "only as a treating physician," in place of previously disclosed treating physician witnesses Dr. Wand and Dr. Henley. (Doc. No. 151 at 1). Plaintiff contends that Dr. Wand and Dr. Henley reside outside of this Court's subpoena power and they refuse to voluntarily appear at trial.[4] (*Id*. at 3). Plaintiff represents that Dr. Wand informed Plaintiff in August 2020 that he refused to appear at trial, and Dr. Henley informed Plaintiff in April 2021 that she refused to appear at trial. (*Id*. at 2). He maintains that these witnesses' refusals to appear at trial amount to "circumstances outside of his control" and warrant the Court to allow the untimely disclosure of Dr. Cusano as a (treating physician) fact witness at trial. (*Id*. at 3-4).

---

[4] Under Federal Rule of Civil Procedure 45(c)(1)(A) an out-of-district witness like Dr. Wand or Dr. Henley can be commanded (by subpoena) to attend the trial of this case only if he or she resides, is employed, or regularly transacts business within 100 miles from the courthouse. It appears undisputed that under this rule, neither Dr. Wand nor Dr. Henley can be commanded to attend the trial of this case.

Plaintiff represents that Dr. Cusano began treating Plaintiff in April 2020, and Plaintiff (untimely)[5] disclosed her as a treating physician witness on July 31, 2020. (*Id.* at 1). Plaintiff argues that there will be little prejudice posed to Defendants by allowing Dr. Cusano to testify because "Defendants are already aware of Dr. Cusano's primary opinion, *i.e.*, that Plaintiff has a pituitary microadenoma through Dr. Wand, who also made that finding." (*Id.* at 3). Plaintiff also argues that the prejudice posed to Defendants is minimal because "[s]ince the inception of the case the Defendants have not asked for, and have not taken, the depositions of any of the treating physicians listed by Plaintiff" and "[i]f the Defendants did wish to depose Dr. Cusano, there is time, the Plaintiff has offered to make her available and the deposition could be taken remotely." (*Id.*).

In response, Defendants argue that Plaintiff's Motion should be denied because Plaintiff has known the geographical locations of Dr. Wand and Dr. Henley since the beginning of this lawsuit; thus, it is not an unforeseen circumstance that they refuse to come to trial in Nashville and cannot be compelled to do so by this Court's subpoena power. (Doc. No. 151 at 3, 5). Additionally, Defendants argue that despite knowing these witnesses' geographical locations, Plaintiff did not take the depositions of these witnesses, and instead Plaintiff merely "hope[d]" that these witnesses would appear for trial. (*Id.* at 3, 5).[6] Defendants also assert that they will be prejudiced if they now have to divert trial preparation resources to deposing Dr. Cusano, which is Plaintiff's suggested

---

[5] The initial case management order in this matter required Initial Disclosures to be made more than four years ago. (Doc. No. 10). And it called for discovery (depositions and written discovery) to be completed almost three and a half years ago. (*Id.*).The discovery deadline was later extended to April 12, 2019. (Doc. No. 67). On August 19, 2020, Plaintiff filed a motion to extend the discovery deadline (although the motion was essentially one to re-open discovery, rather than to *extend* the deadline, which by then already had expired) (Doc. No. 130), which as explained above was denied by the magistrate judge on August 25, 2020 (Doc. No. 132). A more detailed description of this case's "long and tortured history" (as described by the magistrate judge) in regard to discovery and other pretrial deadlines is succinctly laid out in the magistrate judge's prior Order (Doc. No. 132 at 2-4).

[6] Defendants argue that Plaintiff's Motion is a motion to "in effect reopen discovery to conduct a fact deposition more than two years after the Court's discovery deadline and only three months from trial." (Doc. No. 155 at 4). The Court disagrees with this characterization of Plaintiff's Motion, as Plaintiff clearly seeks in his Motion not to take a fact witness deposition, but to use Dr. Cusano's testimony at trial.

remedy for any prejudice posed to Defendants. (*Id*. at 5-6). Defendants also argue that Plaintiff's Motion should be denied because it is really an attempted second motion to allow Dr. Cusano to testify as an expert. (*Id*. at 6-8).

ii. Analysis

The Court agrees with Defendants that Plaintiff has not demonstrated good cause to amend the scheduling order to allow the late disclosure of Dr. Cusano as a treating physician. Additionally, Plaintiff has not demonstrated that Plaintiff's late disclosure of Dr. Cusano as a treating physician is "substantially justified" to enable her to testify at trial. *See* Fed. R. Civ. P. 37(c)(1).

First, the Court agrees with Defendants that Plaintiff was well aware of the geographical location of the residences and the locations of employment of Drs. Henley and Wand and was aware that these residences and the locations of their employment were outside of the Court's subpoena power. However, Plaintiff made no effort during the discovery period to depose these witnesses. And he has not offered any excuse for his failure to do so, except that he (supposedly) had the mistaken belief that these witnesses would voluntarily appear at trial in Nashville. (*See* Doc. No. 151-1). But he does not claim to have confirmed, or even sought to have confirmed (at least until August 2020 at the earliest when Dr. Wand informed him that he would *not* voluntarily attend trial), this belief from the witnesses themselves. It is no stretch to say that rule number 1 for a party's trial planning is to ensure either that the party's witnesses (i) *will* attend trial, either voluntarily or by subpoena if necessary, or (ii) are timely deposed for trial preservation purposes. A party that fails to do so is derelict in its responsibilities. *See, e.g., Francis*, 2015 WL 11711831, at *2 (denying the defendants' motion to extend the discovery deadline to permit them to take additional depositions of two doctors for use at trial because "[n]ecessarily, the onus was on the

Defendants to ensure that their witnesses would be available to testify at trial and, if not, to take direct testimony within the discovery period to preserve for trial.")

