IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., Ph.D., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-cv-00400 ) ) JUDGE RICHARDSON |
| VANDERBILT UNIVERSITY MEDICAL CENTER, et al., | ) ) ) |
|     Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

On August 5, 2021, Plaintiff filed a "Motion for Leave to Call a Witness at Trial by Live Video Feed (Doc. No. 158, "Motion")[1], asking the Court to "enter an order allowing Dr. Thaddeus Wandel ("Dr. Wandel") to appear by live video feed from a location within one hundred miles of his residence in New York." Doc. No. 158 at 1. Defendants have responded (Doc. No. 160, "Response"). Plaintiff replied (Doc. No. 162, "Reply").

Via the Motion, Plaintiff seeks leave for this Court to issue a subpoena requiring Dr. Wandel to appear at trial via videoconference because Plaintiff "cannot compel Dr. Wandel to appear in person at trial . . . because this Court is located more than 100 miles from [Dr. Wandel's residence]." Doc. No. 158 at 1-2; *See* Fed. R. Civ. P. 45(c)(1)(A) (allowing for a subpoena to command a person to attend a trial within 100 miles of where the person resides). Plaintiff notes

---

[1] Although Plaintiff has numbered its paragraphs in its Motion, the Court will cite to the ECF pagination because it seems that Plaintiff's paragraph numbering is off the mark. *See, e.g.*, Doc. No. 158 at 2 (where two paragraphs are numbered paragraph 5).

that "Dr. Wandel refuses to voluntarily appear in Nashville . . . but will comply with a valid subpoena requiring him to appear [remotely at trial]." Doc. No. 158 at 1.

Defendants oppose the Motion, noting that Plaintiff cannot meet the Rule 43(a) "good cause in compelling circumstances" standard (discussed below) and that granting Plaintiff's Motion would be prejudicial to Defendants. Doc. No. 160 at 2, 5.

Fed. R. Civ. P. 43(a) provides that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

> As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," and not when it is merely "inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note. Courts most frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom. *See, e.g., Parkhurst v. Belt,* 567 F.3d 995, 997, 1002–03 (8th Cir.2009) (child victim of sexual abuse); *Jennings v. Bradley,* 419 Fed. Appx. 594, 598 (6th Cir.2011) (unpublished) (three witnesses posed security threats and the fourth would be deprived of necessary mental health support if he had to testify in person).

*Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) *certiorari denied* 134 S. Ct. 2158, 572 U.S. 1101, 188 L.Ed.2d 1126.

Although Plaintiff correctly notes that he cannot compel Dr. Wandel to appear in person at trial due to the 100-mile distance from Nashville, Plaintiff has not provided any reason, in its

Motion or Reply, showing "good cause in compelling circumstances" to warrant this Court to subpoena video-feed testimony from Dr. Wandel.[2]

Although apparently planning to call Dr. Wandel as a witness at trial, Plaintiff failed to take his deposition during the allotted discovery window even though Plaintiff claims that Dr. Wandel's testimony is "central to Plaintiff's case on all counts". Doc. No. 158 at 2. Under the federal rules, depositions can be taken remotely pursuant to a court order or stipulation of the parties. *See* Fed. R. Civ. 30(b)(4) (allowing the court to order or the parties to stipulate to the taking of a deposition "by telephone or other remote means"). So even if Dr. Wandel's remote location would have posed an obstacle to taking his deposition in person, Plaintiff could have sought to take the deposition remotely. But he failed to do so.

Plaintiff now contends that he "only recently learned that Dr. Wandel refused to travel to Nashville through counsel for the hospital where Dr. Wandel works, and this change is a new development that given his importance to the case, rises to an unexpected reason that merits the use of remote transmission." Doc. No. 162 at 2. The Court disagrees, finding that that these circumstances cannot be called "unexpected." Plaintiff filed this case over four years ago. Plaintiff has known well in advance of trial (indeed, for years) that Dr. Wandel was based in New York. There is nothing remotely unforeseeable about a witness declining to attend a trial in person if they are outside the trial court's subpoena power; indeed, any such declination should be *expected*, given the inconvenience and time expenditure involved in traveling to a trial location far from the witness. In this case, the discovery period ended well over two years ago, on April 12, 2019.

---

[2] Confusingly, Plaintiff references a *Western* District of Tennessee case to stand for the proposition that attendance at trial by video has been allowed in the *Middle* District of Tennessee. In any event, the issue here is not whether attendance at trial by video is *allowed*; the issue is whether attendance at trial by video in this particular instance is *proper* and *procedurally correct*.

Plaintiff has had ample time to connect with its "central" witness either to take deposition testimony and/or explore his amenability to providing live testimony at trial.

The Court does not find Plaintiff's alleged new discovery of Dr. Wandel refusing to testify in-person without a subpoena to constitute "good cause" for purposes of Fed. R. Civ. P. 43(a). *See Eller*, 739 F.3d 467 (concluding that district court did not abuse its discretion by refusing to permit witnesses to testify telephonically, even though witnesses were located far from trial site, where the plaintiff proffered no unexpected reason for witnesses' absence and offered no indication that either witness's testimony was necessary to his case). Plaintiff's failure to connect with its witness is not the type of "unexpected reason" that Rule 43(a) aims to alleviate. *See*, *e.g.*, *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (holding in part that the district court did not err in determining that compelling circumstances justified requiring the plaintiff's witnesses to testify via video teleconferencing because three witnesses presented security threats because they were housed at maximum security prisons and had extensive disciplinary records, and that the fourth witness was in a crisis stabilization program and would not have access to proper mental health support if he were transported to another facility). Ultimately, Plaintiff has not provided "good cause" for Dr. Wandel's failure to appear in-person at trial and has not made an adequate showing under Rule 43(a).

The Court notes an independent and alternative reason for denying the Motion. Via the Motion, Plaintiff is asking the Court to do something beyond what the title indicates Plaintiff is asking the Curt to do, *i.e.,* granting Plaintiff [l]eave to [c]all a [w]itness at [t]rial by [l]ive [v]ideo [f]eed." (Doc. No. 158). Such leave is not all that Plaintiff needs or is requesting via the Motion; Plaintiff also needs this Court to *force* Dr. Wandel to appear for the purpose of providing testimony by live video feed. As Plaintiff puts it, Dr. Wandel "will comply with a valid subpoena requiring

him to appear within 100 miles of his residence." (Doc. No. 158 at 1). Thus, "Plaintiff seeks leave to issue a subpoena requiring Dr. Wandel to appear at this trial via a Zoom video teleconference." (*Id.* at 2). In other words, Plaintiff wants (and needs) this Court to enforce a subpoena requiring that Dr. Wandel sit, within 100 miles of his residence, for a trial that is being held more than 100 miles from his residence.

Plaintiff does cite two (unreported and out-of-district) cases that support the notion that a trial subpoena's 100-mile reach means not only that a witness can be compelled to testify not only within a radius of 100 miles from the place where the trial is held, but also to appear within a radius of 100 miles from where the witness resides to provide testimony by videoconference. (Doc. No. 162 at 2-3). To his credit, Plaintiff also makes the candid disclosure that other courts have disagreed and that the Sixth Circuit has not addressed the issue.(*Id.* at 3).

The Court aligns itself with those Courts that have refused to take Plaintiff's requested broad view of courts' subpoena power under Rule 45 to compel a witness to "attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. 45(c)(1). If this provision is construed to mean that a person physically residing *anywhere* (at least anywhere within the United States) can be compelled to provide testimony by videoconference from a spot (with videoconferencing capabilities) within 100 miles of their home, that would mean that virtually everyone in the United States could be compelled to "attend" trial in this manner. The upshot would be, among other things, that: (1) the physical location of witnesses would have no bearing at all on whether they can be subpoenaed to provide trial testimony; (2) virtually every witness could be compelled not just to provide testimony, but also to deal with the sometimes frustrating logistics (with or without technical support from the subpoenaing party) to enable such videoconferencing to occur; (3) the subpoenaing party would

always be able to avoid having its witnesses subject to in-person (*i.e.,* probably more *effective*) cross-examination by the simple expediency of subpoenaing its witnesses to testify by videoconference; and (4) the notion of "attend[ing]" a trial would be expanded far beyond its traditional scope, which encompassing appearing at the courthouse itself.

Notably, the argument in favor of Plaintiff's broad construction of the 100-mile rule does not logically allow for a requirement that if a witness is within 100 miles of the trial courthouse, then the witness must appear in person rather than by videoconference. Instead, the argument necessarily seems to contemplate that it is appropriate for a witness to be subpoenaed to appear within 100 miles of his or her residence to testify by videoconference, even if the witness is also within 100 miles of the courthouse.

Of course, under Rule 43(a), the Court could exercise its discretion to refuse (for various reasons, including fairness to the party that would be cross-examining the witness) to allow a witness to testify by videoconference. But that seems only to make Plaintiffs' broad construction worse. It would mean that a subpoena drafted (so as to comply with the 100-mile rule) with videoconference testimony specifically in mind is enforceable precisely because the testimony would be provided by videoconference. But on the other hand, a subpoena enforceable precisely and solely because it contemplates videoconference testimony would, perversely, generally be subject to quashing under Rule 43(a) precisely and solely because it contemplates videoconference testimony (*i.e.*, subject to quashing unless the court finds "good cause" to allow the proposed videoconference testimony in the particular circumstances at hand).

In short, although it is arguably (but *only* arguably) on balance good policy to have a rule allowing witnesses to appear within 100 miles of their residence to testify by videoconference, the Court believes that such a rule should be prescribed (if at all) only by a clear statement in the

Federal Rules of Civil Procedure, and not by a problematic judicial construction of the current provisions of Rule 45(c)(1) as they are considered in conjunction with Rule 43(a).

For the reasons set forth above, Plaintiff's Motion (Doc. No. 158) is **DENIED**, both insofar as it seeks to *allow Plaintiff to call* Dr. Wandel to testify by videoconference and insofar as it seeks to *have this Court commit to enforcing a subpoena requiring* Dr. Wandel to testify, from a location within 100 miles of his residence, by videoconference.

IT IS SO ORDERED.

                                                 *Eli Richardson*
                                                 ELI RICHARDSON
                                                 UNITED STATES DISTRICT JUDGE