# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:17-cv-00400 |
| ) | Judge Eli J. Richardson |
| VANDERBILT UNIVERSITY MEDICAL ) | Magistrate Barbara D. Holmes |
| CENTER AND VANDERBILT ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

## MOTION IN LIMINE TO EXCLUDE TEXT MESSAGES

Defendants Vanderbilt University Medical Center ("VUMC") and Vanderbilt University ("VU") hereby move this Court for an Order precluding Plaintiff from submitting certain text messages as evidence at the trial of this matter. As an initial matter, the text messages themselves are inadmissible as they have not been authenticated. In addition, the exhibits themselves contain written legal arguments and notations. Even if this Court were to allow Plaintiff to submit the text messages as exhibits, the written legal arguments should be redacted.[1]

## FACTUAL BACKGROUND

In February of 2016, Plaintiff was dismissed from VUMC's residency program due to a continued pattern of concerns, including poor judgment, inadequate medical knowledge, poor clinical skills, and unprofessional behavior. [Dkt. 72]. Plaintiff's remaining claims assert that his

---

[1] The parties in this matter entered into a Confidentiality Stipulation and Agreed Protective Order that was signed by the Court on January 24, 2019 [Docket Entry #62]. The terms of the Order would cover protected health information discussed in any of the referenced text messages. Thus, even if the text messages were admitted into evidence, the protected health information would need to be redacted.

dismissal violated the Americans with Disabilities Act, and certain state law claims, including tortious interference with contract and defamation.

In Response to Defendants' Motion for Summary Judgment, Plaintiff submitted several pages of alleged text messages that were allegedly exchanged between Plaintiff and other members of his Residency program. [Dkt. 80-9, Exhibit I to Plaintiff's Response Brief]. In Plaintiff's Response Brief, he argues that these text messages reveal that other residents allegedly committed similar infractions but were not disciplined. In order to make this argument, Plaintiff adds typed annotations to the side of the text messages. Without these annotations, the relevance and meaning of the text messages is largely unclear.

For example, for one text message exchange, Plaintiff explains, "[t]he diagnosis of posterior tenting is a serious condition indicating immediate vision loss that requires emergent evaluation to identify potential reversible cause to prevent further vision loss. Overlooking this diagnosis in a new patient poses serious harm and irreversible vision loss to the patient." [Dkt. 80-9].

The text messages have not been authenticated and are not admissible evidence. In addition, even if this Court permits Plaintiff to introduce the exhibits at trial, the type-written annotations should be excluded on the basis that they contain hearsay, expert testimony submitted through a lay person, and would confuse the jury.

## LEGAL ARGUMENT

### A. The Text Messages Have Not Been Authenticated

Recognizing the indirect nature of text messaging, the law allows for text messages to be used as evidence if properly authenticated. Authentication as a condition precedent to admissibility is governed by Federal Rule of Evidence 901(a) and "is satisfied by evidence sufficient to support

2

a finding that the matter in question is what the proponent claims." *United States v. Jones*, 107 F.3d 1147, 1150 (6th Cir. 1997). "Determination whether evidence is authentic is governed by Rule 104(b) of the Federal Rules of Evidence." *United States v. Kilpatrick*, No. 10–20403, 2012 WL 3236727, at *3 (E.D. Mich. Aug. 7, 2012). First, the party seeking to introduce an exhibit must establish "a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *Forward Magazine, Inc. v. OverDrive, Inc.,* No. 1:10–cv–1144, 2011 WL 5169384, *3 (W.D. Mich. Oct. 31, 2011) (quoting *United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992)). This Court's pretrial ruling on the authenticity of the text messages will streamline the presentation of evidence at trial and avoid unnecessary delays for the jury. *See U.S. v. Kilpatrick*, 2012 WL 3236727 (E.D. Mich. 2012) (granting motion in limine to make pretrial determination regarding authenticity of text messages)

Here, there is absolutely no evidence in the record from which a reasonable jury could establish that the text messages are authentic. The text messages were produced in such a manner that the sender and recipient are not always listed, the dates/times when the text messages were sent are frequently not listed, and the text messages themselves appear to be incomplete or not produced in their entirety. As such, the text messages should be excluded.

### B. Plaintiff's Written Annotations Should Be Redacted

If this Court allows Plaintiff to introduce the text messages as evidence at trial, Plaintiff's written annotations to the text messages should be redacted on the basis that the annotations contain hearsay and speculation, the annotations present expert testimony through a lay person, and the annotations would have the effect of prejudicially confusing the jury.

Many of Plaintiff's written annotations contain hearsay or are speculations that are not based on his personal knowledge of what occurred. For example, on page 6 of 9 of Exhibit I,

3

Plaintiff speculates that the text exchange between Dr. Thompson and Dr. Moreno shows that a "time lapse likely caused the patients' eye damage," even though Plaintiff does not have personal knowledge of the patient's care, and is only speculating as to what caused the diagnosis. Evidence that is not based on personal knowledge and is grounded in hearsay, opinion, and speculation is inadmissible under Fed. R. Evid. 602, 701, and 802. *See, e.g., U.S. v. Meda*, 812 F.3d 502, 516 (6th Cir. 2015) (affirming district court's decision to exclude hearsay testimony). *Stryker Corp. v. Ridgeway*, 2016 WL 6585007, at *3 (W.D. Mich. 2016) (granting motion in limine to the extent testimony "is based not on her personal knowledge, but instead on hearsay not falling within one of the authorized exceptions, the testimony will be inadmissible at trial.").

The Court should exclude the annotations to the text messages on the additional grounds that they contain expert testimony. Under Federal Rule of Evidence 701, a lay witness may provide opinion testimony only when such opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact issue, and (c) not based on scientific, technical, or other specialized knowledge…" Fed. R. Evid. 701 (emphasis added). Courts routinely exclude lay testimony regarding medical conditions because such testimony requires specialized medical knowledge. *See Easley v. Haywood*, 1:08-cv-601, 2015 WL 1927698, at *2 (S.D. Oh. Apr. 28, 2015); *Mahaney v. Novartis Pharmaceuticals Corp.*, 835 F.Supp.2d 299, 304 (W.D. Ky. 2011). Here, Plaintiff's annotations are rife with statements that are clearly based on medical knowledge. For example:

- "Dr. Thompson's care of a patient, who was force ducted for extraocular movement when he missed them having a hyphema, which is a contradiction for this procedure because it can cause patient harm."

- "This condiction is a contradiction for performing the procedure of forced ductions of exocular muscles due to it increasing risk for patient harm and vision loss."

- "Dr. Thompson overlooking of posterior tenting on his patient's posterior globe upon imaging review, creating danger to the patient and irreversible vision loss."

[Dkt. 80-1]. As a lay witness, Plaintiff cannot offer this type of opinion testimony which is clearly based on medical opinion.

### C. The Text Messages Should Be Excluded Based On Lack Of Relevancy And Lack of Probative Value.

Finally, the annotations should be excluded from evidence on the basis that they lack relevance, and any potential relevance is substantially outweighed by the likelihood of confusing the issues. Federal Rule of Evidence 401 provides that relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In tandem with Rule 401, Rule 402 mandates the preclusion of evidence which is not relevant. Fed. R. Evid. 402. The trial court possesses broad discretion over the admission or exclusion of evidence. *See Burks v. O'Connor Kenny Partners, Inc.*, 77 Fed. Appx. 351, 356 (6th Cir. 2003).

Likewise, Federal Rule of Evidence 403 provides that the Court has the power to exclude evidence, even if relevant under Rule 401, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the probative value of Plaintiff's annotations is substantially outweighed by the danger that the jury will be confused by the meaning of the annotations. Essentially, Plaintiff has included legal argument written on his exhibits. The jury could view these annotations as facts, rather than legal arguments, which would result in unfair prejudice to Defendant.

5

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff be precluded from presenting the text messages included in Exhibit I to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [Dkt. 8-1] and any other text messages provided to Defendants or this Court in support of his claims.

Respectfully submitted,

*/s/ Luther Wright, Jr.*
Luther Wright, Jr., TN #17626
Casey M. Parker, TN #033081
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Edward R. Moor, Esq.
Moor Law Office, P.C.
53 West Jackson Boulevard, Suite 1527
Chicago, IL 60604
erm@moorlaw.net

Seamus T. Kelly, Esq.
David J. Goldman, Esq.
Music City Law, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37203
seamus@musiccityfirm.com
david@musiccityfirm.com

**s/Luther Wright, Jr.**
Luther Wright, Jr.

48248896.1

7

Case 3:17-cv-00400   Document 164   Filed 08/20/21   Page 7 of 7 PageID #: 1970