IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VANDERBILT UNIVERSITY MEDICAL ) <br> CENTER AND VANDERBILT ) <br> UNIVERSITY, ) <br> ) <br> Defendants. ) | Civil Action No. 3:17-cv-00400 <br> Judge Eli J. Richardson <br> Magistrate Barbara D. Holmes |

## MOTION IN LIMINE TO EXCLUDE AUDIO RECORDINGS

Defendants Vanderbilt University Medical Center ("VUMC") and Vanderbilt University ("VU") hereby move this Court for an Order precluding Plaintiff from submitting certain audio recordings as evidence at the trial of this matter. This evidence includes hearsay, double-hearsay, and is irrelevant to this facts at issue in this case.

## FACTUAL BACKGROUND

In February of 2016, Plaintiff was dismissed from VUMC's residency program due to a continued pattern of concerns, including poor judgment, inadequate medical knowledge, poor clinical skills, and unprofessional behavior. [Dkt. 72]. Plaintiff's remaining claims in this action assert that his dismissal violated the Americans with Disabilities Act, and certain state law claims, including tortious interference with contract and defamation.

In discovery and in Response to Defendants' Motion for Summary Judgment, Plaintiff produced three audio recordings – 1) an alleged audio recording of Plaintiff's conversation with New York Medical Center's (NYMC) Residency Program Director, Dr. Thaddeus Wandel (the "Wandel Recording"); 2) an alleged audio recording of Plaintiff's conversation with NYMC's

Senior Associate Dean of Graduate Medical Education, Dr. Frederick Bierman (the "Bierman Audio Recording"); and 3) a recording excerpt of an alleged conversation Plaintiff had with Dr. Laura Wayman, VUMC's Ophthalmology Residency Program Director (the "Wayman Audio Recording"). Plaintiff asserts that the Wandel Audio Recording is proof that Vanderbilt's communications with Dr. Wandel caused Plaintiff to lose a position with NYMC. [Dkt. 81]. Plaintiff claims the Wayman Recording proves that he made a request for a reasonable accommodation to VUMC. [Id.] Plaintiff has not offered the Bierman Audio Recording for any purpose, but did produce it in discovery.

The audio recordings are not admissible evidence and this Court should not permit Plaintiff to present them as exhibits in the trial of this matter.

## LEGAL ARGUMENT

"Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D. Ohio 2004) (*citing Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997)). Moreover, testimony that is not based on personal knowledge and is grounded in hearsay, opinion, and speculation is inadmissible under Fed. R. Evid. 602, 701, and 802. *See, e.g., U.S. v. Meda*, 812 F.3d 502, 516 (6th Cir. 2015) (affirming district court's decision to exclude hearsay testimony). Thus, courts will grant motions *in limine* to exclude hearsay and speculation evidence where it is clear that a party intends to rely on such evidence at trial. *See, e.g., Rachells v. Cingular Wireless Employee Services, LLC,* 2016 WL 3179750, at *3 (N.D. Oh. 2016) (granting defendant's motion in limine to exclude potential testimony as speculative and inadmissible hearsay); *Stryker Corp. v. Ridgeway*, 2016 WL 6585007, at *3 (W.D. Mich. 2016) (granting motion *in limine* to the extent

2

testimony "is based not on her personal knowledge, but instead on hearsay not falling within one of the authorized exceptions, the testimony will be inadmissible at trial."). The Court should exclude the Wandel and Wayman audio recordings on the basis that they contain hearsay, double hearsay, and are irrelevant to the facts at issue in this case.

First, it is clear from listening to the entirety of the Wandel Audio Recording that Dr. Wandel never spoke with anyone from VUMC. Moreover, Dr. Wandel's references to the contents of or impact of the alleged conversation between Dr. Brady and Dr. Bierman is purely speculative as Dr. Wandel clearly states during the recording that Dr. Bierman "did not elaborate" on this alleged conversation and states his belief that the Summative Evaluation and "I guess what his conversation was with Brady" impacted Dr. Bierman's decision. *See* Wandel Audio Recording at 1:24 and 30:50. (emphasis added). Thus, Dr. Wandel's statements are not based on personal knowledge and are clearly hearsay to the extent that he is discussing a purported conversation in which he was not a participant and cannot confirm actually happened. *See Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 495 (6th Cir. 2002); *Penny v. United Parcel Serv.*, 128 F.3d 408, 415 (6th Cir. 1997). With these facts, Plaintiff cannot establish any exception to render this hearsay admissible. *See* Fed. R. Evid. 801, 803, 804. Accordingly, Plaintiff cannot use such hearsay in this litigation. This argument is made even stronger by the fact that Dr. Wandel will likely not be testifying at trial [*See* Docket No. 163] and was never deposed in this matter. Notably, Plaintiff had the opportunity to depose Dr. Bierman (or anyone else) to obtain admissible testimony or evidence, but inexplicably chose not to do so. Plaintiff's failure to depose Dr. Bierman should not be rewarded by allowing an audio recording about an alleged conversation that Dr. Bierman had to be admitted into evidence.

Similarly, the Bierman Audio Recording should be excluded on the same or similar grounds. This recording does not fall within any recognized exception as it is simply a recording of a conversation that Plaintiff asserts he had with Dr. Bierman. As Dr. Bierman is not a party or representative of a party in this action, his out of court statements are clearly not admissible. Additionally, the Bierman Audio Recording bears no relevancy to the issues in this matter, particularly to the extent that it does not reference any communications that impact any of the issues in this matter.

Likewise, the Wayman Audio Recording should be excluded on the basis that it lacks relevancy to this case, and would lead to confusion of the issues. The Wayman Audio Recording is not a complete recording, and is largely difficult to decipher. Indeed, Plaintiff provided an "unofficial transcript prepared by a legal assistant in the office of Plaintiff's counsel" which is riddled with "questions marks that denote uncertainty in the transcription." [Exhibit R, Dkt. 80]. Federal Rule of Evidence 401 provides that relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In tandem with Rule 401, Rule 402 mandates the preclusion of evidence which is not relevant. Fed. R. Evid. 402. The trial court possesses broad discretion over the admission or exclusion of evidence. *See Burks v. O'Connor Kenny Partners, Inc.*, 77 Fed. Appx. 351, 356 (6th Cir. 2003). Here, given even Plaintiff's difficulty in deciphering the content of the Wayman Recording, its contents cannot be said to be relevant to the facts of the case.

Additionally, Federal Rule of Evidence 403 provides that the Court has the power to exclude evidence, even if relevant under Rule 401, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by

4

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Wayman Recording – an indecipherable and incomplete alleged recording of a conversation between Plaintiff and Dr. Wayman – should be excluded on the basis that any limited probative value it has is substantially outweighed by the danger that it could confuse the jury.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be precluded from presenting the Bierman Audio Recording, Wandel Recording or the Wayman Recording at trial.

Respectfully submitted,

*/s/ Luther Wright, Jr.*
Luther Wright, Jr., TN #17626
Casey M. Parker, TN #033081
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendants

## CERTIFICATE OF SERVICE

Edward R. Moor, Esq.
Moor Law Office, P.C.
53 West Jackson Boulevard, Suite 1527
Chicago, IL 60604
erm@moorlaw.net

Seamus T. Kelly, Esq.
David J. Goldman, Esq.
Music City Law, PLLC
209 10th Avenue South, Suite 560

Nashville, TN 37203
seamus@musiccityfirm.com
david@musiccityfirm.com

**s/Luther Wright, Jr.**
Luther Wright, Jr.

48248907.1