**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

GOBIND SINGH, M.D., PH.D.,  )
             )  Civil Action No. 3:17-cv-00400
     Plaintiff,  )
             )  The Honorable Eli Richardson
  v.          )
             )  Magistrate Judge Barbara D. Holmes
VANDERBILT UNIVERSITY MEDICAL )
CENTER, and VANDERBILT   )
UNIVERSITY,       )
             )
     Defendants.  )

## PROPOSED JOINT JURY INSTRUCTIONS

Plaintiff, GOBIND SINGH, by counsel, Edward R. Moor of Moor Law Office, P.C., and

Luther Wright Jr., Ogletree, Deakins, Nask, Smoak & Stewart, P.C., tender the following for the

parties initial set of Proposed Joint Jury Instructions.

# **WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


Joint Instruction No. 1.
_X_____ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.06

## **NOTE-TAKING**

  Any notes you have taken during this trial are only aids to your memory. The notes are not evidence.  If you have not taken notes,  you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Instruction No. 2.
__X___ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.07

## CONSIDER OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Joint Instruction No. 3.
___X___ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.08

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. An inference you make must be reasonable and must be based on the evidence in the case.

Joint Instruction No. 4.
__X___ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.11

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should decide how much weight to give to any evidence in the case, including the circumstantial evidence.

Joint Instruction No. 5.
__X___ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.12

## PRIOR INCONSISTENT STATEMENT OR ACT

You may consider statements given by a party under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering prior inconsistent statements, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Joint Instruction No. 6.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.14 (modified as to gender)

## <u>LAWYER INTERVIEWING WITNESS</u>

It is proper for a lawyer to meet with any witness in preparation for trial.


Joint Instruction No. 7.
\_\_X\_\_ Agreed
\_\_\_\_\_ Given
\_\_\_\_\_ Not Given
\_\_\_\_\_ Withdrawn
7th Cir. Civil Inst. 1.16

## **NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.


Joint Instruction No. 8.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.17

## **ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Joint Instruction No. 9.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.18

## **DEMONSTRATIVE EXHIBITS**

Certain demonstrative exhibits have been shown to you. Those timelines are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Joint Instruction No. 10.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.24

## **BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Joint Instruction No. 11.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 1.27

## DEFINITION OF DISABILITY

Under the ADA, the term "disability" means a physical impairment that "substantially limits" the ability of an employee to work as asked. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

### (a) Physical Impairment

The term "physical impairment" means any condition that prevents the body from functioning normally.

### (b) Substantially Limiting

Under the ADA, an impairment substantially limits a person's ability to work if it significantly restricts him from performing a class of jobs, or a broad range of jobs in various classes, compared to someone with similar knowledge, skills, and training. Being unable to do a particular job, however, is not by itself a substantial limitation on the ability to work.

### (c) Definition of "Record Of"

Under the ADA, a person has "a record of a disability" if he has a record of a physical or mental impairment that substantially limits a person's ability to perform one or more major life activities. This includes someone who has had a substantially limiting impairment but is now recovered. It also includes someone whose substantially limiting impairment is currently in remission or is controlled by medication.

Joint Instruction No. 12.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 4.04 (Based on Eleventh Cir. Pattern Jury Instructions (Civil) § 1.5.1).

## DEFINITION OF "QUALIFIED"

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without breaks during long shifts, less time on overnight call, not working 36 hour shifts, and wearing extra layers of clothes under his scrubs.[1]  You should only consider Plaintiff's abilities at the time when he was denied an accommodation.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

In addition to specific job requirements, an employer may have general requirements for all employees. For example, the employer may expect employees to refrain from abusive or threatening conduct toward others, or may require a regular level of attendance.


Joint Instruction No. 13.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 4.05 (Based on Eleventh Cir. Pattern Jury Instructions (Civil) § 1.5.1 and 1.5.2).

---

[1] Defendants ask to replace the words "breaks during long shifts, less time on overnight  call, not working 36 hour shifts, and wearing extra layers of clothes under his scrubs" with "a reasonable accommodation" which Plaintiff opposes because the Pattern Instruction calls for a description and because this is the only place in the instructions where the accommodation sought is described.

## ELEMENTS OF PLAINTIFF'S CLAIM-
## REASONABLE ACCOMMODATION CASES

In this case, Plaintiff claims that the Defendants violated the ADA in several ways.

Plaintiff first claims that Defendants unlawfully refused to give him a "reasonable accommodation." To succeed, Plaintiff must prove five things by a preponderance of the evidence:

1.      Plaintiff had a disability;

2.      Plaintiff was qualified to perform the job and could have performed the essential functions of his position with a reasonable accommodation;

3.      Plaintiff requested a reasonable accommodation;

4.      Defendants were aware of Plaintiff's disability at the time of Plaintiff's request;

5.      Defendants failed to provide Plaintiff with a reasonable accommodation.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages. If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendants.

Joint Instruction No. 14.
__X _ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 4.03 (Based on 9th Cir. Pattern Instructions §§ 15.2 and Eleventh Cir. Pattern Jury Instructions (Civil) § 1.5.2)(modified).

## ADA COMPENSATORY DAMAGES

On any of the ADA claims, you may award compensatory damages only for injuries that Plaintiff has proven by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages for the ADA claims, you should consider the following types of compensatory damages, and no others:

The past lost income Plaintiff would have earned as a resident in the Defendants' ophthalmology residency from the time that the discrimination started until the date he would have completed the residency, or June 30, 2017, including any raises he would have received;[2]

The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

Joint Instruction No. 15.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
7th Cir. Civil Inst. 3.10 (modified per *Grant v. Metro. Gov't of Nashville, Davidson County, Tennessee*, 3:04-0630, 2007 WL 4146807, at *3 (M.D. Tenn. Nov. 19, 2007; *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228 (6th Cir. 1996)), *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 767 (W.D. Tenn. 2009), aff'd, 414 Fed. Appx. 764 (6th Cir. 2011).

---

[2] Note to the Defendant and Court: if Defendant does not argue failure to mitigate as to backpay, Plaintiff is willing to change this paragraph of the instruction to read as: "The backpay, or lost income, as a resident in the Defendants' ophthalmology residency from the time that the discrimination started until November 1, 2016, including any raises he would have received"

## ADA – PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that the conduct of Defendants' managerial employees was in reckless disregard of Plaintiff's federally protected rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that Defendants' managerial employees acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated and/or retaliated against. You should not, however, award Plaintiff punitive damages if Defendants prove that they made a good faith effort to accommodate Plaintiff.

The law does not allow the assessment of punitive damages for the failure to promote or later firing of the Plaintiff. You may only award punitive damages on the ADA count if you find that the Defendants failed to accommodate the Plaintiff and/or failed to engaged in the interactive process and the Plaintiff showed that the Defendants were their discrimination may have violated federal law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Joint Instruction No. 16.
__X__ Agreed (Defendants say if issue bifurcated)
_____ Given

_____ Not Given

_____ Withdrawn

7th Cir. Civil Inst. 3.13 (modified); *Denoewer v. Union County Indus.*, 2:17-CV-660, 2020 WL 1244194, at *12 (S.D. Ohio Mar. 16, 2020) and *E.E.O.C. v. Faurecia Exhaust Sys., Inc.*, 601 F. Supp. 2d 971, 974 (N.D. Ohio 2008), *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 767 (W.D. Tenn. 2009), aff'd, 414 Fed. Appx. 764 (6th Cir. 2011).

## <u>ELEMENTS OF ORDINARY DEFAMATION</u>

To recover damages for defamation, the plaintiff must prove the following:

1.      That the defendant communicated a statement that referred to the plaintiff; and

2.      That the statement was made to persons other than the plaintiff by writing; and

3.      That the statement was defamatory; and

4.      That the statement was read or heard by persons other than the plaintiff, namely the New York Medical College/Westchester Medical Center, who understood its defamatory meaning and that it referred to the plaintiff; and

5.      That the defendant was negligent or acted recklessly in failing to determine if the statement was true before communicating it, or that the defendant knew the statement was false before communicating it; and

6.      That the plaintiff was injured by the communication of the statement; and

7.      That the statement referring to the plaintiff was false.

Joint Instruction No. 17.
_____ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
T.P.I.-Civil 7.02 (2021 ed.)

## MEANING OF PRESENT CASH VALUE

I have used the expression "present cash value" in these instructions concerning damages for future losses that may be awarded to the plaintiff.

In determining the damages arising in the future, you must determine the present cash value of those damages. That is, you must adjust the award of those damages to allow for the reasonable earning power of money and the impact of inflation.

"Present cash value" means the sum of money needed now which, when added to what that sum may reasonably be expected to earn in the future when invested, would equal the amount of damages, expenses, or earnings at the time in the future when the damages from the injury will be suffered, or the expenses must be paid, or the earnings would have been received. You should also consider the impact of inflation, its impact on wages, and its impact on purchasing power in determining the present cash value of future damages.

Joint Instruction No. 18.
_____ Agreed
_____ Given
_____ Not Given
_____ Withdrawn
T.P.I.-Civil 14.54 (2021 ed.)

## **BURDEN OF PROOF FOR TORTIOUS INTERFERENCE**

As to the tortious interference with business relations claims, the Plaintiff has the burden of proving each of the following propositions:

First, that Plaintiff had an expected or prospective business relationship with the New York Medical College/Westchester Medical Center ophthalmology residency program;

Second, that the Defendants were aware of that relationship;

Third, that the Defendants intended to cause the termination of that relationship;

Fourth, that the Defendants predominate purpose was to injure the Plaintiff;

Fifth, that the Plaintiff suffered damaged as a result.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for Plaintiff on this claim. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven, then your verdict should be for Defendants on this claim.

Joint Instruction No. 19.
__X__ Agreed
_____ Given
_____ Not Given
_____ Withdrawn

Illinois Pattern Instruction (Civil)  21.02 (Burden instruction) and *Am. Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820, 847 (M.D. Tenn. 2021); *Pearson Educ., Inc. v. C&N Logistics, Inc.*, 3:18-CV-00438, 2018 WL 6528128, at *7 (M.D. Tenn. Dec. 12, 2018); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691 (Tenn. 2002).

Respectfully submitted,

*/s/ Edward R. Moor*
Edward R. Moor, *admitted pro hac vice*
Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net
Illinois Attorney #: 6205169


Seamus T. Kelly, TN # 032202
David J. Goldman, TN # 035151
Music City Law, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37203


## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I electronically filed this Document with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users, including:


Luther Wright Jr.
Ogletree, Deakins, Nask, Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, Tennessee 37219
luther.wright@ogletree.com


/s/ Edward R. Moor