# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| GOBIND SINGH, M.D., PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-00400 |
| | ) | Judge Eli J. Richardson |
| VANDERBILT UNIVERSITY MEDICAL | ) | Magistrate Barbara D. Holmes |
| CENTER AND VANDERBILT | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Defendants submit the following proposed instructions to be given to the jury, reserving the right to submit requests for additional or modified instructions in accordance with the proof at trial. These jury instructions contain the instructions that are in dispute between the parties. In addition, Defendant requests leave to submit revised or additional instructions that conform with any rulings of law the Court may render during the course of these proceedings.

Respectfully submitted,

*/s/ Luther Wright, Jr.*
Luther Wright, Jr.,
Anne McKnight
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Edward R. Moor, Esq.
Moor Law Office, P.C.
53 West Jackson Boulevard, Suite 1527
Chicago, IL 60604
erm@moorlaw.net

Seamus T. Kelly, Esq.
David J. Goldman, Esq.
Music City Law, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37203
seamus@musiccityfirm.com
david@musiccityfirm.com

**s/Luther Wright, Jr.**
Luther Wright, Jr.

**DEFENDANTS' JURY INSTRUCTION NO. 1**

**CREDIBILITY OF WITNESSES**

You are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case. You must decide which witnesses you believe and how important you think their testimony is. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience. There is no fixed set of rules to use in deciding whether you believe a witness, but it may help you to think about the following questions:

1.  Was the witness able to see, hear, or be aware of the things about which the witness testified?

2.  How well was the witness able to recall and describe those things?

3.  How long was the witness watching or listening?

4.  Was the witness distracted in any way?

5.  Did the witness have a good memory?

6.  How did the witness look and act while testifying?

7.  Was the witness making an honest effort to tell the truth, or did the witness evade questions?

8.  Did the witness have any interest in the outcome of the case?

9.  Did the witness have any motive, bias or prejudice that would influence the witness' testimony?

10. How reasonable was the witness' testimony when you consider all of the evidence in the case?

11.     Was the witness' testimony contradicted by what that witness has said or done at another time, by the testimony of other witnesses, or by other evidence?

12.     Has there been evidence regarding the witness' intelligence, respectability, or reputation for truthfulness?

13.     Has the witness' testimony been influenced by any promises, threats, or suggestions?

14.     Did the witness admit that any part of the witness' testimony was not true?

**Authority:** 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 2.20 (2016 ed.).

## DEFENDANTS' JURY INSTRUCTION NO. 2

## IMPEACHMENT OF WITNESSES

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely under oath about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 105.04 (5th ed.).

## DEFENDANTS' JURY INSTRUCTION NO. 3

### BURDEN OF PROOF

A person who begins a lawsuit is called a plaintiff. A plaintiff always seeks some kind of relief against the other party, called the defendant. In this case, the Plaintiff, Gobind Singh, seeks to recover money damages from the Defendants, Vanderbilt University Medical Center and Vanderbilt University.

In order to be entitled to the relief he seeks, Plaintiff is required to prove his case by the required weight of evidence known as the burden of proof. This broad, general burden continues upon Plaintiff, and he must maintain it in order to be entitled to a verdict.

Plaintiff has the burden of proving each of the required elements of his claims in order to recover a verdict. If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally as probable that one side is correct as it is that the other side is correct – then you must find for Defendants, and against Plaintiff.

**Authority:** 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 104.01 (5th ed.).

6

## DEFENDANTS' JURY INSTRUCTION NO. 4

## THE PARTIES ARE EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Entities like Defendants are entitled to the same fair trial at your hands as a private individual. All persons, including individuals and corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

I also instruct you that sympathy or hostility must not enter into your deliberation as jurors no matter what your sympathy or hostility may lead you to think. Neither sympathy nor hostility has any place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all.

**Authority:** *See* 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §103.12 (6th ed.); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §103.01 (6th ed.).

**DISCRIMINATORY DISCHARGE UNDER THE ADA – ELEMENTS OF CLAIM**

To prove a claim for discriminatory discharge in violation of the ADA, Plaintiff must first prove, by a preponderance of the evidence, that:

(1) During the relevant time frame of his employment with Defendants, Plaintiff had a disability.

(2) He was qualified to perform all the essential functions of his job;

(3) Defendants terminated his employment;

(4) Individuals outside Plaintiff's protected class were treated more favorably than he was treated; and

(5) Defendants terminated his employment solely because of his disability.

If you find that Plaintiff has failed to prove all five of these elements by a preponderance of the evidence, your verdict on Plaintiff's discharge claim must be in favor of Defendants.

If you find that Plaintiff has proved any one of these five elements by a preponderance of the evidence, then Defendants must articulate a legitimate, non-discriminatory explanation for its decision to dismiss Plaintiff from the Residency Program. An employee's inability to perform the essential functions of his job is a legitimate, non-discriminatory reason for terminating his employment. Defendants' burden in this regard is simply to produce, or articulate, a legitimate, non-discriminatory reason – the burden of persuasion, at all times, remains with the Plaintiff.

If Defendants articulate a nondiscriminatory reason for dismissing Plaintiff from the Residency Program you must find in favor of Defendants on Plaintiff's discharge claim, unless Plaintiff proves that Defendants' proffered reason for the termination is a mere pretext for disability discrimination. In order to prove pretext, Plaintiff must prove both that Defendants'

8

proffered reason for the decision is false and that the adverse employment decision was actually motivated by disability discrimination.

At all times, the burden of persuasion is on Plaintiff to prove that Defendants dismissed him from the Residency Program solely because of disability discrimination.

**Authority:** *See* Federal Jury Instructions of the Seventh Circuit, §4.02 (2010); *Thompson v. Henderson*, 226 F. App'x 466, 479 (6th Cir. 2007); *Lindsay v. Yates*, 578 F.3d 407, 421 (6th Cir. 2009); Wright v. Murray Guard, Inc., 455 F.3d 702, 707 (6th Cir. 2006)

9

## DEFENDANTS' JURY INSTRUCTION NO. 6

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION - ELEMENTS OF CLAIM

To prove his claim that Defendants violated the ADA by failing to provide him with a reasonable accommodation of his alleged disability, Plaintiff must prove, by a preponderance of the evidence, that:

    (1)    He had a disability at the time he was employed by Defendants;

    (2)    He was otherwise qualified for the job in question;

    (3)    He requested that Defendants provide him with a reasonable accommodation of his disability; and

    (4)    Defendants failed to provide a reasonable accommodation.

If you find that Plaintiff has failed to prove all four of these elements by a preponderance of the evidence, your verdict on Plaintiff's discharge claim must be in favor of Defendants. If you find that Plaintiff did prove all four of these elements by a preponderance of the evidence, you must consider whether Plaintiff's requested accommodation would cause Defendants to suffer an undue burden.

**Authority:** *See* Federal Civil Jury Instructions of the Seventh Circuit §4.03 (2010); *Myers v. Cuyahoga Cty., Ohio*, 182 Fed. Appx. 510, 515 (6th Cir. 2006).

10

## DEFENDANTS' JURY INSTRUCTION NO. 7

## LEGITIMATE NON-DISCRIMINATORY REASON

Even if you conclude that Defendants violated the ADA when Plaintiff was dismissed from the Residency Program, then you must determine whether Defendants had a legitimate reason for ending Plaintiff's residency that was unrelated to his disability. Thus, even if you find that Defendants violated the ADA, you may find that its decision to dismiss Plaintiff was lawful based on his performance during his residency.

Here, if you find that Plaintiff was dismissed due to poor performance, you may find that Defendants' decision to dismiss Plaintiff was lawful and did not interfere with Plaintiff's ADA rights or constitute retaliation under the ADA.

**Authority:** *See Edgar v. JAC Products,* 43 F.3d 501, 508 (6th Cir. 2006); *Seeger v. Cincinnati Bell Telephone Co.*, *LLC*, 681 F.3d 274, 284 (6th Cir. 2012); *Allen v. Butler County Commissioners*, 331 Fed. Appx. 389, 394-96 (6th Cir. 2009).

11

**DEFENDANTS' JURY INSTRUCTION NO. 8**

**PRETEXT**

If Plaintiff can establish a cause of action for discrimination or retaliation, Plaintiff's claim may still fail if Defendants had a legitimate, non-discriminatory reason to terminate his employment. If Defendants have articulated a legitimate, nondiscriminatory reason for its decision to dismiss Plaintiff from the Residency Program, then Defendants are not liable for discrimination or retaliation unless Plaintiff proves, by a preponderance of the evidence, that Defendants' articulated reason for their decision was merely a pretext for discrimination/retaliation.

Here, Defendants contend that Plaintiff's continued poor performance is a legitimate, non-discriminatory reason for his dismissal. In order to prove pretext, Plaintiff must prove both that Defendants' proffered reason for the decision is false and that the adverse employment decision was actually motivated by Plaintiff's disability, or his report of disability discrimination.

**Authority:** *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012).

## DEFENDANTS' JURY INSTRUCTION NO. 9

## BUSINESS/ACADEMIC JUDGMENT

The ADA was not intended to be used as a vehicle for second-guessing employers' business decisions or academic decisions; nor was it intended to transform the courts into personnel managers or university professors. An employer is entitled to make its own policy, standards and business judgments and may therefore terminate an employee for reasons that the employer considers to be in its best interests. An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can terminate an employee for any reason that is not discriminatory. Additionally assessing a student's academic performance and making decisions about a student's advancement in an academic program must be left to the sound judgment of the individual academic institution. Therefore, you may not find that an adverse employment or academic decision is unlawful just because you may disagree with Defendants' stated reason for their actions or you believe that the decision was harsh or unreasonable.

**Authority:** *University of Pennsylvania v. EEOC*, 493 U.S. 182, 110 S. Ct. 577, 587 (1990); *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 255, 106 S. Ct. 507 (1985); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576 (1978); *Norbuta v. Loctite Corp.*, 1 Fed. Appx. 305, 314 (6th Cir. 2001); *Walker v. AT&T Technologies*, 995 F.2d 846, 849 (8th Cir. 1993).

13

**DEFENDANTS' JURY INSTRUCTION NO. 10**

**ELEMENTS OF ADA RETALIATION**

To establish a retaliation claim under the ADA, Plaintiff must show that: (1) he engaged in protected activity; (2) the exercise of his protected rights was known to Defendants; (3) Defendants thereafter took a materially adverse action against him; and (4) there was a causal connection between the protected activity and the materially adverse action.

**Authority:** *Dixon v. Gonzales*, 481 F.3d 324, 334 (6th Cir. 2007)

## DEFENDANTS' JURY INSTRUCTION NO. 11

## DEFINITION OF CAUSAL CONNECTION

To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendants would not have dismissed him had he not engaged in protected activity.

**Authority:** *See Abbott v. Crown Motor Co. Inc.*, 358 F.3d 537, 543 (6th Cir. 2003).

## DEFENDANTS' JURY INSTRUCTION NO. 12

## REASONABLE ACCOMMODATION

The ADA requires employers to make a "reasonable accommodation" for an employee with a disability. The term "reasonable accommodation" means making modifications to the workplace that allow an individual with a disability to perform the essential functions of the job.

The ADA does not require an employer to accommodate an individual with a disability by shifting an essential job function onto other employees or having other employees assist the individual with their job duties.

**Authority:** 29 C.F.R. pt. 1630, App. § 1630.2(o); *Meade v. AT&T Corp.*, --- Fed. Appx. ---, 2016 WL 4088734, *4 (6th Cir. 2016); *Wardia v. Justice and Public Safety Cabinet Dept. of Juv. Justice,* 509 Fed. Appx. 527, 531 (6th Cir. 2013); *Neview v. D.O.C. Optics Corp.*, 382 Fed. Appx. 451, 459 (6th Cir. 2010); *Bratten v. SSI Servs., Inc.,* 185 F.3d 625, 632 (6th Cir. 1999).

**DEFENDANTS' JURY INSTRUCTION NO. 13**

**GOOD FAITH EFFORTS AT REASONABLE ACCOMMODATION**

In this case, Defendants assert that they made good faith efforts to reasonably accommodate Plaintiff's medical restrictions. To prove this defense, Defendants have the burden of proving, by a preponderance of the evidence, that Defendants made a good faith effort, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity at the workplace or Defendants' efforts at a reasonable accommodation would cause Defendants to suffer an undue hardship.

**Authority:** *See* 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §172.60 (6th ed.).

**DEFENDANTS' JURY INSTRUCTION NO. 14**

**UNDUE HARDSHIP**

If you find that Plaintiff requested a reasonable accommodation, you must consider whether the accommodation would create an "undue hardship" on Defendants. An "undue hardship" is something too costly or so disruptive that it would change the nature of Defendants' business or how Defendants run their business operations.

Defendants must prove, by a preponderance of the evidence, that Plaintiff's proposed accommodation would be an undue hardship. In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. Defendants' overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that Defendants conduct their operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Defendants' other facilities; and the relationship between these facilities.

**Authority**: 42 U.S.C. § 12111(10)(B); *see* Federal Civil Jury Instructions of the Seventh Circuit §4.09 (2010).

18

## DEFENDANTS' JURY INSTRUCTION NO. 15

## ELEMENTS OF DEFAMATION

To establish a prima facie case of defamation, Plaintiff must establish that: 1) Defendants published a statement; 2) with knowledge that the statement is false and defaming to the Plaintiff; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.

**Authority:** *Sullivan v. Baptist Memorial Hosp.*, 995 S.W.2d 569, 571 (Tenn.1999).

19

## DEFENDANTS' JURY INSTRUCTION NO. 16

## SPECULATION AS EVIDENCE

Plaintiff cannot rely upon mere speculation to prove his claim that Defendants discriminated against him because of his alleged disability. Plaintiff's own perceptions about his ability to perform the essential functions of his job are irrelevant.

**Authority:** *Purdy v. U.S. Cellular Corp.,* 2007 WL 595509, at *5 (E.D. Tenn. 2007) *(citing Woythal v. Tex–Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997)).

## DEFENDANTS' JURY INSTRUCTION NO. 17

## <u>MITIGATION OF DAMAGES</u>

Plaintiff must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment and/or by applying for benefits for which he may be eligible. This is called mitigation of damages. If you determine that Plaintiff did not make reasonable efforts to obtain another similar job, or that he failed to apply for benefits that would have provided him with income after he was dismissed, you must decide whether any damages resulted from Plaintiff's unreasonable employment efforts, the removal of himself from the job market or his failure to apply for benefits. You must not compensate Plaintiff for any portion of his damages that resulted from his failure to make reasonable efforts to reduce his damages. However, if you determine that Plaintiff is entitled to damages, you must reduce these damages by what Plaintiff actually earned since his dismissal.

**Authority:** 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 128.50 (5th ed.) (as modified).

48398903.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOBIND SINGH, M.D., PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:17-cv-00400 |
| v. | ) | |
| | ) | Judge Richardson |
| VANDERBILT UNIVERSITY MEDICAL | ) | Magistrate Judge Holmes |
| CENTER AND VANDERBILT | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED VERDICT FORM

### ISSUE 1.     ADA REASONABLE ACCOMMODATION

**1.a.     Did Plaintiff prove that he was an individual with a disability during his time in the Residency Program with Defendants?**

**yes _____**                              **no _____**

*If you answered "yes," please proceed to question 1.b. If you answered "no," proceed to Question 3.a.*

**1.b.     Did Plaintiff prove that he requested reasonable accommodations for his disability during the Residency Program?**

**yes _____**                              **no _____**

*If you answered "yes," please proceed to question 1.c. If you answered "no," proceed to Question 2.a.*

**1.c.     Did Defendants prove that they made a good faith effort, in consultation with the Plaintiff, to identify and make reasonable accommodations that would provide Plaintiff with an equally effective opportunity in the Residency Program?**

**yes _____**                              **no _____**

*If you answered "yes," proceed to Question 2.a.  If you answered "no," please proceed to question 1.d.*

22

**1.d.     Did Defendants prove that the efforts at reasonable accommodation would have caused an undue hardship on the operation of the Defendants' business.**

yes _____                              no _____

*If you answered no to question 1.d. then assess damages for this claim and proceed to Question 2.a. If you answered yes, then do not assess damages below and proceed to Question 2.a.*

We assess the damages in the sum of $ _____, itemized as follows:

Compensatory damages                 $_____

Plaintiff's economic damages:          $_____

## ISSUE 2.  DISCHARGE AND NON-PROMOTION

*(Answer all these questions only if you answered yes to Question 1.a. above)*

**2.a. Did Plaintiff prove he was not promoted to the PGY-3 Residency Year because he was disabled?**

yes _____                              no _____

**2.b. Did Plaintiff prove that he was dismissed from the Residency Program solely by reason of this disability?**

yes _____                              no _____

**2.c. Did Plaintiff prove he was dismissed from the Residency Program in retaliation for requesting a reasonable accommodation or complaining about perceived discrimination related to his disability?**

yes _____                              no _____

*If you answered "no" to all three questions above, then do not assess damages below and proceed to Question 3. If you answered "yes" to any question above then proceed to question 2.d.*

**2.d.     Did Defendants prove that Plaintiff failed to properly mitigate his damages?**

yes _____                              no _____

23

*If you answered "no" to this question, then assess damages for this claim and proceed to Question 3. If you answered "yes", then do not assess damages and proceed to question 3.*

We assess the damages in the sum of $ _____, itemized as follows:

Plaintiff's backpay award:                $ _____
*(excluding any mitigation amounts)*

Compensatory damages:                 $_____

## ISSUE 3.        DEFAMATION

**3.      Did Plaintiff prove Defendants defamed him to the New York Medical Center?**

        **yes _____                        no _____**

*If you answered "yes", then assess damages for this claim and proceed to Question 4. If you answered "no", then do not assess damages below and proceed to Question 4.*

We assess the damages in the sum of $ _____, itemized as follows:

Plaintiff's economic damages:        $_____

Compensatory damages:                $_____

## ISSUE 4.        TORTIOUS INTERFERENCE

**4.      Did Plaintiff prove Defendants tortiously interfered with his relationship with the New York Medical Center?**

        **yes _____                        no _____**

*If you answered yes, then assess damages for this claim and proceed to Question 5. If you answered no, then do not assess damages below and proceed to Question 5 only if you have awarded damages on any of the claims above. If you have not awarded any damages for any claims, sign and date the verdict form and return it to the Court.*

We assess the damages in the sum of $ _____, itemized as follows:

Plaintiff's economic losses:          $_____

Plaintiff's non-economic losses:      $_____

24

## ISSUE 5.   PUNITIVE DAMAGES

**5.  Did Plaintiff prove that he should be awarded punitive damages based on any of the claims in this matter?**

        **yes** _____                **no** _____

*If you answered yes, an amount of punitive damages will be determined in a separate hearing.  If you answered no, sign the verdict form and return it to the Court.*

_____    _____

Foreperson                      Date