IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., | ) |
| Plaintiff, | ) ) ) |
| v. | Case No. 3:17-cv-00400 ) ) |
| VANDERBILT UNIVERSITY MEDICAL CENTER AND VANDERBILT UNIVERSITY, | Judge Richardson ) Magistrate Judge Holmes ) ) |
| Defendants. | ) ) |

**DEFENDANTS' DAMAGES BRIEF**

Pursuant to the Court's Order dated March 23, 2021 (Doc 149), Defendants submit this brief on damages recoverable in this action, should the Court reach that issue.

**INTRODUCTION**

Plaintiff brings three claims in this case: 1) three violations of the Americans with Disabilities Act ("ADA") for failure to accommodate, failure to engage in the interactive process, and retaliation; 2) defamation under Tennessee state law; and 3) tortious interference with prospective business relations claims under Tennessee state law. Plaintiff seeks the following types of damages related to his claims: 1) compensatory damages; 2) back pay; 3) front pay; 4) embarrassment and humiliation/reputational damages; 5) attorneys' fees; 6) punitive damages; and 7) any other damages authorized by statute and case law.

Because the parties stipulated to the dismissal of Plaintiff's claims for disparate treatment and retaliation under Title VII (Docket No. 75), Plaintiff is not entitled to damages for any of these claims. Defendants further contend that because Plaintiff failed to mitigate his damages by actively seeking enrollment in another Residency Program, he is also not entitled to any damages

associated with his discharge or failure to promote claims or damages related to his tort claims for defamation and tortious interference. Additionally, Defendants contend that Plaintiff released his claims for the communications with the New York Medical Center Program via his execution of a Release and Waiver of claims.

## II. Types of Recoverable Damages Available Generally

### A. ADA Claims

Successful plaintiffs under the ADA are entitled to the remedies commonly associated with employment discrimination actions, including backpay and frontpay. *See generally Grant v. Metro. Gov't of Nashville, Davidson County, Tennessee*, 2007 WL 4146807, at *3 (M.D. Tenn. Nov. 19, 2007). Under the ADA, compensatory damages may be awarded for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. 42 U.S.C.S. §1981a(b)(3). A plaintiff may also recover punitive damages if the defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Notably, the availability of punitive damages turns on the defendant's state of mind, not the nature of the defendant's egregious conduct. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535, 119 S.Ct. 2118, 2124, 144 L.Ed.2d 494 (1999). To recover punitive damages, the plaintiff must show that the "malfeasing agent served in a 'managerial capacity' and committed the wrong while 'acting in the scope of employment.'" *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 405 (5th Cir. 2000) (citing *Kolstad*, 527 U.S. at 541, 119 S.Ct. at 2127). Any award of punitive and/or compensatory damages under the ADA is subject to applicable statutory caps. 42 U.S.C. § 1981a(b)(3).

## B. *Defamation and Tortious Interference Claims Under Tennessee Law*

In Tennessee, defamation requires actual damages to be sustained and proved. *Memphis Publ'g Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn.1978). "The plaintiff must plead and prove injury from the alleged defamatory words, whether their defamatory meaning be obvious or not." Id.). The best articulation of the damages available for defamation comes for *McWhorter v. Barre*, 132 S.W. 3d 354 (Tenn. App. 2003):

> actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury. The failure to prove special damages or out-of-pocket losses is not necessarily determinative. The issue is whether the record contains any material evidence of impairment of reputation and standing in the community, personal humiliation, or mental anguish and suffering.

(quoting *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 164 (Tenn. App. 1997).

A defamation plaintiff must mitigate its damages, like any other victim of a tort. Indeed, the Supreme Court in *Gertz v. Robert Welch*, 418 U.S. 323 (1974) stated that "[t]he first remedy of any victim of defamation is self-help—using available opportunities to contradict the lie or correct the error and thereby to minimize its adverse impact on reputation." While mitigation can come in many forms, the bottom line is that a plaintiff must do whatever it reasonably can to protect its own reputation from the alleged damage caused by the offending statement.

Damages for tortious interference include the pecuniary loss of the benefits of the relation, consequential losses for which the interference is a legal cause, and emotional distress or actual harm to reputation reasonably expected to result from the interference. *See generally Dorsett Carpet Mills, Inc. v. Whitt Tile & Marble Distributing Co.*, 734 S.W.2d 322, 325 (Tenn. 1987)

3

Case 3:17-cv-00400   Document 191   Filed 08/30/21   Page 3 of 10 PageID #: 2201

(*quoting* Restatement (Second) of Torts § 774A (1979)). Punitive damages, if proven, are available under a clear and convincing standard.

### B. Plaintiff is not Entitled to Damages in this matter.

#### 1. Plaintiff failed to mitigate his damages.

An employment discrimination plaintiff suing for back pay or front pay has a duty to avoid or minimize damages by using "reasonable diligence" to obtain "substantially equivalent" employment. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996) (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982)); see also, *Smith v. JPMorgan Chase*, 2011 WL 841439, *11 (W.D. La. March 8, 2011) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983) (holding a plaintiff in an employment case must show that she attempted to mitigate her damages or face a reduction or forfeiture of the damage award.). "Substantially equivalent employment" would be a position providing the same promotional opportunities, compensation, job responsibilities, working conditions, and status. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 102 S. Ct. 3057, 3065 (1982).

Where a plaintiff expressly admits that he has done nothing to seek comparable employment, the mitigation inquiry ends there, and the employer need not demonstrate the availability of substantially equivalent jobs. See *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991) (superseded by statute on other grounds) (where "an employer proves that the employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment"); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999) (same); *Martin v. Mecklenburg County*, 151 Fed. Appx. 275, 282-83 (4th Cir. 2005) (same); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2nd Cir. 1998)

4

(same). Moreover, "[a] plaintiff may not simply abandon his job search and continue to recover back pay." *Rasimas*, 714 F.2d at 624.

Faced with facts that display far more effort than Plaintiff testified to exerting in this matter, courts have routinely held that plaintiffs have not demonstrated "reasonable diligence" within the meaning of the mitigation inquiry. *See e.g., Voyles v. Louisville Trans. Co.*, 136 F. App'x 836, 837 (6th Cir. 2005) (holding that going on "a couple of interviews" in a ten-month period is not reasonable); *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 67 (1st Cir. 2005) (finding insufficient mitigation where plaintiff applied for "a few" jobs after her termination and thus affirming district court's denial of front pay award); *Fleming v. County of Kane, State of Ill.*, 898 F.2d 553, 561 (7th Cir. 1990) (plaintiff failed to exercise reasonable diligence in looking for a new job when plaintiff contacted two head hunters during the first two years he was unemployed then stopped looking for a new job); *Sellers v. Delgado College*, 902 F.2d 1189, 1195 (5th Cir. 1990) (plaintiff failed to use reasonable diligence to look for a new job when she only sent out one resume per month and had only a "minimal response" to "the large number of advertisements for substantially equivalent jobs that appeared during this time"). The law is also clear that Defendants are not obligated to finance a plaintiff's career change. *See generally*, *Ford v. Nicks*, 866 F.2d 865, 875 (6th Cir. 1989) (holding where a plaintiff chooses to leave the relevant labor market altogether by abandoning her former line of work and embarking on a new career, she has failed to mitigate and may lose her right to back pay damages because she is "not free to impose the costs of that decision on her former employer"); *Johnson v. Memphis Police Dep't*, 713 F. Supp. 244, 249 (W.D. Tenn. 1989) (plaintiff not entitled to back pay during time period wherein he "voluntarily took himself off of the type of employment for which he was trained and undertook to learn and develop a different means of livelihood which the defendant should not be required to

5

finance"). The facts demonstrate that Plaintiff has failed to mitigate his damages, and is therefore not entitled to back pay or front pay damages as a matter of law. Any amounts earned, however, must be deducted from any backpay award.

### 2. Plaintiff is not entitled to Front Pay

"Front pay" is an equitable form of relief that is not appropriate in all cases and a successful plaintiff is not automatically entitled to such an award simply because reinstatement is not possible. *Roush v. KFC Nat'l. Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993). Furthermore, a court is required to make a finding based on the evidence in the record that an award of front pay is appropriate. *Id.*; *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1160 (6th Cir. 1985); *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1235 (6th Cir. 1996). Before awarding front pay, a court must consider, from evidence in the record, the following factors: 1) the employee's duty to mitigate damages; 2) the employee's future in the position from which he or she was terminated; 3) the appropriate duration of the award based on availability of alternative job opportunities; 4) the employee's work and life expectancy; 5) the proper discount tables to apply to reduce the award to present value; and 6) "other factors that are pertinent" to prospective damage awards. *Roush*, 10 F.3d at 399-400 (citing *Shore*, 777 F.2d at 1160); *Suggs*, 72 F.3d at 1234-35. Plaintiff has failed to assert any basis for a front pay award in this action.

### 3. Plaintiff is not entitled to Compensatory Damages

As noted above, compensatory damages may be awarded for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. 42 U.S.C.S. §1981a(b)(3). Plaintiff has not demonstrated a basis for compensatory damages related to any claims in this matter

6

### 4. Plaintiff is not entitled to Punitive Damages

Defendants contend that punitive damages are not available in this action under either theory as there is no evidence that Defendants acted with malice. As this Court is aware, a plaintiff is not entitled to punitive damages as a matter of right. *See generally Kolstad v. American Dental Association,* 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). Punitive damages may be awarded only where a defendant has acted willfully and maliciously, for the purpose of causing injury to the plaintiff, or with reckless indifference to the rights of the plaintiff. *Id.* Plaintiff cannot produce and has not produced evidence sufficient to justify an award of punitive damages in this case. There was nothing reprehensible about the decision to dismiss Plaintiff from the Residency Program and nothing reprehensible about its communications with the New York Medical Center.

### 5. Request for Bifurcation

The Court should bifurcate any proceedings on liability and damages. A court may order bifurcation of issues in furtherance of convenience, to avoid prejudice, or when separate proceedings will be conducive to judicial economy. *See* Fed. R. Civ. P. 42(b). Courts routinely bifurcate the liability and damages portions of employment law cases, so as to prevent prejudice and to allow the jurors to focus on each issue separately. *See Kadinger v. Wayne Chemical, Inc.,* 1995 WL 316788, *1 (6th Cir. May 24, 1995) (noting in an age discrimination appeal that the district court had bifurcated the liability and damages phases of trial); *Sackett v. ITC Deltacom, Inc.,* 374 F.Supp.2d 602, 618 (E.D. Tenn. 2005) (bifurcating discrimination trial into phase on liability and damages and having second phase on punitive damages). Indeed, the Sixth Circuit has specifically approved of a trial court's decision to bifurcate an employment case into liability and damages phases, holding that, "The district court has broad discretion to bifurcate the liability and damages phases of a trial," and observing that "This court has held that separation of the issues

7

of liability and damages may be an appropriate exercise of discretion under Rule 42(b). *Gafford v. General Elec. Co.,* 997 F.2d 150, 171 -72 (6th Cir. 1993).

Pursuant to Fed. R. Civ. P. 42(b), Defendants respectfully requests that this Court bifurcate the trial into two proceedings: (1) a first proceeding on liability, general damages and whether punitive damages should be awarded, and (2) a second proceeding on punitive damages if punitive damages are found to be appropriate by the jury. Bifurcation in this regard would prevent juror confusion concerning the issues to be determined, thus preventing prejudice to the parties. Bifurcation would also serve to promote convenience and judicial economy, as it would allow the parties to focus on liability and put on evidence related to damages only if made necessary by the jury's ruling on liability.

### III. Conclusion

Even if somehow successful on the merits of his claim, Plaintiff's proof of damages fails. Plaintiff did not meet his duty to mitigate his damages. He applied for *one residency* in time since his dismissal from Defendants' Residency Program. Further, there is no evidence of lost wages, no evidence of compensatory damages, and no evidence to support a punitive damages award.

Respectfully submitted,

/s/ Luther Wright, Jr.
Luther Wright, Jr., TN #017626
Anne McKnight, TN #026476
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Edward R. Moor, Esq.
Moor Law Office, P.C.
53 West Jackson Boulevard, Suite 1527
Chicago, IL 60604
erm@moorlaw.net

Seamus T. Kelly, Esq.
David J. Goldman, Esq.
Music City Law, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37203
seamus@musiccityfirm.com
david@musiccityfirm.com

/s/ Luther Wright, Jr.

48384135.1