IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., PH.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17-cv-00400 |
| v. | ) |
| | ) Judge Eli Richardson |
| VANDERBILT UNIVERSITY MEDICAL | ) Magistrate Judge Barbara D. Holmes |
| CENTER AND VANDERBILT | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO EDWARD MOOR'S MOTION TO WITHDRAW**

Pursuant to this Court's Order of December 27, 2021 [Docket Entry No. 202], Defendants are providing this Response to Edward Moor's Motion to Withdraw. Defendants believe that Attorney Moor's Motion to Withdraw should be granted based on the facts presented to the Court. Defendants assert that Attorney Moor's Motion to Withdraw is evidence of a recurring theme in this case that this Court has addressed on at least two prior occasions—a breakdown in communication between Plaintiff and his attorneys. For the reasons discussed more fully below, Defendants contend that Plaintiff's actions, in addition to the Motion to Withdraw being granted, should also result in this matter being dismissed for either failure to prosecute or in order for this Court to protect the due and orderly administration of justice— *particularly if* Plaintiff fails to respond to the Court's December 28, 2021 Show Cause Order [Docket Entry No. 201].

Alternatively, Defendants contend that after Attorney Moor's withdrawal, Plaintiff should be required to proceed *pro se* in this matter—as Magistrate Holmes indicated when Justin

Gilbert was allowed to withdraw from this matter. While Defendants are prepared to proceed with the Court date on **February 1, 2022**, Defendants assert that although the uncertainty associated with the timing of the current Motion has already prejudiced its case resolution and trial preparation efforts, they are prepared to proceed with trial as scheduled. Accordingly, Defendants contend that the trial date should be confirmed as soon as possible.[1]

## I. OVERVIEW OF THE RELEVANT FACTS

As previously noted by Defendants in prior pleadings, Plaintiff has been represented by or consulted with at least **12 different attorneys** during his dispute with the Defendants in this matter. *See* Docket Entry No. 137 at p. 3. Attorney Moor's Motion to Withdraw is the ***third*** such motion by either Plaintiff or one of his attorneys of record in this matter due to communication issues. *See* Docket Entry Nos. 30-31, 110, 122, 127, 200. It also bears noting, in the related litigation of ***Gobind Singh, M.D., Ph.D. v. Justin S. Gilbert, et al,*** Case No. 3:21-cv-00444 (Middle District of Tennessee), wherein Plaintiff is suing his immediate prior counsel in this matter for malpractice during this litigation, Plaintiff's original counsel in that case (Gary Blackburn) also filed a Motion to Withdraw related to a breakdown in communication.[2] (*See* ***Singh v. Gilbert, et al***, 3:21-cv-00444, Docket Entry No. 20, 20-1.) Withdrawals by prior attorneys in this litigation have been directly responsible for two of the prior continuances of the trial date in this matter—*October 23, 2018* [Docket Entry No. 50] and *August 25, 2020* [Docket Entry No. 112].

---

[1] Defendants note that any continuance *should not be* based on Plaintiff's *pro se* status.

[2] Attorney Gary Blackburn was purposely circumspect in his Declaration due to privilege concerns, but Defendants contend that "[d]ifferences have arisen between Dr. Singh and me regarding the proper handling of this case" and "I might be compelled to submit pleadings that are not genuinely the product of my professional views and advice" are indicative of communication breakdowns between Plaintiff and his counsel.

Plaintiff has blamed the other withdrawals and breakdowns in communications with his prior attorneys on negligence and/or malpractice on the part of those attorneys. However, in this instance, Plaintiff *himself* is alleged to be the source of the communication issue. Attorney Moor's Motion references multiple attempts by him to communicate with Plaintiff since October 29, 2021. Further, Attorney Moor gave informal and formal notice of the Motion to Withdraw (a procedure that Plaintiff should be familiar with having gone through it *three other times* while this litigation has been pending) on December 13-14, 2021. Attorney Moor even reached out to Plaintiff's father. Despite these efforts, Plaintiff had *still not communicated* with his counsel as of the date of the Motion being filed. Notably, however, there have been ***14 filings*** by Plaintiff's counsel in the ***Singh v. Gilbert*** matter since October 29, 2021, several of which appear to be substantive pleadings that should have required Plaintiff's approval, review and/or input. (*See* ***Singh v. Gilbert, et al***, 3:21-cv-00444, Docket Entry Nos. 36-59.)

## II.     ARGUMENT

### A.     Plaintiff's Case Should Be Dismissed Pursuant to Rule 41 of Federal Rules of Civil Procedure and/or the Court's Inherent Power to Dismiss Cases.

Defendants contend that this litigation should be dismissed due to Plaintiff's conduct recently revealed by Attorney Moor's Motion to Withdraw, as well as the history of delay in this litigation over the past nearly five years. This Court may involuntarily dismiss a party's claims before it based on its "inherent power to 'protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court....'" ***Bowles v. City of Cleveland***, 129 Fed.Appx. 239, 241 (6th Cir.2005) (unpublished) (citing ***Cooke v. United States***, 267 U.S. 517, 539, 45 S.Ct. 390, 69 L.Ed. 767 (1925)). Additionally, "[u]nder the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute." ***Little v. Yeutter****,* 984 F.2d 160, 162 (6th Cir. 1993). A court's decision to dismiss an

action for failure to prosecute is discretionary. *Id.* As the Sixth Circuit has noted, "There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits." *Id.* (citations omitted). Dismissal for failure to prosecute is appropriate when "there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Id.*

Courts consider the following four factors to determine whether dismissal for failure to prosecute is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. ***Schafer v. City of Defiance Police Dep't***, 529 F.3d 731, 736 (6th Cir. 2008) (quoting ***Knoll v. AT&T***, 176 F.3d 359, 363 (6th Cir. 1999)).

In the present matter, all four factors are easily satisfied. There is a clear record of delay and contumacious conduct by the Plaintiff, including multiple warnings from the Court about his future behavior. The Court's need to manage its docket, the interest in an expeditious resolution of this matter, and the harm caused to Defendants to date all demand the dismissal of this action. Through the date of this filing, Plaintiff has: (1) delayed in responding to written discovery requests because of alleged communication issues with his first set of attorneys that led to the first continuance in this matter [*see* Docket Entry Nos. 19, 22, 24, 35-36, 52]; (2) required counsel for Defendants to file a Motion to Dismiss/Motion for Summary Judgment twice,

4

Case 3:17-cv-00400   Document 203   Filed 01/05/22   Page 4 of 9 PageID #: 2413

[Docket Entry Nos. 27-29, 70-72]; (3) used mediation and confidential information disclosed therein to hire an expert and continue the trial date again [*see* Docket Entry Nos. 129, 130, 132, 141]; (4) resulted in three Motions to Withdraw regarding three different attorneys [Docket Entry Nos. 30-31, 110, 122, 127, 200]; and (5) required Defendants to bear the expense of preparing for trial multiple times and responding to motions designed to cause the Court to either reverse its ruling on discovery rulings, expert testimony and testimony of witnesses outside the Court's subpoena power [*see* Docket Entry Nos. 130-132, 135, 137, 141, 151, 155, 157, 158, 161]. In sum, Plaintiff has repeatedly hindered the timely progression of this litigation and caused the Defendants unnecessary and/or duplicative expense.

Perhaps even more significantly, Plaintiff's latest communication breakdown with his counsel cannot be excused or explained. As Attorney Moor has detailed in his Motion, he exhausted every possible way of contacting Plaintiff including: 1) e-mail; 2) phone; 3) contacting a parent; and 4) a "skip tracer." Despite these herculean efforts to contact Plaintiff by Attorney Moor, he has still not heard from Plaintiff since October 2021, including not hearing from him in the two weeks since Plaintiff first received notice of the Motion to Withdraw. Moreover, the filing of pleadings in the ***Singh v. Gilbert*** case during this same time-period, and no mention by Plaintiff's father of an incapacity, seem to rather conclusively establish that Plaintiff is not incapacitated or unable to communicate.

The only logical conclusion to be drawn from these facts is that Plaintiff, for whatever reason, has chosen not to communicate with his counsel. Plaintiff's lack of communication with his counsel has prevented the further discussion of a resolution of this matter as noted in Attorney Moor's Motion to Withdraw. Plaintiff's decision compels the granting of Attorney Moor's Motion to Withdraw as no counsel can be expected to represent a client who does not

5

Case 3:17-cv-00400   Document 203   Filed 01/05/22   Page 5 of 9 PageID #: 2414

communicate with him for months at a time. Additionally, Plaintiff's decision to not communicate and history of contumacious conduct that has delayed this litigation on several prior occasions also requires the dismissal of this matter pursuant to Rule 41(b) or pursuant to the Court's inherent power to dismiss this matter. Defendants note that courts have routinely dismissed cases based on circumstances similar to those here. *See, e.g.,* **Rogers v. City of Warren**, 302 F. App'x 371, 377 (6th Cir. 2008) (noting that plaintiff's failure to keep his counsel informed of his whereabouts and contact information demonstrates a reckless disregard for the effect that his conduct would have on the underlying case); **Garrison v. Int'l Paper Co**., 714 F.2d 757, 760 (8th Cir. 1983) (holding dismissal affirmed where trial was postponed after plaintiff's original counsel withdrew, trial was again postponed when plaintiff failed to retain new counsel until eve of reset trial date, and new counsel withdrew on eve of trial); **Burns v. PNC Bank, Nat'l Ass'n**, 2021 WL 4224732, *2 (S.D. Ohio Sept. 16, 2021) (dismissing the plaintiff's claims for failure to prosecute where months had passed since the plaintiff communicated with her attorney, attorney filed motion to withdraw, and plaintiff failed to respond to court orders); **Sims v. Charter One Bank**, 2011 WL 6934806, *3 (N.D. Ohio Dec. 30, 2011) (granting motion to withdraw and Rule 41(b) motion to dismiss where plaintiff failed to communicate with attorney or participate in proceedings for months). *See also* **Locascio v. Teletype Corp.**, 694 F.2d 497, 499 (7th Cir. 1982) (past conduct of the plaintiffs justified the court's mounting frustration and eventual dismissal of the case); **Cornett v. Dobson**, 338 F.R.D. 97 (E.D. Ky. 2021) (noting that willfulness, bad faith, or fault, for purpose of determining whether dismissal of action for failure to prosecute is warranted, can be inferred where party displays either intent to thwart judicial proceedings or reckless disregard for effect of his conduct on those proceedings). Accordingly, Attorney Moor's Motion to Withdraw should be granted and this matter should be dismissed.

### B. Alternatively, Plaintiff Should Be Required to Proceed *Pro Se* and the February 1, 2022 Trial Date Should Be confirmed as Soon as Possible.

The possibility of withdrawal by another attorney was addressed by Magistrate Holmes in her Order of August 20, 2020:

> Plaintiff is further cautioned that **this is the last time this case will be delayed to accommodate his intention to change attorneys, <u>regardless of the reason</u>**. While the court appreciates that some of the circumstances for changes in prior counsel may not have originated with Plaintiff, the delay—and resulting prejudice to Defendants—caused by Plaintiff's repeated attorney changes has now reached the point of undue delay. **To be clear, if Plaintiff wishes to again change attorneys for any reason, including even if there is another repeat of Plaintiff losing confidence in his legal counsel, Plaintiff will be expected to secure new counsel or proceed** *pro se* without any resulting delay in the trial schedule in this case.

[Docket Entry No. 127 at pp. 2-3] (emphasis added). Defendants cannot contemplate any scenario where any attorney could be expected to be ready for trial in less than 30 days in a matter that has been pending for nearly five years (since March 1, 2017). Accordingly, Defendants contend that if the **February 1, 2022** trial date in this matter goes forward, Plaintiff should be required to proceed *pro se*.

Given the timing of this Motion and the number of witnesses involved, Defendants also assert that the current trial date should be confirmed as soon as possible to avoid further prejudice to Defendants. As the Court record reflects, Defendants attempted to discuss a resolution of this matter with the Plaintiff well in advance of trial (October 29, 2021) and followed up with opposing counsel prior to the filing of the current Motion. Defendants and the Court now know that Plaintiff's counsel did not respond because Plaintiff was not communicating with his counsel. The lack of response to attempted resolution discussions and the current uncertainty related to Plaintiff's current status places Defendants in the unenviable position of expending time and resources to prepare for trial *yet again* without knowing if the trial date will go forward. For this reason, Defendants would request that the Court confirm that

the current trial date will go forward as soon as possible. In any event, Defendants contend that Plaintiff should be required to proceed as a *pro se* litigant in this matter going forward.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Edward Moor's Motion to Withdraw and dismiss Plaintiff's Complaint. If this matter is not dismissed, Defendants request that Plaintiff be required to proceed *pro se*. Defendants are prepared to proceed with the current trial date, but would request confirmation of the current trial date as soon as possible.

Submitted January 5, 2022.

                                                  Respectfully submitted,

                                                  /s/ Luther Wright, Jr.
Luther Wright, Jr., TN #017626
Anne McKnight, TN #026476
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615-254-1900
Facsimile:  615-254-1908

Attorneys for Defendants Vanderbilt University Medical Center and Vanderbilt University

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Edward R. Moor, Esq.
Moor Law Office, P.C.
53 West Jackson Boulevard, Suite 1527
Chicago, IL 60604
erm@moorlaw.net

Seamus T. Kelly, Esq.
David J. Goldman, Esq.
Music City Law, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37203
seamus@musiccityfirm.com
david@musiccityfirm.com

/s/ Luther Wright, Jr.

49815339.1