IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOBIND SINGH, M.D., Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:17-cv-00400 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| VANDERBILT UNIVERSITY MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On December 27, 2021, the Court ordered Plaintiff to show cause (Doc. No. 201) why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute. The Court entered the Order to Show Cause after receiving notice from Plaintiff's then-counsel (through that counsel's motion to withdraw (Doc. No. 200)) that Plaintiff had failed to respond to him on multiple occasions (Doc. No. 200). As a matter of record, Plaintiff has repeatedly had issues with failing to adequately communicate with his attorneys throughout this litigation. (*See* Doc. Nos. 30-31, 110, 122, 127, 200). Additionally, Defendant (in response to Plaintiff's counsel's motion to withdraw) asked the Court to dismiss this case for Plaintiff's failure to prosecute. (Doc. No. 203).

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Carter v. City of Memphis*,

1

636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal.").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). None of these factors by itself is outcome-dispositive. *Id.*

A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits[1] unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should apply only in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161 (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)).

As explained during the telephonic conference call held on January 18, 2022, the Court will require Plaintiff to proceed *pro se* in this matter. The Court finds that the sanction of requiring Plaintiff to proceed *pro se* is adequate in this case. Although there is a "clear record" that demonstrates Plaintiff's conduct has certainly toed the line of "contumacious conduct" that could potentially warrant dismissal under Rule 41(b), the Court will not deploy the "harsh sanction" of dismissal in this matter. *Carter*, 636 F.2d at 161. To put in another way, the final factor weighs strongly against dismissal because there is a readily available and consequential sanction that the

---

[1] In the context of Rule 41 (at least), a dismissal "on the merits" means a dismissal "with prejudice" and (not surprisingly) stands in contrast to a dismissal "without prejudice," which primarily means a dismissal "without barring the plaintiff from returning later, to the same court, with the same underlying claim." *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

2

Court has already implemented, *i.e.,* requiring Plaintiff to proceed without the benefit of counsel. Accordingly, this case will proceed to trial on March 22, 2022.

    IT IS SO ORDERED.

                                                                           *Eli Richardson*
                                                     ELI RICHARDSON
                                                     UNITED STATES DISTRICT JUDGE