Accordingly, the Court finds that Plaintiff has not demonstrated good cause to modify the scheduling order and allow him to designate Dr. Cusano as a treating physician at this late hour. *See* Fed. R. Civ. P. 16(b)(4). Moreover, the Court finds that allowing Plaintiff to disclose Dr. Cusano as a treating physician at this point in time would likely result in prejudice to Defendants. For example, Defendants would have the option to depose Dr. Cusano, which could lead to a delay in the trial or cause them to divert resources and time used from trial preparation to Dr. Cusano's deposition. Moreover, Plaintiff clearly intends (or at least hopes) to have Dr. Cusano testify at trial to a particular "opinion, *i.e.*, that Plaintiff has a pituitary microadenoma through Dr. Wand, who also made that finding," (Doc. No. 151 at 3), and there can be absolutely no question that Defendants would (colorably and understandably) move in limine on multiple grounds to exclude such testimony; litigating such a motion would further divert resources from trial preparation. And depending on what Defendants conclude Dr. Cusano conceivably would (and would be allowed to) tell the jury at trial, Defendants very well may perceive the need to move the Court to allow it to identify additional expert witnesses, thus diverting Defendants' trial preparation resources and also risking a substantial delay in the trial.

In his reply, Plaintiff argues that the prejudice posed to Defendants would be limited because Defendants have not chosen to depose any of the other treating physicians that were timely disclosed. The Court does not see how this argument is relevant to whether Defendants will suffer prejudice if this *particular witness* is allowed to testify at trial. Accordingly, the Court will deny Plaintiff's request to allow Dr. Cusano to testify at trial in place of Dr. Wand and Dr. Henley.

Furthermore, as explained above, Federal Rule of Civil Procedure 37 provides that where a party fails to identify a witness, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the late disclosure of Dr. Cusano is neither substantially justified nor harmless. When making such a determination, district courts are to consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 748. We are less than two months out from trial (a trial that has been continued multiple times), and allowing Dr. Cusano to testify as a treating physician at this juncture would come as a surprise to Defendants, and although Plaintiff suggests that Defendants can cure that surprise by deposing Dr. Cusano, to do so, as explained, would take away time and resources Defendants are presumably already expending on trial prep. And, as noted above, there is a significant question as to whether the prerogative to depose Dr. Cusano by itself would adequately cure the prejudice caused by the addition of Dr. Cusano to the witness list.

Additionally, Plaintiff argues that the evidence is "clearly important" because "Plaintiff would like to have a treating physician explain his disability[.]" (Doc. No. 151 at 5). Although testimony or evidence regarding Plaintiff's diagnosis will be "important" to the trial, there are other avenues in which this evidence can be introduced at trial without requiring live testimony from Dr. Cusano, which Plaintiff merely contends that he "would like to have." (*Id*.). Further, if this testimony is so important to Plaintiff, he should have taken the depositions of the other treating physicians for use at trial. "Regardless, importance cannot, by itself, save improperly disclosed evidence from being found unjustified or non-harmless." *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 974 (M.D. Tenn. 2020) (Crenshaw, J.) (quoting

*EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) (internal quotation marks omitted)). Further, as explained above, Plaintiff's explanation for his late disclosure (*i.e.*, he mistakenly believed that Dr. Wand and Dr. Henley would voluntarily appear at trial) does not help to move the needle in Plaintiff's favor, as Plaintiff was well aware that this outcome could occur from very early in the case. Accordingly, the Court finds that Plaintiff's late disclosure of Dr. Cusano is neither substantially justified or harmless and she may not testify at trial pursuant to Rule 37.

Finally, the Motion will be denied on the additional grounds that the Court finds that the Motion is an obvious attempt to make an end run around the expert witness deadline, and the Court's prior denial of Plaintiff's motion to extend the expert witness deadline. Plaintiff steadfastly maintains in his Motion that he is "only seeking to add Dr. Cusano as a treating physician to testify about her care and treatment of the Plaintiff," (Doc. No. 151 at 3), but at every turn Plaintiff gives away that he actually intends to have Dr. Cusano testify as an expert witness. For example, as noted above, Plaintiff references Defendants' awareness of "Dr. Cusano's *primary opinion*, *i.e.* that Plaintiff has a pituitary microadenoma through Dr. Wand, who also made that finding." (Doc. No. 151 at 3) (emphasis added). Plaintiff also cites to cases regarding the "substitution of expert witnesses" in support of the Motion. (*Id*. at 4). Additionally, Plaintiff does not explain how Dr. Cusano's treatment of Plaintiff—which began in April 2020—is relevant to this matter. He contends that Plaintiff will testify to Plaintiff's medical history, including Dr. Wand's prior diagnosis, but he has not explained how Dr. Cusano's specific treatment (beginning in April 2020 and going forward) is relevant to his claims. One suspects that what Plaintiff wants most is to have Dr. Cusano parrot what Plaintiff describes as the opinion of Dr. Wand (likely formed prior to April 2020), *i.e.*, that Plaintiff has a pituitary microadenoma based.

Accordingly, for all of these reasons, the Motion is without merit.

CONCLUSION

For the above-mentioned reasons, Plaintiff's "Motion to Substitute a Treating Physician (Contested)" (Doc. No. 151) is DENIED.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE